UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SANDRA MORRISON-ALLEN,

                Plaintiff,

      - against -

JOHN MATTINGLY, Commissioner of ACS; DEIDRE REYNOLDS, Director Mercy Foster Care; JEANIE CAMBRIA, Mercy Foster Care; STEWART ALTMAN, Law Guardian for Child; ERIN GALVIN, ESQ.; RACHELLE SKUOL, ESQ. for Administration for Children Services; ANGELLA CAMPBELL, Caseworker for ACS; DR. DEBRA ERNERSIO-JENSSEN; ANDREA LOMAX, Caseworker; JOSEPH KASPER, ESQ.; IRA ERAS, ESQ.; JUDGE LINDA TALLY; SISTERS OF MERCY; MERCY FIRST FOSTER CARE BOARDING HOMES; JOHN DOE,

                Defendants.

Docket No. 10 CV 0667 (SF)(ARL)

Honorable Sandra J. Feuerstein

---

# MEMORANDUM OF LAW

Garbarini & Scher, P.C.
Attorneys for Defendant
*Erin Galvin, Esq.*
432 Park Avenue South
New York, New York 10016-8013
(212) 689-1113

Of Counsel: Gregg D. Weinstock, Esq.

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

AMENDED CIVIL RIGHTS COMPLAINT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      POINT I     LEGAL AID ATTORNEYS ARE NOT STATE ACTORS, DO NOT ACT UNDER "COLOR OF STATE LAW" AND, THEREFORE, CANNOT BE HELD LIABLE UNDER 42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . 3

      POINT II    THE AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR LEGAL MALPRACTICE AGAINST DEFENDANT GALVIN UNDER NEW YORK LAW . . . . . . . . . . . . . . . . . . . . . . . . . 5

      POINT III   PLAINTIFF'S PURPORTED CLAIM AGAINST DEFENDANT GALVIN FOR LEGAL MALPRACTICE MUST BE DISMISSED UPON THE STATUTE OF LIMITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      POINT IV   PLAINTIFF LACKS STANDING TO BRING THIS ACTION AGAINST DEFENDANT GALVIN, THE LAW GUARDIAN OF PLAINTIFF'S DAUGHTER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      POINT V    THE AMENDED COMPLAINT AGAINST DEFENDANT GALVIN MUST BE DISMISSED AS SHE IS ENTITLED TO QUASI-JUDICIAL IMMUNITY FOR ACTIONS WITHIN THE SCOPE OF HER DUTIES AS LAW GUARDIAN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# TABLE OF AUTHORITIES

Page

**Cases**

*Arena v. Department of Social Services of Nassau County*, 216 F.Supp.2d 146
(E.D.N.Y. 2002) .................................................................. 4, 5

*Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 2784-85; 73 L.Ed.2d 534 (1982) ..... 4

*Bluntt v. O'Connor*, 291 A.D.2d 106, 737 N.Y.S.2d 471 (4th Dep't 2002) .................. 7

*Bradt IV v. White*, 190 Misc.2d 526, 740 N.Y.S.2d 777 (Sup. Ct. Greene Co. 2002) ........ 7

*Daniel v. Safir*, 135 F.Supp.2d 367 (EDNY 2001) ....................................... 4

*Dwares v. City of New York*, 985 F.2d 94, 98 (2nd Cir. 1993) ........................... 4

*Elmasri v. England*, 111 F.Supp.2d 212 (E.D.N.Y. 2000) .............................. 4, 5

*Erbacci, Serone & Moriarty, Ltd. v. United States*, 939 F.Supp 1045 (S.D.N.Y. 1996) ....... 4

*Espie v. Murphy*, 35 A.D.3d 348, 825 N.Y.S.2d 272 (2d Dep't 2006) ..................... 6

*In the Matter of TM*, 19 Misc.3d 1113, 859 N.Y.S.2d 907 (N.Y. Fam. Ct. 2008) .......... 7

*Lefkowitz v. Lurie*, 253 A.D.2d 855, 678 N.Y.S.2d 345 (2nd Dep't 1998) ............... 5, 6

*Levine v. County of Westchester*, 828 F.Supp. 238 (S.D.N.Y. 1993) ..................... 5

*Lewittes v. Lobis*, 2004 WL 1854082 (SDNY 2004) ..................................... 7

*Lugar v. Edmondson Oil Company*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982) ... 4

*McDarby v. Dinkins*, 907 F.2d 1334 (2nd Cir. 1990) .................................... 4

*Melendez v. Bernstein*, 29 A.D.3d 872, 815 N.Y.S.2d 702 (2d Dep't 2006) ............... 6

*Owens v. Okure*, 488 U.S.2d 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) ............... 6

*Storck v. Suffolk County Department of Social Services*, 62 F.Supp.2d at 941 ............ 5

*Tabner v. Drake*, 9 A.D.3d 606, 780 N.Y.S.2d 85 (3rd Dep't 2004) ....................... 5

*United States v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America*, 941 F.2d 1292 (2nd Cir. 1991) ................................ 4

*Volpe v. Canfield*, 237 A.D.2d 282, 654 N.Y.S.2d 160 (2nd Dep't 1997) .................. 6

*Yapi v. Kondrayeva*, 30 Fed. Appx. 683 (2d Cir. 2009) ............................... 7

**Rules**

C.P.L.R. § 214(6) ................................................................ 6

F.R.C.P. 12(b)(6) .............................................................. 1, 8

**Statutes**

42 U.S.C. § 1983, *et seq.* ............................................. 1, 2, 3, 4, 5, 6

RICO 18 U.S.C. § 1961, *et seq.* ................................................ 1, 2

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of defendant ERIN GALVIN, ESQ. ("GALVIN"), a staff attorneys with The Legal Aid Society, in support of this motion pursuant to F.R.C.P. § 12(b)(6) dismissing the Complaint and Amended Complaint, with prejudice, based upon plaintiff's failure to state a cause of action against GALVIN on her claims pursuant to 42 U.S.C. § 1983, *et. seq.*, RICO 18 U.S.C. § 1961, *et seq.*, the federal constitution, and state law. This motion is made in lieu of an Answer.

As set forth herein, plaintiff *pro se* has brought this action against numerous defendants, alleging that on November 9, 2005, the Administration for Children's Services ("ACS") improperly placed plaintiff's children, Stephen Allen, Jr. and Tasha Timol into foster care, and that the children were maltreated by the ACS staff (some of whom are named as co-defendants) and the foster care agency, co-defendant MERCY FIRST FOSTER CARE BOARDING HOMES ("MERCY FIRST"). Plaintiff seeks injunctive relief in the form of immediate return of her child Stephen Allen, Jr. to her care and custody, as well as monetary damages.

Both Complaints make no specific allegations against GALVIN except to identify her as the Law Guardian for Tasha Timol. Initially, its civil rights claim against GALVIN must be dismissed because Legal Aid attorneys are not state actors and do not act under "color of state law." To the extent that plaintiff is claiming legal malpractice under state law, the Complaints do not allege an attorney-client relationship between plaintiff and GALVIN and, therefore, fails to state a cause of action. In any event, plaintiff's purported cause of action for legal malpractice is barred by the statute of limitations. Further, plaintiff lacks standing to bring this action because she is not in privity with GALVIN, Tasha Timol's Law Guardian. Finally, law guardians are entitled to absolute quasi-judicial immunity for acts within the scope of their employment.

## AMENDED CIVIL RIGHTS COMPLAINT

On or about February 17, 2010, plaintiff *pro se* commenced this action by the filing of an Amended Civil Rights Complaint (see Exhibit 1).[1] Page 1 of the Amended Complaint states that it is for "Money Damages, Injunctive and Declaratory Relief pursuant to Title 42 U.S.C. 1983 et seq. and Rico 18 USC 1961 et seq and state common law claims for Plaintiff having been deprived of a series of due process laws found in the Fifth and Fourteenth Amendment to the U.S. Constitution."

The Amended Complaint further states:

> My complaint is against the State of New York, the Governor of the state of New York for failure to properly supervise his underlings, the officials of the Administration of Child Protective Services, in their personal and administrative capacities, the foster care agency Mercy First, including all members of the organization from the administrative division to every member of the staff who interfered with my rights and who participated in damaging, defaming and libeling me as well all [sic] others listed as defendants in this complaint (pp. 1-2).

The Amended Complaint is somewhat confusing and inartfully drafted. However, it appears that plaintiff is alleging that in 2001, the ACS commenced proceedings in New York Family Court to terminate plaintiff's parental rights with respect to her son Stephen. Then, on November 9, 2005, Stephen and Tasha were seized into foster care and subject to maltreatment by the ACS staff and the foster care agency, MERCY FIRST.

---

[1] Plaintiff commenced a prior action arising from the same circumstances as the instant action entitled *Sandra Morrison-Allen, Stephen Allen, Sr. Rev. v. John Mattingly, Commissioner of ACS, et al.* (EDNY, 08-CV-02003). GALVIN was named as a defendant. By Memorandum and Order dated June 19, 2008, Judge Sandra J. Feuerstein dismissed plaintiff's individual claims, with prejudice, and the claims of her son Stephen Allen, Jr. without prejudice with the direction plaintiff amend the Complaint. Plaintiff then filed an Amended Complaint which did not name GALVIN as a defendant. By Order dated November 3, 2008, Judge Feuerstein granted plaintiff's request to withdraw the case without prejudice. Plaintiff then filed a Second Amended Complaint, which again failed to name GALVIN as a defendant. This Complaint was also withdrawn without prejudice.

Plaintiff's allegations are directed against the co-defendants. There are no specific allegations made against GALVIN other than to identify her as the Law Guardian for Tasha Timol, 153-01 Jamaica Avenue Legal Aid Society (see p. 8 of Amended Complaint).

The Amended Complaint attaches as Exhibit 2 the Affidavit of Tasha Timol (DOB: 8/18/1989), who alleges that GALVIN has not spoken to her by phone or in person and has not answered her letters. Tasha Timol further claims that when she was released from foster care in February 2006, GALVIN said, "She never knew why I was ever placed in foster care in the first place." The remainder of the Timol Affidavit pertains essentially to the physical and emotional abuse she and her brother allegedly sustained from the ACS and MERCY FIRST.

Page 9 of the Amended Complaint lists several non-parties, including "Tasha, Timol – Sister of Stephen Allen Jr. – former detainee of Mercy First Foster Boarding Home, witness and future litigant."

With respect to the relief sought, the Amended Complaint seeks a declaration that plaintiff's and her son's constitutional rights have been violated, monetary damages, and injunctive relief in the form of the immediate return of Stephen to the care and custody of plaintiff.

## LEGAL ARGUMENT

### POINT I

### LEGAL AID ATTORNEYS ARE NOT STATE ACTORS, DO NOT ACT UNDER "COLOR OF STATE LAW" AND, THEREFORE, CANNOT BE HELD LIABLE UNDER 42 U.S.C. § 1983

The Amended Complaint alleges that each defendant violated plaintiff's civil rights under the United States Constitution and, therefore, purports to asserts claims under 42 U.S.C. § 1983.

Section 1983 provides in pertinent part that "every person who, under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunity secured by the *Constitution* and laws, shall be liable to the party injured in an action at law . . . ."

To state a claim under § 1983, a plaintiff must allege that the challenged conduct was attributable, at least in part, to a person acting under color of state law. *Lugar v. Edmondson Oil Company*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *Elmasri v. England*, 111 F.Supp.2d 212 (E.D.N.Y. 2000); *Arena v. Department of Social Services of Nassau County*, 216 F.Supp.2d 146 (E.D.N.Y. 2002); *Dwares v. City of New York*, 985 F.2d 94, 98 (2nd Cir. 1993); *McDarby v. Dinkins*, 907 F.2d 1334 (2nd Cir. 1990).

A litigant who claims that his or her constitutional rights have been violated must first establish that the challenged conduct amounts to "state action." *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 2784-85; 73 L.Ed.2d 534 (1982); *United States v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America*, 941 F.2d 1292 (2nd Cir. 1991); *Daniel v. Safir*, 135 F.Supp.2d 367 (EDNY 2001); *Erbacci, Serone & Moriarty, Ltd. v. United States*, 939 F.Supp 1045 (S.D.N.Y. 1996). "To qualify as state action, the conduct in question 'must be caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state or by a person for whom the state is responsible,' and 'the party charged with the [conduct] must be a person who may fairly be said to be a state actor.'" *Erbacci, Serone & Moriarty, Ltd.*, 939 F.Supp. 1045, 1054 (quoting *Lugar v. Edmondson Oil Company*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2753-54 (1982)).

District courts in the Second Circuit have uniformly held that law guardians appointed by the Court are not state actors and cannot be held liable under § 1983. *Elmasri v. England*, 111 F.Supp.2d at 221 ("Additionally, as this Court has held, guardians *ad litem*, although appointed by the Court, exercise independent professional judgment in the interests of their clients they represent and are therefore not state actors for purposes of 1983"); *Arena v. Department of Social Services of Nassau County*, 216 F.Supp.2d at 154; *Storck v. Suffolk County Department of Social Services*, 62 F.Supp.2d at 941; *Levine v. County of Westchester*, 828 F.Supp. 238 (S.D.N.Y. 1993).

Based upon the foregoing, plaintiffs have failed to state a cause of action that defendant GALVIN is a state actor who, under color of law, violated plaintiffs' constitutional rights, and therefore, the Amended Complaint against her must be dismissed.

## POINT II

### THE AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR LEGAL MALPRACTICE AGAINST DEFENDANT GALVIN UNDER NEW YORK LAW

Reading the Amended Complaint broadly, to the extent that it purports to allege a state law claim of legal malpractice against GALVIN, it fails to allege any of the elements of this cause of action. Under New York Law, the elements of a legal malpractice claim include: (1) an attorney-client relationship; (2) a showing that the attorney failed to exercise that degree of care, skill and diligence commonly possessed and exercised by ordinary members of the legal community; (3) that such negligence was a proximate cause of actual damages sustained by the client; and (4) that but for the attorney's negligence, plaintiff would have been a success in the underlying action. *Tabner v. Drake*, 9 A.D.3d 606, 780 N.Y.S.2d 85 (3rd Dep't 2004); *Lefkowitz v. Lurie*, 253 A.D.2d 855, 678

N.Y.S.2d 345 (2nd Dep't 1998); *Volpe v. Canfield*, 237 A.D.2d 282, 654 N.Y.S.2d 160 (2nd Dep't 1997).

The Amended Complaint fails to allege any of the above four elements necessary for a legal malpractice claim. Most specifically, plaintiff fails to allege any attorney-client relationship between plaintiff and GALVIN. Accordingly, any claim for legal malpractice against GALVIN must be dismissed.

## POINT III

### PLAINTIFF'S PURPORTED CLAIM AGAINST DEFENDANT GALVIN FOR LEGAL MALPRACTICE MUST BE DISMISSED UPON THE STATUTE OF LIMITATIONS

In *Owens v. Okure*, 488 U.S.2d 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), the United States Supreme Court held that a § 1983 action in the state (i.e., New York) with more than one statute of limitations is governed by the residual or general personal injury statute of limitations. The New York statute of limitations for personal injury actions is three years. C.P.L.R. § 214(6). *Espie v. Murphy*, 35 A.D.3d 348, 825 N.Y.S.2d 272 (2d Dep't 2006); *Melendez v. Bernstein*, 29 A.D.3d 872, 815 N.Y.S.2d 702 (2d Dep't 2006).

As indicated in Point II, the Amended Complaint fails to state a cause of action for legal malpractice against defendant GALVIN. However, if the Court determines that such a claim has been adequately alleged, then the purported claim must be dismissed as time-barred. The Amended Complaint alleges that plaintiff's son Stephen was seized from her custody on November 9, 2005, approximately 4½ years prior to the commencement of this action. Accordingly, the action is barred by the applicable three-year statute of limitations.

POINT IV

**PLAINTIFF LACKS STANDING TO BRING THIS ACTION AGAINST DEFENDANT GALVIN, THE LAW GUARDIAN OF PLAINTIFF'S DAUGHTER**

In *Bluntt v. O'Connor*, 291 A.D.2d 106, 737 N.Y.S.2d 471 (4th Dep't 2002), the court held that a mother does not have standing to bring a legal malpractice action, either individually or on behalf of the child, against the child's law guardian, as the mother is not in privity with the law guardian. Similarly, in our case, plaintiff lacks standing to sue GALVIN, the Law Guardian of her daughter Tasha Timol, who, incidentally, is not a party to the action, and the Amended Complaint asserts no damages on her behalf.

POINT V

**THE AMENDED COMPLAINT AGAINST DEFENDANT GALVIN MUST BE DISMISSED AS SHE IS ENTITLED TO QUASI-JUDICIAL IMMUNITY FOR ACTIONS WITHIN THE SCOPE OF HER DUTIES AS LAW GUARDIAN**

It is well established that a law guardian appointed to represent the best interests of the child enjoys quasi-judicial immunity from parents' claims regarding conduct relating to the performance of their duties. *Yapi v. Kondrayeva*, 30 Fed. Appx. 683 (2d Cir. 2009); *Lewittes v. Lobis*, 2004 WL 1854082 (SDNY 2004); *Blunt v. O'Connor, supra*; *In the Matter of TM*, 19 Misc.3d 1113, 859 N.Y.S.2d 907 (N.Y. Fam. Ct. 2008); *Bradt IV v. White*, 190 Misc.2d 526, 740 N.Y.S.2d 777 (Sup. Ct. Greene Co. 2002).

Based upon the above-cited cases, any purported claims against defendant GALVIN regarding her duties as Law Guardian must be dismissed based upon quasi-judicial immunity.

## CONCLUSION

For the reasons set forth above, defendant ERIN GALVIN, ESQ.'s F.R.C.P. 12(b)(6) motion to dismiss should be granted in all respects.

Dated: New York, New York
       March 23, 2010

_____
GREGG D. WEINSTOCK (GW-8078)