UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SANDRA MORRISON-ALLEN,

                              Plaintiff,

                 - against -

JOHN MATTINGLY, Commissioner of ACS;
DIEDRE REYNOLDS, Director Mercy Foster Care;
JEANIE CAMBRIA, Mercy Foster Care; STEWART
ALTMAN, Law Guardian for Child; ERIN GALVIN,
ESQ.; RACHELLE SKUOL, ESQ. for Administration
for Children Services; ANGELLA CAMPBELL,
Caseworker for ACS; DR. DEBRA ERNERSIO-
JENSSEN; ANDREA LOMAX, Caseworker; JOSEPH
KASPER, ESQ.; IRA ERAS, ESQ.; JUDGE LINDA
TALLY; SISTERS OF MERCY; MERCY FIRST
FOSTER CARE BOARDING HOMES; JOHN DOE,

                              Defendants.

Docket No. 10 CV 0667
(SF)(ARL)

# REPLY MEMORANDUM OF LAW
# IN SUPPORT OF DEFENDANT ERIN GALVIN,
# ESQ.'S F.R.C.P. 12(b)(6) MOTION TO DISMISS

**Garbarini & Scher, P.C.**
**Attorneys for Defendant**
*Erin Galvin, Esq.*
**432 Park Avenue South**
**New York, New York 10016-8013**
**(212) 689-1113**

**Of Counsel: Gregg D. Weinstock, Esq.**

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................... 1

POINT I     PLEADING STANDARDS ......................................... 1

POINT II    THE AMENDED COMPLAINT LACKS ANY ALLEGATIONS
            THAT DEFENDANT GALVIN ACTED UNDER "COLOR OF
            STATE LAW," AND THEREFORE, GALVIN CANNOT BE
            HELD LIABLE UNDER 42 U.S.C. § 1983 .......................... 2

POINT III   THE AMENDED COMPLAINT FAILS TO STATE A CLAIM
            FOR LEGAL MALPRACTICE AGAINST DEFENDANT
            GALVIN UNDER NEW YORK LAW ............................. 2

POINT IV    PLAINTIFF'S PURPORTED CLAIM AGAINST DEFENDANT
            GALVIN FOR LEGAL MALPRACTICE MUST BE
            DISMISSED UPON THE STATUTE OF LIMITATIONS .............. 3

POINT V     PLAINTIFF LACKS STANDING TO BRING SUIT .................. 3

POINT VI    GALVIN, AS LAW GUARDIAN, IS ENTITLED TO QUASI-
            JUDICIAL IMMUNITY ......................................... 4

CONCLUSION ......................................................... 4

i

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Arena v. Department of Social Services of Nassau County*, 216 F.Supp.2d 146 (E.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Baicker-McKee, Federal Civil Rules Handbook* (2006), p. 355 . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Bluntt v. O'Connor*, 291 A.D.2d 106, 737 N.Y.S.2d 471 (4th Dep't 2002) . . . . . . . . . . . . . . . . 3

*C.K. Industries Corp.*, 213 A.D.2d 846, 623 N.Y.S.2d 410 (3d Dep't 1995) . . . . . . . . . . . . . . 2

*Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Educadores Puertorriquenos En Accion v. Hernandez*, 367 F.3d 61, 67-68 (1st Cir. 2004) . . . . . 1

*Elmasri v. England*, 111 F.Supp.2d 212 (E.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Houston v. Seward & Kissel*, 2008 US Dist. Lexis 23914 (SDNY 2008) . . . . . . . . . . . . . . . . . 2

*Levine v. County of Westchester*, 828 F.Supp. 238 (S.D.N.Y. 1993) . . . . . . . . . . . . . . . . . . . . . 2

*Owens v. Okure*, 488 U.S.2d 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) . . . . . . . . . . . . . . . 3

*Riddle v. Mondragon*, 83 F.3d 1197, 12012 (10th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Storck v. Suffolk County Department of Social Services*, 62 F.Supp.2d at 941 . . . . . . . . . . . . . . 2

*Taylor v. Books a Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . 1

*Viscardi v. Lerner*, 125 A.D.2d 662, 510 N.Y.S.2d 183 (2d Dep't 1986) . . . . . . . . . . . . . . . . . 2

**Rules**

F.R.C.P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

**Statutes**

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in reply to plaintiff's Memorandum of Law in opposition to defendant ERIN GALVIN, ESQ.'s ("GALVIN") motion to dismiss the Complaint and Amended Complaint pursuant to F.R.C.P. 12(b)(6).

## POINT I

### PLEADING STANDARDS

"Notwithstanding the general liberal approach to 12(b)6 motions, a litigant's pleading obligations in the federal courts are not 'toothless'; the pleader must allege facts, either directly or inferentially, that satisfy each element required for recovery under some actionable legal theory." *Houston v. Seward & Kissel*, 2008 US Dist. Lexis 23914 (SDNY 2008); *Educadores Puertorriquenos En Accion v. Hernandez*, 367 F.3d 61, 67-68 (1st Cir. 2004); *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir. 1996).

Moreover, *pro se* litigants are not relieved of their obligation to allege facts sufficient to support a cognizable legal claim. *Baicker-McKee, Federal Civil Rules Handbook* (2006), p. 355; *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 12012 (10th Cir. 1996).

Under these standards, plaintiff has failed to plead any cognizable causes of action against GALVIN.

## POINT II

## THE AMENDED COMPLAINT LACKS ANY ALLEGATIONS THAT DEFENDANT GALVIN ACTED UNDER "COLOR OF STATE LAW," AND THEREFORE, GALVIN CANNOT BE HELD LIABLE UNDER 42 U.S.C. § 1983

As demonstrated in the Memorandum of Law in support of this motion, the Amended Complaint makes no specific allegations against GALVIN other than to identify her as a Law Guardian for plaintiff's daughter, Tasha Timol. Therefore, contrary to the allegations of plaintiff, the only allegations in the Amended Complaint as against GALVIN must be attributable to her duties as a Law Guardian. It then follows that cases holding that law guardians appointed by the court are not state actors and cannot be held liable under § 1983 are applicable to this case. *See, Elmasri v. England*, 111 F.Supp.2d 212 (E.D.N.Y. 2000); *Arena v. Department of Social Services of Nassau County*, 216 F.Supp.2d 146 (E.D.N.Y. 2002); *Storck v. Suffolk County Department of Social Services*, 62 F.Supp.2d at 941; *Levine v. County of Westchester*, 828 F.Supp. 238 (S.D.N.Y. 1993).

## POINT III

## THE AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR LEGAL MALPRACTICE AGAINST DEFENDANT GALVIN UNDER NEW YORK LAW

As set forth in our Memorandum of Law, plaintiff has failed to allege the necessary elements for a legal malpractice action and, in particular, an attorney-client relationship between plaintiff and GALVIN. The cases cited by plaintiff hold that an attorney is not liable to third parties not in privity for harm caused by legal malpractice, absent fraud, collusion, malicious acts, or other special circumstances. *C.K. Industries Corp.*, 213 A.D.2d 846, 623 N.Y.S.2d 410 (3d Dep't 1995); *Viscardi v. Lerner*, 125 A.D.2d 662, 510 N.Y.S.2d 183 (2d Dep't 1986). Here, the Amended Complaint is

totally devoid of any allegations that GALVIN engaged in fraud, collusion, malicious acts, or other special circumstances required to plead a cause of action against GALVIN as an exception to the general rule.

## POINT IV

### PLAINTIFF'S PURPORTED CLAIM AGAINST DEFENDANT GALVIN FOR LEGAL MALPRACTICE MUST BE DISMISSED UPON THE STATUTE OF LIMITATIONS

The cases cited by plaintiff for the proposition that where proceedings are ongoing, a legal malpractice action may be tolled, are inapplicable to this case. As indicated in Point III, plaintiff has failed to state a cause of action of legal malpractice. Therefore, *Owens v. Okure*, 488 U.S.2d 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) is applicable to time bar plaintiff's § 1983 action.

## POINT V

### PLAINTIFF LACKS STANDING TO BRING SUIT

Contrary to the allegations of plaintiff, *Bluntt v. O'Connor*, 291 A.D.2d 106, 737 N.Y.S.2d 471 (4th Dep't 2002) is precisely on point in that it holds that a mother does not have standing to bring a legal malpractice action, either individually or on behalf of the child, against a child's law guardian, as the mother is not in privity with the law guardian. This is the precise circumstance alleged in the Amended Complaint.

## POINT VI

## GALVIN, AS LAW GUARDIAN, IS ENTITLED TO QUASI-JUDICIAL IMMUNITY

It appears from the Complaint that plaintiff's purported claim against GALVIN involves her duties as Law Guardian for plaintiff's daughter, Tasha Timol.  Even with a broad reading of the Amended Complaint, plaintiff fails to allege any conduct as against GALVIN showing she engaged in harassment or other criminal conduct, or any intentional torts.  Thus, the cases cited in our Memorandum of Law holding that law guardians are entitled to quasi-judicial immunity are applicable to this case.

## CONCLUSION

For the reasons set forth above, it is respectfully requested that this Court issue an Order granting defendant ERIN GALVIN, ESQ.'s 12(b)6 motion to dismiss.

Dated: New York, New York
       June 16, 2010

_____
GREGG D. WEINSTOCK (GW-8078)

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                            ) ss.:
COUNTY OF NEW YORK )

      MAUREEN GRIFFIN, being duly sworn, deposes and says, that the deponent is a resident of Copiague, New York, is not a party of the action, and is over 18 years of age.

      That on the 16th day of June, 2010, the undersigned served the within **REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ERIN GALVIN, ESQ.'S F.R.C.P. 12(b)(6) MOTION TO DISMISS** dated June 16, 2010 upon the attorneys named below by depositing a true copy of the same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York, and directed to the said attorneys at the address indicated below, such address being the address designated by said attorneys for that purpose.

      SANDRA MORRISON-ALLEN
      Plaintiff *Pro Se*
      371 First Place
      Uniondale, New York 11553

      CORPORATION COUNSEL
      Attorneys for Defendant *John Mattingly, Commissioner of ACS*
      New York City Law Department
      100 Church Street
      New York, New York 10007
      Attn: Steven Douglas Weber, Esq.

      CALLAN, KOSTER, BRADY & BRENNAN
      Attorneys for Defendants *Diedre Reynolds, Jeanie Cambria, Andrea Lomax, Sisters of Mercy, Mercy First Foster Care Boarding Homes, and Ira Eras, Esq.*
      One Whitehall Street, 10th Floor
      New York, New York 10004
      Attn: Louis E. Valvo, Esq.

      TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP
      Attorneys for Defendant *Stewart Altman, Esq., Law Guardian*
      Mid-Westchester Executive Park
      Seven Skyline Drive
      Hawthorne, New York 10532
      Attn: Lisa L. Shrewsberry, Esq.

KAUFMAN BORGEEST & RYAN LLP
Attorneys for Defendant *Debra Esernio-Jennsen, M.D. s/h/a Dr. Debra Ernersio-Jenssen*
120 Broadway
New York, New York 10271
Attn: Jonathan B. Bruno, Esq.

ANDREW M. CUOMO, ATTORNEY GENERAL
NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL
Attorneys for Defendants *David Paterson, Governor of the State of New York; Judge Linda Tally; and Judge Rhea Friedman*
200 Old Country Road, Suite 240
Mineola, New York 11501-4241
Attn:    Derrick J. Robinson, Esq.
            Assistant Attorney General

JOSEPH KASPER, ESQ.
Defendant *Pro Se*
94-09 101st Avenue
Ozone Park, New York 11416

[NO OTHER APPEARANCES]

_____
MAUREEN GRIFFIN

Sworn to before me this
17th day of June, 2010

_____
GAIL PORTI
Commissioner of Deeds
City of New York  No. 4-4221
Certificate Filed in Queens County
Commission Expires July 1, 20__