UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SANDRA MORRISON-ALLEN,

                       Plaintiff,                    Case No. CV-10-0667 (SJF)
                                                                              (ARL)

   -against-

JOHN MATTINGLY, COMMISSIONER OF ACS,
DEIDRE REYNOLDS, DIRECTOR OF MERCY FIRST
FOSTER CARE, JEANIE CAMBRIA MERCY FIRST
FOSTER CARE, STEWART ALTMAN, ESQ., LAW
GUARDIAN FOR CHILD, ERIN GALVIN, ESQ.,
RACHELLE SKUOL, ESQ. FOR ADMINISTRATION
FOR CHILDREN SERVICES, ANGELA CAMPBELL
CASEWORKER FOR ACS, DR. DEBRA ERNERSIO-
JENSSEN, ANDREA LOMAX CASWORKER, JOSEPH
KASPER, ESQ., IRA ERAS, ESQ., JUDGE LINDA
TALLY, SISTERS OF MERCY MERCY FIRST
FOSTERCARE BOARDING HOMES and JOHN DOE,

                       Defendants.

------------------------------------------------------------------X


## REPLY MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO DISMISS


Of Counsel:                    TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP
Lisa L. Shrewsberry        *Attorneys for Defendant Stewart Altman, Esq. Law Guardian*
                                Mid-Westchester Executive Park
                                Seven Skyline Drive
                                Hawthorne, New York 10532
                                (914) 347-2600

# TABLE OF CONTENTS

I.   TABLE OF AUTHORITIES .......................................... ii

II.  PRELIMINARY STATEMENT ........................................ 1

III. ARGUMENT ....................................................... 2

   THE CLAIM AGAINST MR. ALTMAN IS
   BARRED UNDER THE DOCTRINE OF QUASI-JUDICIAL IMMUNITY .... 2

IV.  CONCLUSION ..................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Appalachian Enterprise, Inc. v. ePayment Solutions Ltd.*,
   2004 U.S. Dist. LEXIS 24657 (S.D.N.Y. Dec. 7, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Bernstein v. New York*,
   2008 U.S. Dist. LEXIS 61269 *18 (S.D.N.Y. Aug. 8, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Bluntt v. O'Connor*,
   291 A.D.2d 106, 737 N.Y.S.2d 471 (4th Dep't 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Bradt v. White*,
   190 Misc.2d 526, 740 N.Y.S.2d 777 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re TM*,
   19 Misc.3d 1113A, 859 N.Y.S.2d 907 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Kittay v. Kornstein*,
   230 F.3d 531 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Lewittes v. Lobis*,
   2004 U.S. Dist. LEXIS 16320 (S.D.N.Y 2004),
   *aff'd* 164 Fed. Appx. 97 (2d Cir. 2005),
   *cert. denied* 127 S. Ct. 110, 549 U.S. 819 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Ricciuti v. New York City Transit Auth.*,
   941 F.2d 119 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Shuster v. Oppelman*,
   962 F. Supp. 394 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Statutes**

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## PRELIMINARY STATEMENT

This memorandum of law is submitted in reply to plaintiff's opposition to, and in further support of, the motion to dismiss the complaint and any cross-claims, pursuant to Fed. R. Civ. P. 12(b)(6), by defendant Stewart Altman, Esq. Law Guardian. Plaintiff's opposition to the motion to dismiss by Mr. Altman merely serves to confirm that her complaint is filled with little more than bald allegations and conclusory statements of law. As discussed herein, while plaintiff peppers her opposition with references to her complaint, those references merely serve to underscore the inadequacy of her complaint. As such, plaintiff's complaint as against Mr. Altman should be dismissed in its entirety.

## ARGUMENT

## THE CLAIM AGAINST MR. ALTMAN IS BARRED UNDER THE DOCTRINE OF QUASI-JUDICIAL IMMUNITY

Plaintiff's complaint is woefully inadequate and must be dismissed with prejudice, as against Mr. Altman. First, the complaint is based on unsupported legal and factual conclusions. Conclusory, vague, or general allegations are not sufficient to properly state a claim. *See Kittay v. Kornstein*, 230 F.3d 531 (2d Cir. 2000); *see also Bernstein v. New York*, 2008 U.S. Dist. LEXIS 61269 *18 (S.D.N.Y. Aug. 8, 2008) ("[B]ald assertions and conclusions of law will not suffice."); *Shuster v. Oppelman*, 962 F. Supp. 394, 395 (S.D.N.Y. 1997). The complaint must disclose sufficient information to permit the defendant "to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000), *quoting Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991).

As in the matter of *Appalachian Enterprise, Inc. v. ePayment Solutions Ltd.*, 2004 U.S. Dist. LEXIS 24657 (S.D.N.Y. Dec. 7, 2004), where a complaint was dismissed for generally referring to conduct of all seventeen named defendants without differentiating the conduct of particular defendants or describing how the parties were interrelated, so should plaintiff's claims be dismissed. Dismissal of plaintiff's claims is further warranted by virtue of the fact that they are utterly conclusory, and lack even a scintilla of any factual assertions. *See Kittay v. Kornstein*, 230 F.3d 531 (2d Cir. 2000).

It bears repeating that there are only very general allegations of wrongdoing against the defendants in the complaint, including defendant Stewart Altman, although Mr. Altman is identified

as the law guardian for the infant. The putative claim, therefore, is barred under the doctrine of quasi-judicial immunity.

While plaintiff concedes that a complaint should be dismissed if it is fatally flawed, she has not even attempted to address the quasi-judicial immunity applicable to Mr. Altman. Plaintiff makes vague assertions that she should be allowed to amend her complaint, yet offers no additional allegations that might be asserted therein. Even in opposition, plaintiff has chosen not to refute the holding of the similar case of *Lewittes v. Lobis*, 2004 U.S. Dist. LEXIS 16320 (S.D.N.Y 2004), *aff'd* 164 Fed. Appx. 97 (2d Cir. 2005), *cert. denied* 127 S. Ct. 110, 549 U.S. 819 (2006), wherein the court considered the same issue of whether a law guardian was immune from liability under the doctrine of quasi-judicial immunity. The court determined that such immunity did apply pursuant to well established New York state court precedent. In *Bluntt v. O'Connor*, 291 A.D.2d 106, 737 N.Y.S.2d 471 (4th Dep't 2002), the New York Appellate Division, Fourth Department, held that a mother lacked standing to bring a lawsuit on behalf of her child against a court appointed law guardian since she had her own adversarial interests in the action and had a motive to dispute the law guardian's opinion. In addition, *Bluntt* held that such mother lacked standing to bring the action individually since she was a third-party who was not in privity with the law guardian. The Court stated that the mother had not demonstrated a "relationship so close as to approach that of privity" as to allow her to maintain the action on her own behalf. 291 A.D.2d at 114-115.

The Court in *Bluntt* looked to decisions in other states and found that most courts that have considered suits by disgruntled parents against attorneys appointed by courts to protect children, have granted, on public policy grounds, absolute quasi-judicial immunity to the attorneys for actions taken within the scope of their appointments. 291 A.D.2d at 116. The Court explained that quasi-judicial

immunity is necessary because exposure of law guardians to liability under such circumstances would affect the willingness of qualified attorneys to accept such appointments. The Court stated that "from a public policy perspective, it is better to have a diligent, unbiased, and objective advocate to assist the court in determining and protecting the best interests of the child than it is to assure that the minor child may later recover damages in tort." 291 A.D.2d at 118.

Similarly, in *Bradt v. White*, 190 Misc.2d 526, 740 N.Y.S.2d 777 (2002), the Court held that a law guardian enjoys quasi-judicial immunity from civil liability in actions brought by a parent for conduct directly relating to the performance of the law guardian's duty to further the best interests of the child. The Court explained that a law guardian must be able to function free from the threat of harassment from retaliatory litigation brought by dissatisfied parents. 190 Misc. 2d at 534. The threat of civil liability for conduct directly relating to the performance of the law guardian's duties should not be available to inhibit the law guardian from necessary investigation and advocacy on behalf of the child. 190 Misc.2d at 531; *see also In re TM*, 19 Misc.3d 1113A, 859 N.Y.S.2d 907 (2008).

In the instant matter, although there are no specific allegations against Mr. Altman, it is fair and reasonable to assume that any claim is being brought against him in his capacity as a law guardian for the infant, as that is exactly how he is identified in the case caption and in the complaint. Accordingly, plaintiff's (putative) claim against Mr. Altman should be dismissed, as he enjoys quasi-judicial immunity for claims brought against him in his capacity as a law guardian. To the extent that plaintiff suggests, in opposition, that Mr. Altman is not immune from a claim for intentional tort, she has not alleged such a claim against Mr. Altman in any manner in which to state a cognizable cause of action.

In addition to the foregoing argument, we also respectfully urge the court to dismiss this action on the same grounds as the complaint was dismissed in this plaintiff's prior lawsuit against Mr. Altman, entitled *Sandra Morrison Allen, et ano. v. John Mattingly, et al.*, 08-cv-02003 (SJF)(LB), on the grounds of lack of standing and lack of subject matter jurisdiction.

## **CONCLUSION**

Based upon the foregoing, it is respectfully requested that the complaint be dismissed as against defendant Stewart Altman, Esq. Law Guardian, in its entirety and with prejudice, along with any cross claims, together with such other and further relief as the court deems just and proper.

Dated: Hawthorne, New York
       June 18, 2010

TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

By: _____
    Lisa L. Shrewsberry (LS 1597)
    Mid-Westchester Executive Park
    Seven Skyline Drive
    Hawthorne, New York 10532
    (914) 347-2600
    *Attorneys for Defendant Stewart Altman, Esq. Law Guardian*