UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SANDRA MORRISON-ALLEN,

                    Plaintiff,                Case No. CV-10-0667 (SJF) (ARL)

    -against-

JOHN MATTINGLY, COMMISSIONER OF ACS,
DEIDRE REYNOLDS, DIRECTOR OF MERCY FIRST
FOSTER CARE, JEANIE CAMBRIA MERCY FIRST
FOSTER CARE, STEWART ALTMAN, ESQ., LAW
GUARDIAN FOR CHILD, ERIN GALVIN, ESQ.,
RACHELLE SKUOL, ESQ. FOR ADMINISTRATION
FOR CHILDREN SERVICES, ANGELA CAMPBELL
CASEWORKER FOR ACS, DR. DEBRA ERNERSIO-
JENSSEN, ANDREA LOMAX CASWORKER, JOSEPH
KASPER, ESQ., IRA ERAS, ESQ., JUDGE LINDA
TALLY, SISTERS OF MERCY MERCY FIRST
FOSTERCARE BOARDING HOMES and JOHN DOE,

                    Defendants.

-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Of Counsel:
Lisa L. Shrewsberry

TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP
*Attorneys for Defendant Stewart Altman, Esq. Law Guardian*
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532
(914) 347-2600

# TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT .......................................... 1

II.  STATEMENT OF FACTS ............................................. 1

III. ARGUMENT ....................................................... 2

     THE CLAIM AGAINST MR. ALTMAN IS
     BARRED UNDER THE DOCTRINE OF QUASI-JUDICIAL IMMUNITY .......... 2

IV.  CONCLUSION ..................................................... 5

# TABLE OF AUTHORITIES

*Cases*

*Bluntt v. O'Connor*,
   291 A.D.2d 106, 737 N.Y.S.2d 471 (4th Dep't 2002) .................................. 2, 3

*Bradt v. White*,
   190 Misc.2d 526, 740 N.Y.S.2d 777 (2002) ........................................ 3

*In re TM*,
   19 Misc.3d 1113A, 859 N.Y.S.2d 907 (2008) ...................................... 3

*Lewittes v. Lobis*,
   2004 U.S. Dist. LEXIS 16320 (S.D.N.Y 2004),
   *aff'd* 164 Fed. Appx. 97 (2d Cir. 2005),
   *cert. denied* 127 S. Ct. 110, 549 U.S. 819 (2006) .................................. 2

*Statutes*

Fed. R. Civ. P. 12(b)(6) ............................................................ 1

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of the motion to dismiss the complaint and any cross-claims, pursuant to Fed. R. Civ. P. 12(b)(6), by defendant Stewart Altman, Esq. Law Guardian.

## STATEMENT OF FACTS

Plaintiffs commenced this action by filing a complaint with the United States District Court, Eastern District of New York on February 16, 2010, a copy of which is annexed to the Declaration of Lisa L. Shrewsberry dated March 16, 2010. The complaint was filed by the mother of Stephen Allen, Jr. ("the infant"), who was born in 2001. It is alleged that the infant has suffered several injuries since birth, and that his parents lost custody of him as a result. It is alleged that plaintiff has sought to have custody restored to her, to no avail. Plaintiff generally alleges that her constitutional rights have been violated, as well as the constitutional rights of the infant, under the First, Fourth, Fifth, Sixth, Eighth, Thirteenth and Fourteenth Amendments. The complaint also very generally alleges RICO violations, malicious prosecution and intentional infliction of emotional distress. While no specific allegations of wrongdoing are made against Mr. Altman in the complaint, he is named as the Law Guardian of the infant in the caption of the matter and identified as such in the body of the complaint.

## ARGUMENT

## THE CLAIM AGAINST MR. ALTMAN IS BARRED UNDER THE DOCTRINE OF QUASI-JUDICIAL IMMUNITY

It bears repeating that there are only very general allegations of wrongdoing against the defendants in the complaint, including defendant Stewart Altman, although Mr. Altman is identified as the law guardian for the infant. The putative claim, therefore, is barred under the doctrine of quasi-judicial immunity.

In the similar case of *Lewittes v. Lobis*, 2004 U.S. Dist. LEXIS 16320 (S.D.N.Y 2004), *aff'd* 164 Fed. Appx. 97 (2d Cir. 2005), *cert. denied* 127 S. Ct. 110, 549 U.S. 819 (2006), the court considered the same issue of whether a law guardian was immune from liability under the doctrine of quasi-judicial immunity. The court determined that such immunity did apply pursuant to well established New York state court precedent. In *Bluntt v. O'Connor*, 291 A.D.2d 106, 737 N.Y.S.2d 471 (4th Dep't 2002), the New York Appellate Division, Fourth Department, held that a mother lacked standing to bring a lawsuit on behalf of her child against a court appointed law guardian since she had her own adversarial interests in the action and had a motive to dispute the law guardian's opinion. In addition, *Bluntt* held that such mother lacked standing to bring the action individually since she was a third-party who was not in privity with the law guardian. The Court stated that the mother had not demonstrated a "relationship so close as to approach that of privity" as to allow her to maintain the action on her own behalf. 291 A.D.2d at 114-115.

The Court in *Bluntt* looked to decisions in other states and found that most courts that have considered suits by disgruntled parents against attorneys appointed by courts to protect children, have granted, on public policy grounds, absolute quasi-judicial immunity to the attorneys for actions taken

within the scope of their appointments. 291 A.D.2d at 116. The Court explained that quasi-judicial immunity is necessary because exposure of law guardians to liability under such circumstances would affect the willingness of qualified attorneys to accept such appointments. The Court stated that "from a public policy perspective, it is better to have a diligent, unbiased, and objective advocate to assist the court in determining and protecting the best interests of the child than it is to assure that the minor child may later recover damages in tort." 291 A.D.2d at 118.

Similarly, in *Bradt v. White*, 190 Misc.2d 526, 740 N.Y.S.2d 777 (2002), the Court held that a law guardian enjoys quasi-judicial immunity from civil liability in actions brought by a parent for conduct directly relating to the performance of the law guardian's duty to further the best interests of the child. The Court explained that a law guardian must be able to function free from the threat of harassment from retaliatory litigation brought by dissatisfied parents. 190 Misc. 2d at 534. The threat of civil liability for conduct directly relating to the performance of the law guardian's duties should not be available to inhibit the law guardian from necessary investigation and advocacy on behalf of the child. 190 Misc.2d at 531; *see also In re TM*, 19 Misc.3d 1113A, 859 N.Y.S.2d 907 (2008).

In the instant matter, although there are no specific allegations against Mr. Altman, it is fair and reasonable to assume that any putative claim is being brought against him in his capacity as a law guardian for the infant, as that is exactly how he is identified in the case caption and in the complaint. Accordingly, plaintiff's (putative) claim against Mr. Altman should be dismissed, as he enjoys quasi-judicial immunity for claims brought against him in his capacity as a law guardian.

In addition to the foregoing argument, we also respectfully urge the court to dismiss this action on the same grounds as the complaint was dismissed in this plaintiff's prior lawsuit against

Mr. Altman, entitled *Sandra Morrison Allen, et ano. v. John Mattingly, et al.*, 08-cv-02003 (SJF)(LB). A review of this courts prior decision, dated June 19, 2008, a copy of which is annexed to the moving Declaration of Lisa L. Shrewsberry as Exhibit "B," demonstrates that the instant complaint should also be dismissed for lack of standing and lack of subject matter jurisdiction.

## CONCLUSION

Based upon the foregoing, it is respectfully requested that the complaint be dismissed as against defendant Stewart Altman, Esq. Law Guardian, in its entirety and with prejudice, along with any cross claims, together with such other and further relief as the court deems just and proper.

Dated: Hawthorne, New York
March 16, 2010

TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

By: _____
Lisa L. Shrewsberry (LS 1597)
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532
(914) 347-2600
*Attorneys for Defendant Stewart Altman, Esq. Law Guardian*