UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

SANDRA-MORRISON-ALLEN,

                *Plaintiff,*

- against -

JOHN MATTINGLY, COMMISSIONER OF ACS,
DEIDRE REYNOLDS, DIRECTOR OF MERCY FIRST,
FOSTER CARE, JEANIE CAMBRIA MERCY FIRST
FOSTER CARE, STEWART ALTMAN, ESQ., LAW
GUARDIAN FOR CHILD, ERIN GALVIN ESQ.,
RACHELLE SKUOL, ESQ., FOR ADMINISTRATION
FOR CHILDREN SERVICES, ANGELA CAMPBELL
CASEWORKER FOR ACS, DR. DEBRA ERNERSIO-
JENSSEN, ANDREA LOMAX CASEWORKER,
JOSEPH KASPER, ESQ., IRA ERAS, ESQ., JUDGE
LINDA TALLY, SISTERS OF MERCY FIRST FOSTER
CARE BOARDING HOMES and JOHN DOE,

                *Defendant(s).*

--------------------------------------------------------------X

**AFFIDAVIT / AFFIRMATION**

Civil Action No.:
**10 - CV - 0667 ( SJF )**

**Hon. Sandra J. Feurstein**

FILED
R E C E I V E D
U.S. DISTRICT COURT E.D.N.Y.
IN CLERK'S OFFICE
LONG ISLAND OFFICE

★  JUN 02 2010  ★

E N T E R E D

★_____★

STATE OF NEW YORK    )
                          )ss.:
COUNTY OF  NASSAU      )

**SANDRA MORRISON-ALLEN,** makes the following affirmation under the penalties of

perjury:

RECEIVED

] ∠ 2010

PRO SE OFFICE

I, **SANDRA MORRISON-ALLEN,** am plaintiff in the above entitled action, and I respectfully submit this Affirmation in Opposition to the Defendants motion dated March 15, 2010, made by defendant(s) and submitted by counsel Garbarini & Scher, P.C., Gregg D. Weinstock, asking the court order the following relief: Pursuant to Fed. R. Civ. P. 12(b)(6) Dismissing the Complaint on the ground that it fails to state a claim upon which relief may be granted.

The motion is scheduled to be heard on _____, 2010.

2. I have personal knowledge of facts which bear on this motion because I am the plaintiff.

3. The defendants motion to dismiss is based solely upon the *alleged* failure to state a claim upon which relief can be granted. This is incorrect.

4. This motion should be denied because dismissals for defects are generally disfavored, the defendants have failed to demonstrate and have not been actually prejudiced by any *alleged* defect, and the defendants motion fails to describe *any* prejudice suffered by the defendants.

5. Moreover, the defendants Rule 12(b)(6) motion is in contravention to the core concept of Rule 12 (b)(6) and, therefore, should be dismissed. *See,* Plaintiff's Memorandum of Law.

6. If the Defendant's Motion is allowed to proceed I will be severely prejudiced. *See,* Plaintiff's Memorandum of Law.

7. That my Memorandum of Law Annexed Hereto, Affidavits and Exhibits clearly state and support my complaint and the fact that a dismissal is not warranted or supported by law.

8. On or about February 17, 2010, I commenced this action, complaining of a series of violations of my constitutionally protected rights, as well as, numerous violations of both Federal and State Laws . *See,* Complaint - Annexed Hereto as Exhibit " A ".

9. I verily believe that my claims against Defendants are valid and substantial.

10. I believe that my Complaint should not be dismissed in the interest of justice.

11. I have set forth numerous causes of action for denial of my due process rights, denial of my right to freedom of speech and religion, denial of a fair trial, denial of access to the courts, *inter alia,* and numerous tort claims. I respectfully refer the Court to my Complaint and Memorandum of Law submitted herewith in further support of my opposition to defendants motion to dismiss.

12. I respectfully request that the Court be cognizant of the distinct disadvantage suffered by *Pro Se* Plaintiffs and take into consideration that I cannot afford counsel.

13. I respectfully request that the Court read my Complaint liberally and interpret it to raise the strongest argument it suggests.

14. Also, I respectfully request that this Court apply the standards set forth by the United States Supreme Court in <u>Haines v. Kerner,</u> 404 U.S. 519, 92 S.Ct. 594 when reading my complaint.

15. As more fully set forth in my accompanying Memorandum of Law, my complaint sets forth tenable legal claims under some theory, therefore, it should not be dismissed. *See,* Memorandum of Law at p.13.

16. I understand that my Complaint as drafted is somewhat confusing. Therefore, I request that the Court stay consideration of the Defendants motion to dismiss and afford me a final opportunity to amend the Complaint.

17. I respectfully request the Court consider my Memorandum of Law for further argument.

18. Based upon the foregoing, the Court should deny Defendants Motion to Dismiss, and allow the Plaintiff a final opportunity to amend the complaint herein.

I declare under penalty of perjury that the foregoing is true and correct.

**WHEREFORE,** it is respectfully requested that the defendants motion to dismiss be denied or stayed from consideration until such time as the plaintiff be granted the opportunity to amend the complaint.

Executed on ~~May~~ June 2, 2010.

Sandra Morrison-Allen, *Pro Se*

DANIEL BORGIA
Notary Public - State Of New York
No. 01BO6210296
Qualified In Nassau County
Commission Expires August 17, 2013

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

Case No.: 10 - CV - 0667 (SJF)

---

SANDRA MORRISON-ALLEN,

*Plaintiff,*

v.

JOHN MATTINGLY, COMMISSIONER OF ACS, DEIDRE REYNOLDS, DIRECTOR OF MERCY FIRST FOSTER CARE, JEANIE CAMBRIA MERCY FIRST FOSTER CARE, STEWART ALTMAN, ESQ., LAW GUARDIAN FOR CHILD, ERIN GALVIN, ESQ., RACHELLE SKUOL, ESQ., FOR ADMINISTRATION FOR CHILDREN SERVICES, ANGELA CAMPBELL, CASEWORKER FOR ACS, DR. DEBRA ERNERSIO-JENSSEN, ANDREA LOMAX CASEWORKER, JOSEPH KASPER, ESQ., IRA ERAS, ESQ., JUDGE LINDA TALLY, SISTERS OF MERCY FIRST FOSTER CARE BOARDING HOMES and JOHN DOE

*Defendant(s).*

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS**

---

SANDRA MORRISON - ALLEN, *Pro Se*
371 First Place
Uniondale, New York 11553
1-516-833-5340

*Plaintiff Pro Se*

## - TABLE OF CONTENTS -

**Page**

PRELIMINARY STATEMENT.............................................................................. 1

STATEMENT OF MATERIAL FACTS AND BACKGROUND ........................... 2

LEGAL ARGUMENT........................................................................................ 4

POINT I      THE COURT SHOULD BE LIBERAL IN INSPECTING
THE *PRO SE* PLAINTIFFS COMPLAINT, HOLD THE
COMPLAINT TO LESS STRINGENT STANDARDS
AND AS AN ALTERNATIVE TO THE SEVERE
SANCTION OF DISMISSAL, IF THE COMPLAINT IS
FOUND INSUFFICIENT, PLAINTIFF SHOULD BE
PERMITTED TO AMEND HER COMPLAINT........................ 4

POINT II     GOVERNING STANDARDS OF LAW AS TO PLEAD-
INGS: THE ALLEGATIONS OF MORRISON-ALLEN'S
COMPLAINT ARE SUFFICIENT UNDER THE NOTICE
PLEADING REQUIREMENTS OF THE FEDERAL
RULES, AND, IN THE ALTERNATIVE, PLAINTIFF
SHOULD BE PERMITTED TO AMEND HER........................ 8

POINT III    RULE 12(b)(6) AND RULE 12 ( c ) ERECT A
POWERFUL PRESUMPTION AGAINST DISMISSING
PLEADINGS FOR FAILING TO STATE A COGNIZABLE
CLAIM FOR RELIEF................................................................ 12

**POINT IV**    **THE DEFENDANTS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) IS IN CONTRA-VENTION TO THE CORE CONCEPT OF RULE 12 (b)(6) AND *MUST* BE DENIED BECAUSE THE COMPLAINT IS NOT FATALLY FLAWED**............................14

**POINT V**    **THE DEFENDANT(S) ARE STATE ACTORS, AND HAVE ACTED " UNDER COLOR OF STATE LAW ", THEREFORE, LIABLE UNDER 42 *USC SECTION* 1983**............................... 17

**POINT VI**    **THE AMENDED COMPLAINT *SUFFICIENTLY* STATES A CLAIM FOR LEGAL MALPRACTICE AGAINST DEFENDANTS GALVIN AND ALTMAN AND THE ACTION SHOULD BE CONSIDERED AS TIMELY**.................................................18

**POINT VII**    **PLAINTIFFS STANDING TO BRING SUIT**............................20

**POINT VIII**    **DEFENDANTS ARE NOT ENTITLED TO *QUASI-JUDICIAL* IMMUNITY AND *QUASI-JUDICIAL* DOES NOT EXTEND TO THE CONDUCT OF DEFENDANTS AS ALLEGED IN THE INSTANT CASE**.......................................................... 20

POINT IX     *SUA SPONTE* DISMISSAL - SOME DEFENDANTS ARE IN DEFAULT AND HAVE NOT ANSWERED, THEREFORE, THE CASE CANNOT BE DISMISS-ED IN ITS ENTIRETY AND PLAINTIFF SHOULD BE GIVEN THE OPPORTUNITY TO AMEND THE COMPLAINT..................................................21

POINT X     PLAINTIFFS COMPLAINT STATES A CLAIM FOR DISCRIMINATION AND VIOLATION(S) OF 42 *USC SECTION* 1981 AND THE STATE OF NEW YORK'S HUMAN RIGHTS LAWS.........................................22

POINT XI     PLAINTIFFS COMPLAINT STATES A CAUSE OF ACTION FOR CONSPIRACY TO INTERFERE WITH [HER] CIVIL RIGHTS WHICH IS ADEQUATELY PLEAD AND SHOULD NOT BE DISMISSED.................22

POINT XII     PLAINTIFF'S COMPLAINT ADEQUATELY SETS FORTH CLAIMS FOR RELIEF UNDER THE UNITED STATES CONSTITUTION......................................23

POINT XIII     PLAINTIFF'S COMPLAINT ADEQUATELY STATES A CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER THE NEW YORK STATE CONSTITUTION.......25

POINT XIV     THE PLAINTIFF'S COMPLAINT SETS FORTH A CAUSE OF ACTION WHICH IS ADEQUATELY PLED FOR DISCRIMINATION UNDER STATE LAW......................................................27

CONCLUSION..................................................29

## - TABLE OF AUTHORITIES -

**Federal Cases**

Ad Hoc Committee v. Bernard M. Baruch College, 835 F. 2d 980 (2nd. Cir.1987)................... 8

Atchison, Topeka & Santa Fe Ry., v. Buell, 480 U.S. 557 (1987) ..........................................11, 16

Albright v. Oliver, 510 U.S. 266, 114 S.Ct. 807 (1944)................................................................12

Advanced Cardiovascular Services v. Scimed Life Sys., 988 F. 2d 1157 ................................... 14


Baker v. Cuomo, 58 F. 3d 804........................................................................................................14

Burgos v. Hopkins, 14 F. 3d 787 (2nd. Cir. 1994) ..........................................................................4

Booth v. TRW Credit Data, 523 F.Supp. 631 (S.D.N.Y. 1981)....................................................10

Bennett v. Schmidt, 153 F.3d 516 (9th. Cir. 1998).......................................................................12

Barrett v. Tallon, 30 F. 3d 1299 (10th. Cir. 1994).................................................................13, 24

Bowers v. Hardwick, 478 U.S. 186, 106 S.Ct. 2841 (1986)......................................................13, 28


Chute v. Walker, 231 F. 3d 314......................................................................................................21

Clevland v. Caplaw Enters, 448 F. 3d 518 (2nd. Cir. 2006) ......................................................9, 14

Calhoun v. Hargrove, 312 F.3d 730 (5th. Cir. 2002).....................................................................4

Conley v. Gibson, 355 U.S. 41 (1957)........................................ 9, 11, 13, 15, 16, 23, 24

Community for Creative Non-Violence v. Reid, 490 U.S. 730 (1989) 109 S.Ct. 2166..........23, 25


Derwan v. Kerik, 355 F. 3d 195 ................................................................................................ 15

*Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227 (1962) .................................................................... 7

*Figuero v. Rivera*, 147 F. 3d 77 (11th. Cir. 2006)................................................................. 13, 24

*Geisler v. Petrocelli*, 616 F. 2d 636 (2nd. Cir. 1980)................................................................ 11

*Gregson v. Zurich American Ins. Co.*, 322 F. 3d 883 (5th. Cir. 2003)............................................12

*Glover v. Liggett Group, Inc.*, 459 F. 3d 1304.............................................................................13

*Graselli Chemical Co.*, 303 U.S. 197 .......................................................................................15

*Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972)................................................................ 4, 5, 9

*Hishon v. King & Splading*, 467 U.S. 69, 104 S.Ct. 2229 (1984)....................................................24

*Irish Lesbian & Gay Org. v. Giuliani*, 143 F. 3d 638 (2nd. Cir. 1998)........................................9, 14

*Juster Associates v. City of Rutland, Vt.*, 901 F. 2d 266 (2nd. Cir. 1990)....................................8, 9

*Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167 (2005) ....................................................12, 23

*Kehr Packages Inc. v. Fidelcor, Inc.*, 926 F. 2d 1406 (3rd. Cir.) *cert. denied* 501 U.S. 1222 (1991).

.......................................................................................................................................... 9

*Kirlin v. Conopco, Inc.*, 1995 US Dist LEXIS 368 (S.D.N.Y.1995).............................................10

*Kittay v. Kornstein*, (2nd. Cir. 2000) 230 F. 3d 531................................................................11, 16

*Kelly v. Schmidger*, 806 F. 2d 44 (2nd. Cir. 1986)............................................................... 11, 16

Lee v. City of los Angeles, 250 F. 3d 668 ..................................................... 21

Lopez v. Smith, 203 F. 3d 1122 (9ᵗʰ. Cir. 2000)............................................... 5

Lyn-Lea Travel Corp. v. American Airlines, Inc., 283 F. 3d 282 ( 5ᵗʰ. Cir. 2002)......................... 7

Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163

(1993)............................................................................................................ 9

LeVine v. Westchester, 828 F. Supp. 238 ..................................................... 17

Lugar v. Edmonson Oil Co., 457 U.S. 922 (1982).............................................24


Mac Donald v. Grace Church Seattle, 457 F. 3d 1079 (9ᵗʰ. Cir. 2000) ...........................................8

McGary v. City of Portland, 386 F. 3d 1259 ...................................................... 14

McMillan v. Collection Prof'ls Inc., 455 F. 3d 754 (7ᵗʰ. Cir. 2006)................................................8

Morse v. Regents Univ. Of Colo., 154 F. 3d 1124 (10ᵗʰ. Cir. 1992)................................................12

Moez v. Mountain States Tel. & tel., Inc., 54 F. 3d 1488 (10ᵗʰ. Cir. 1995)....................................23


Noll v. Carlson, 809 F. 2d 1446 (9ᵗʰ. Cir. 1987)..............................................................5


Ottero v. James Stinson, Great Meadow Correctional Facility, 51 F. Supp. 2d 415 (1999)............5


Patel v. Contemporary Classics of Beverly Hills, 259 F. 3d 123 (2ⁿᵈ. Cir. 2001)........................... 9.

Phillips v. Univ. of Rochester, 316 F. 3d 291 (2ⁿᵈ. Cir. 2003) ........................................................19

Phonomerics Inc. v. Hospitality Franchise Sys., Inc., 203 F. 3d 790 (Fed. Cir. 2000)............23, 24

Port Authority of New York & New Jersey v. Arcadian Group, 189 F. 3d 305............................ 14

Rivera v. Heyman, 157 F. 3d 101 (2nd. Cir. 1988)...............................................................9

Rendell v. Baker, 457 U.S. 838 ............................................................................................24


Smith v. Messinger, 293 F. 3d 641 (3nd. Cir. 2002)...........................................................4

Sanchez v. Elk Grove Unified School District. (2007) CIV S -07- 0535, 2007. ECA. 0004399.....

................................................................................................................................... 5

Sheppard v. Beerman, 18 F. 3d 147 (2nd. Cir. 1994)..........................................................8

Scher v. Rhodes, 416 U.S. 232 (1974)............................................................... 9, 10, 12, 22

Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)............................................. 9, 10, 11

Salahuddin v. Cuomo, 861 F. 2d 40 (2nd. Cir. 1985)..........................................................9

Stephens v. American Home Assurance Co., 811 F. Supp. 937 (S.D.N.Y. 1993)...................10

Stanton v. Mfr. Hanover Trust Co., 388 F.Supp. 1171 (S.D.N.Y. 1975)....................................10

Stolow v. Greg Manning Auctions, Inc., 258 F.Supp. 2d 236 (S.D.N.Y. 2003).....................11, 16

Strand v. Diversified CollectionService., Inc., 380 F. 3d 316 (9th. Cir. 2004)...............................23


Test Masters Educ. Servs. v. Singh, 428 F. 3d 559 (5th. Cir. 2005)...............................................12


Weyman v. Grimke, (W.D.N.Y.) 2007. WNY. 0000631, 03-Cv-2345.......................................... 4

Williams v. Seniff, 342 F. 3d 774 (7th. Cir. 2003)..........................................12, 13, 14,16, 24, 28


Zinerman v. Burch, 494 U.S. 113 91990)........................................................................ 9, 22

**State Cases**

Blunt v. O'Connor, 291 Ad2d 106, 737 N.Y.S. 2d 421 ............................................................... 20

Brandt IV v. White, 740 N.Y.S. 2d 777, 190 Misc. 2d 526 ........................................................ 21

Caiati v. Kimel Funding Corp., 184 AD2d 639, 346 N.Y.S. 2d 877 ........................................... 19

Glamm v. Allen, 57 N.Y. 2d 87, 453 N.Y.S. 2d 674 ..................................................................... 19

Golub v. Baer, Marks & Upham, 172 AD 2d 489, 567 N.Y.S. 2d 843 ....................................... 19

Gray v. Wallman & Kramer, 224 AD2d 255, 638 N.Y.S. 2d 18 .................................................. 19

Holy Spirit Ass'n for Unification of World Christianity v. New York State Congress of Parents

and Teachers, Inc., 408 N.Y.S. 2d 261 (1978).................................................................................26

Kimel Funding Corp., 154 AD2d 639, 546 N.Y.S. 2d 877 ........................................................... 19

Little Princess Truck Rentals v. Pergament Dist.. 143 AD2d 179, 53 N.Y.S. 2d 812 ................. 19

Viscardi v. Lerner, 125 AD2d 662, 510 N.Y.S. 2d 183 .......................................................... 13, 19

Pitelli v. Schulman, 128 AD2d 600, 512 N.Y.S. 2d 260 .............................................................. 19

**Federal Rules**

Rule 8...........................................................................................................10, 11, 12, 15, 16, 26, 27, 28

Rule 12( c) ..................................................................................................................................8, 11

Rule 12(b)(6)........................................................................................1, 5, 11, 14, 17, 22, 23, 27

Rule 12(f)..........................................................................................................................7

Rule 15(a)....................................................................................................................7, 29


18 *U.S.C. sec* 1512 .........................................................................................................2

18 *U.S.C. sec* 1512(B) ...................................................................................................2

18 *U.S.C. sec.* 1961 ( " RICO " ) .................................................................................2


28 *U.S.C sec* 1331, 1343, 1367 ...................................................................................2

42 *U.S.C. sec.* 1305 .......................................................................................................2

42 *U.S.C. sec.* 1981 .......................................................................................................22

42 *U.S.C. sec.* 1985(3)..............................................................................................2, 3, 22

42 *U.S.C. sec.* 1983.............................................................................................2, 3, 5, 17, 24


United States Constitution..........................................................................................2, 3, 24

**New York State Statutes**

New York State Constitution.........................................................................................2, 25

New York State Constitution - Article 1 sec. 11..........................................................25

New York State Human Rights Law ...........................................................................22

New York State Civil Rights Law sec. 40-c, 40-d.......................................................27, 28

McKinney's Consolidated Laws - Article 1 - Sec.11....................................................26

- ix -

In the United States District Court
For the Eastern District of New York
-------------------------------------------------------X

SANDRA MORRISON - ALLEN,

                *Plaintiff,*

          - against -

JOHN MATTINGLY, COMMISSIONER OF ACS,
DEIDRE REYNOLDS, DIRECTOR OF MERCY
FIRST, FOSTER CARE, JEANIE CAMBRIA MERCY
FIRST FOSTER CARE, STEWART ALTMAN, ESQ.,
LAW GUARDIAN FOR CHILD, ERIN GALVIN, ESQ.,
RACHELLE SKUOL, ESQ., FOR ADMINISTRATION
FOR CHILDREN SERVICES, ANGELA CAMPBELL
CASE WORKER FOR ACS, DR. DEBRA ERNERSIO-
JENSSEN, ANDREA LOMAX, CASE WORKER,
JOSEPH KASPER, ESQ., IRA ERAS, ESQ., JUDGE
LINDA TALLY, SISTERS OF MERCY FIRST
FOSTER CARE BOARDING HOMES and JOHN DOE

                *Defendant(s).*

-------------------------------------------------------X

**MEMORANDUM OF LAW**

**Civil Action No.: 10- CV- 0667**

**Hon. Sandra J. Feurstein**

## - <u>PRELIMINARY STATEMENT</u> -

This <u>Memorandum of Law</u> is being submitted in support of the Plaintiff's Affidavit in

Opposition to Defendant(s) Erin Galvin, Esq., an Attorney with the Legal Aid Society and

appointed Law Guardian for Tasha Timol, and Stewart Altman, Esq., appointed Law Guardian,

Motion(s) to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

- 1 -

This is, among other things, an action for a series of violations of constitutionally protected rights, arising under, but not limited to deprivation of due process rights pursuant to 42 *USC section* 1983, a *conspiracy* to deprive plaintiff of constitutionally protected rights pursuant to 42 *USC section* 1985, as well as, numerous violations of Federal and State Laws, including but not limited to violations of the Racketeer Influenced Corrupt Organization Act ( " RICO " ) 18 *USC section* 1961, *et seq.*, Obstruction of Justice in violation of 18 *USC section* 1512 and 18 *USC section* 1513(B), violations of the Adoption and Safe Families Act of 1997, 42 *USC section* 1305, *et. seq.*, violations of the Child Abuse Prevention and Treatment Act, 42 *USC section* 5101, *et seq.*, and 42 *USC section* 5116, *et seq.*, and ancillary claims for violation(s) of State Laws of malicious prosecution, intentional infliction of emotional distress, negligence, and malpractice over which this Court has supplemental jurisdiction, *inter alia.* as well as, the violations of Plaintiff's Rights as guaranteed her by both the New York State and United States Constitutions, among other things.

### -STATEMENT OF MATERIAL FACTS AND FACTUAL BACKGROUND -

Plaintiff commenced this action to redress numerous violations of Plaintiffs' constitutionally protected rights and violation(s) of both Federal and State Laws. Thus, giving this Court jurisdiction pursuant to 28 *USC section(s)* 1331, 1343, and 1367.

- 2 -

The Complaint on its *facie* states that the Government through it agents, *i.e.,* " state actors " arbitrarily, capriciously, and unfairly deprived the Plaintiff of a series of constitutionally protected rights including, but not limited to: (a) freedom of speech; (b) freedom of religion; ( c) denial of access to the courts; (d) denial of equal protection of laws; (e) deprivation of the right to confront *ones* accuser; (f) deprivation of the right to notice of hearings; (g) denial of the right to an unbiased tribunal, and (h) the right to a fair trial in violation of 42 *USC section(s)* 1983 and1985, *inter alia.*

Further, the Complaint *easily* alleges violations of numerous Federal and State Laws by *all* the Defendants which violations *none* of the Defendants can allege ' qualified immunity ' thereto. The Complaint alleges that the individual Defendants, as well as, Defendant agencies breached a host of Federal Laws, among other things, due to the fact that they are Federally assisted Programs.

\* For a complete recitation of the events, acts and actions, and violations of rights and laws by the Defendants see the Complaint - Annexed to the Sandra Morrison - Allen Affidavit as Exhibit " A ". Plaintiff is at a distinct disadvantage, thus, the complaint should be read liberally, and interpreted to raise the strongest arguments it suggests.

---

\* *See,* Wegman v. Grimke, (W.D.N.Y. ) 2007. WNY. 0000631, 03-CV-234S, *citing,* Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 ( 2d Cir. 1994) ( Cognizant of the distinct disadvantage that *pro se* litigants face, federal courts *routinely* read their submissions liberally, and interpret them to raise the strongest arguments they suggest.

Undoubtably, the Complaint in this action raises _some_ legally sufficient cognizable legal
theories and violations of law.

### - LEGAL ARGUMENT -

**I. THE COURT SHOULD BE LIBERAL IN INSPECTING THE _PRO SE_
PLAINTIFFS COMPLAINT, HOLD THE COMPLAINT TO LESS STRINGENT
STANDARDS AND AS AN ALTERNATIVE TO THE SEVERE SANCTION OF
DISMISSAL, IF THE COMPLAINT IS FOUND INSUFFICIENT, PLAINTIFF
SHOULD BE PERMITTED TO AMEND HER COMPLAINT.**

Courts are particularly cautious while inspecting pleadings prepared by plaintiffs who lack
counsel and are proceeding _pro se_. Often inartful, and rarely composed to the standards expected
of practicing attorneys, _pro se_ pleadings are viewed with considerable liberality and are held to
less stringent standards than those expected of pleadings drafted by lawyers. _See_, Haines v.
Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 595-96; Calhoun v. Hargrove, 312 F. 3d 730, 733-
34 (5th. Cir. 2002); Smith v. Messinger, 293 F.3d 641, 647 (3d Cir. 2002).

Cognizant of the distinct disadvantage that _pro se_ litigants face, federal courts _routinely_ read
their submissions liberally, and interpret them to raise the strongest arguments that they suggest.
_See_, Wegman v. Grimke, (W.D,N.Y.) 2007. WNY. 0000631, 03-CV-234S, _citing_, Haines v.
Kerner, 404 U.S. 519, 520, 92 S.Ct. 594,596 (1972); Burgos v. Hopkins, 14 F.3d 787, 790
(2dCir.1994).

- 4 -

In reliance upon the Supreme Court's holding in Haines v. Kerner, *supra*, it has become well settled in the Federal Courts that " However, inartfully plead, *pro se* plaintiffs allegations in a complaint should be deemed sufficient to call for the opportunity to offer supporting evidence."

*Pro Se* pleadings are held to a less stringent standard than those drafted by lawyers. *Id.* Haines v. Kerner, *supra.* Unless it is clear that no amendment can cure its defects, a *pro se* litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *See,* Sanchez v. Elk Grove Unified School District, (2007), CIV S-07-0535, 2007.ECA. 0004399, *citing,* Lopez v. Smith, 203 F. 3d 1122, 1127-28 (9th. Cir. 2000) (enbanc); Noll v. Carlson, 809 F. 2d 1446,1448 (9th. Cir. 1987).

In Ottero v. James Stinson, Great Meadow Correctional Facility. 51 F. Supp. 2d 415 (1999) the Court received a letter from the petitioner, the Court noted:

> " In his letter, petitioner requested that " the standards as set forth in Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, be applied as to the instant matter." The Supreme Court in *Haines* held that a *prisoners general allegations of physical injuries suffered* while in disciplinary confinement and the denial of due process in the steps leading to that confinement state a cognizable claim under 42 U.S.C. sec. 1983 sufficient to withstand a Rule 12(b)(6) motion to dismiss. 404 U.S. at 520, 92 S.Ct. 594."...........................

The Court in Ottero, *supra*, in reliance upon the United States Supreme Court's decision in Haines, *supra*, was ' particularly cautious ' and found *' general allegations '* sufficient to withstand a Rule 12(b)(6) motion to dismiss. The Court went as far as to state:

- 5 -

> " Although I fail to see how Haines applies to the
> instant case, the petitioner's request on this score
> is granted . " .........................................................

Certainly, in the instant case, the Plaintiff has set forth much more than just ' general allegations ', therefore, the same should hold true herein, and <u>Haines,</u> *supra,* most certainly should apply. Thus, the complaint in this action in accordance with <u>Haines</u> should be sufficient to withstand the motion for dismissal.

## <u>*Amended Complaint*</u>

Plaintiff has come to realize that [her] Complaint drafted in this action maybe somewhat confusing and inartful. Plaintiff respectfully requests that the Court take into consideration at the time of the drafting of the initial Complaint, the Plaintiff was suffering from severe emotional distress as a result of the unconscionable, egregious, unlawful acts perpetrated upon her by the Defendants.

Similarly, Plaintiff realizes that she failed to name necessary Defendants although the Complaint mentions said necessary Defendants throughout, *i.e.,* the Governor of the State of New York and others.

Likewise, the Plaintiff has determined that [she] failed to state important facts in the original complaint, discovered new and significant facts and <u>*must*</u> add additional defendants who are proper parties to this action., to wit;

- 6 -

Rule 15(a) provides that:

> " [a] party may amend the party's pleading once as a matter of
> course at any time before a responsive pleading is served or,
> if the pleading is one to which no responsive pleading is per-
> mitted and the and the action has not been placed upon the
> trial calendar, the party may so amend it at any time within
> 20 days after it is served. Otherwise a party may amend the
> party's pleading only by leave of the court or by written con-
> sent of the adverse party; and *leave shall be freely given when
> justice so requires*.................................................................."

Under Rule 15(a) if a party has failed to state important facts in the original complaint,

discovers a new and significant fact, plans to add additional defendants or to insert the real names

of a John Doe defendant, he/she may be able to file an amended complaint. *See,* Foman v. Davis,

371 U.S. 178, 83 S.Ct. 227 (1962).

In the instant case, there are new issues that are questions of law based on facts in the instant

case and the " interest of justice " requires an amendment to the complaint, therefore, leave to

amend should be freely given. *See,* Foman v. Davis, *supra*; Lyn-Lea Travel Corp. v. American

Airlines,Inc., 283 F. 3d 282, 286 ( 5th. Cir. 2002).

Additionally, since the commencement of this litigation, Plaintiff has enlisted the help of a

paralegal who has assisted the Plaintiff in researching complaints of this nature and how they

should be appropriately drafted.

Under these circumstances, Plaintiff respectfully moves this Court to stay decision of the

Defendants Motion(s) to Dismiss. Until such time, as the Plaintiff be given a *final* opportunity to

Amend her Complaint. In doing so, Plaintiff anticipates that the Amended Complaint will be drafted in such legal ease as to allow the Court to more readily understand the allegations and legal arguments in which Plaintiff raises.

## II. GOVERNING STANDARD OF LAW AS TO PLEADINGS: THE ALLEGATIONS OF MORRISON-ALLEN'S COMPLAINT ARE SUFFICIENT UNDER THE NOTICE PLEADING REQUIREMENT OF THE FEDERAL RULES, AND, IN THE ALTERNATIVE, PLAINTIFF SHOULD BE PERMITTED TO AMEND HER COMPLAINT.

### A. The Legal Standards of Motions for Failure to State a Claim.

A court may dismiss a claim pled in a complaint, pursuant to F.R.C.P. 12 (b)(6), * only if the material facts are undisputed and must consider *only* the contents of the pleadings and matters of which the court may properly take judicial notice. *See,* Juster Associates v. City of Rutland, Vt., 901 F.2d 266, 269 (2d Cir. 1990). The cause of action can only be properly dismissed if it " appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle [the plaintiff] to relief." Sheppard v. Beerman, 18 F. 3d 147, 150 (2d Cir. 1994), cert. denied, 513 U.S. 816 (1994). The same standards apply to dismissing a complaint under Rule 12( c) and Rule 12(b)(6). Ad Hoc Committee v. Bernard M. Baruch College, 835 F. 2d 980, 982 (2d Cir. 1987).

---

* The applicable rules and statutes are reproduced in the Appendix.

- 8 -

In examining the pleadings, the court must accept all allegations in the complaint as true, draw all inferences in the light most favorable to the plaintiff, and dismiss the case only if satisfied that no set of facts can support the claim. Scheur v. Rhodes, 416 U.S. 232, 237 (1974); Zinerman v. Burch, 494 U.S. 113, 118 (1990); Haines v. Kerner, 404 U.S. 519, 520-521 (1972); Patel v. Contemporary Classics of Beverly Hills, 259 F. 3d 123, 125-126 ( 2d Cir. 2001); Rivera v. Heyman, 157 F. 3d 101, 103 (2d Cir. 1998); Juster Associates, 901 F. 2d at 269. A court may dismiss a claim under F.R.C.P. 12(b)(6), only when it is absolutely clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Significantly, the burden of persuasion lies on the movant to establish beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him/her to relief. *Id.*; *See, also,* Kehr Packages, Inc. V. Fidelcor, Inc., 926 F. 2d 1406, 1409 (3d Cir.), cert. denied, 501 U.S. 1222 (1991).

In ruling on a 12(b)(6) motion, the court should construe a plaintiff's allegations liberally, because the federal rules require only general or "notice" pleading, rather than detailed fact pleading. Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 514-515 (2002); Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993)( rules do not require detailed facts); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). The Supreme Court stated in *Swierkiewicz*:

- 9 -

> When a federal court reviews the sufficiency of a complaint,
> before the reception of any evidence either by affidavit or
> admissions, its task is necessarily a limited one. The issue is
> not whether a plaintiff will ultimately prevail but whether the
> claimant is entitled to offer evidence to support the claims.
> 534 U.S. at 511, *quoting* Scheur, 416 U.S. at 236.

Lastly, courts are mindful not to dismiss claims that can be clarified through

pretrial discovery:

> The " *preferred course* " under the federal rules " *is to enc-*
> *ourage the use of discovery procedures* to apprise the parties
> of the factual basis of the claims made by pleadings." Booth
> v. TRW Credit Data, 523 F. Supp. 631, 635 (S.D.N.Y.1981)
> (citations omitted); *See also*, Stephens v. American Home
> Assurance Co., 811 F. Supp. 937, 959 (S.D.N.Y. 1993)("dis-
> covery is not the purpose behind Rule 12(e)") (citations
> omitted);Stanton v. Mfr. Hanover Trust Co., 388 F. Supp.
> 1171, 1174 (S.D.N.Y. 1975) ( " lack of detail [in a complaint]
> can be explored during the pretrial discovery phase of the
> litigation"). Kirlin v. Conopco, Inc., 1995 US Dist LEXIS
> 368 at 8-9 (S.D.N.Y. 1995).

## B. Standards for Pleadings Under F.R.C.P. 8

The Supreme Court, in *Swierkiewicz*, reemphasizing the limited requirements for pleadings

under the Federal Rules of Civil Procedure Rule 8, stated that:

> [a] complaint must include only " a short and plain statement
> of the claim showing that the pleader is entitled to relief."
> Such a statement must simply " give the defendant fair notice
> of what the plaintiff's claim is and the grounds upon which it
> rests." This simplified notice pleading standard relies on liberal
> discovery rules and summary judgment motions to define dis-
> puted facts and issues and to dispose of unmeritorious claims,
> 534 U.S. at 512-3. (internal citations omitted).

- 10 -

The plaintiff does not have to set out in detail the facts on which the claim for relief is based, but must merely provide a *statement sufficient to put the opposing party on notice of the claim.* Conley, 355 U.S. at 47; *See also,* Atchison, Topeka & Santa Fe Ry. v. Buell, 480 U.S. 557, 568 n. 15 (1987) (under F.R.C.P. 8, claimant has " no duty to set out all of the relevant facts in his complaint"); Kittay v. Kornstein, 230 F.3d 531,541 (2d Cir. 2000) (sufficient information to permit defendant to have fair understanding of what plaintiff is complaining about and to know whether there is a legal basis for recovery); Kelly v. Schmidberger, 806 F. 2d 44, 46 (2d Cir. 1986); Stolow v. Greg Manning Auctions,Inc., 258 F.Supp. 2d 236,242 (S.D.N.Y. 2003) (need not set forth legal theories, facts or elements underlying the claim except in certain circumstances). The Rule 8 based notice pleading standard applies to the pleading of supplemental state law-based claims. Kelly, 806 F. 2d at 46.

The Supreme Court expanded its *liberal* pleadings requirement holding:

> [o]ther provisions of the Federal Rules of Civil Procedure are inextricably linked to Rule 8(a)'s simplified notice pleading standard. Rule 8(e)1 states that " no technical forms of pleading or motions are required," and Rule 8(f) provides that "all pleadings shall be so construed as to do substantial justice." Given the Federal Rules' simplified standard for pleading, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz, 534 U.S. at 513-4 (citations omitted).**

---

** A defendant is afforded other procedural devices to ascertain the factual basis and to test the sufficiency of the claims, including liberalized discovery, a rule 12(e) motion for a more definite statement, a Rule 12 (f) motion to strike, and motion for summary judgment. Swierkiewicz, 534 U.S. at 512-3; Geisler v. Petrocelli, 616 F.2d 636,640 (2d Cir. 1980) (complaint sufficient because additional information available through discovery).

- 11 -

## III. RULE 12(b)(6) AND RULE 12( c) ERECT A POWERFUL PRESUMPTION AGAINST DISMISSING PLEADINGS FOR FAILING TO STATE A COGNIZABLE CLAIM FOR RELIEF.

When a claim is challenged under this Rule, the court presumes that all well-pleaded allegations are true, resolves all doubts and inferences in the pleader's favor, and views the pleading in the light most favorable to the non-moving party. *See,* Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 170-171, 125 S.Ct. 1497, 1502-03 (2005); Albright v. Oliver, 510 U.S. 266, 267, 114 S.Ct. 807, 810 (1994); Scheuer v.Rhodes, 416 U.S. 232, 94 S.Ct. 1683 (1974).

In its liberality, the Rule erects a powerful presumption against dismissing pleadings for failing to state a cognizable for relief. *See,* Test Masters Educ. Servs. v. Singh, 428 F.3d 559,570 ( 5th. Cir. 2005); Gregson v. Zurich American Ins. Co., 322 F.3d 883,885 (5th. Cir. 2003); Morse v. Regents of Univ. of Colo., 154 F.3d 1124,1127 (10th. Cir. 1998). *See also,* Rule 8 ( requiring only short, plain statement showing entitlement to relief); Bennett v. Schmidt, 153 F.3d 516,518 (7th. Cir. 1998) ( rejecting notion that complaints must recite all evidence needed to prevail at trial; instead, Rules make the complaint " just the starting point " and, rather than waiting until " plaintiff gets it just right ", the court should keep the process moving, by requiring a more definite statement or inviting a motion for summary judgment-in a racial discrimination employment case, " I was turned down for a job because of my race " is all that the complaint need say).

Thus, the pleader's stated legal theory and specific requests for relief are ***not*** necessarily dispositive in ruling on a Rule 12(b)(6) motion. *Id.* Williams v. Seniff, 342 F. 3d 774, 792 (7th.

Cir. 2003); Barrett v. Tallon, 30 F. 3d 1296,1299 ( 10th. Cir. 1994).

*In fact,* the complaint might not need to identify a particular legal theory at all. *Id.* Williams v. Seniff, *supra.*

*Most Importantly,* a claim generally will not be dismissed, even though the asserted legal theories are not cognizable or the relief sought is unavailable, so long as other tenable legal claims are evident from the facts averred on the face of the complaint or *the pleader is otherwise entitled to any type relief under another possible legal theory. See,* Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102 (1957) ( " a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). *See also,* Glover v. Liggett Group,Inc., 459 F.3d 1304 (11th.Cir. 2006) ( dismissal proper when, due to a dispositive issue of law, no construction of the plaintiff's facts would support a cause of action.). *See also,* Bowers v. Hardwick, 478 U.S. 186, 106 S.Ct. 2841 (1986); Figueroa v. Rivera, 147 F.3d 77 (1st.Cir. 1998).

In the instant case, the plaintiff has set forth facts and circumstances on the face of the complaint that would entitle [her] to some type of relief under some tenable legal claim. Therefore, even if the plaintiff's legal theories as presented and requests for relief were improper the complaint still should not be dismissed in accordance with Bowers, *supra,* and Figueroa, *supra.* For this reason alone, the defendants motion to dismiss *must* fail.

- 13 -

## IV. THE DEFENDANTS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) IS IN CONTRAVENTION TO THE CORE CONCEPT OF RULE 12(b)(6) AND *MUST* BE DENIED BECAUSE THE COMPLAINT IS NOT FATALLY FLAWED.

Under Rule 12(b)(6), the " Core Concept " of the Rule is that its purpose is to permit trial courts to terminate lawsuits " that are fatally flawed " in their legal premises. *See*, Advanced Cardiovascular Sys., Inc. v Scimed Life Sys., Inc., 988 F.2d 1157, 1160 ( Fed. Cir. 1993 ), *also*, Port Auth. of N.Y. & N.J. v. Arcadian Corp., 189 F.3d 305 ( 3d Cir. 1999)(*noting* that Rule is designated to " screen out cases " where no remedy exists for the wrong alleged or where no relief could possibly be granted ).

The courts are especially hesitant to dismiss at the pleading stage those claims pressing *novel* legal theories, where the claims could be better examined following development of the facts through discovery. *See*, McGary v. City of Portland, 386 F. 3d 1259, 1270 ( 9th. Cir. 2004 ); Baker v. Cuomo, 58 F. 3d 814, 818-19 ( 2d Cir. 1995 ).

In fact, the complaint might not need to identify a particular legal theory at all. *See*, Williams v. Seniff, 342 F.3d 774, 792 ( 7th. Cir. 2003).

### Civil Rights Cases

At least one court has held that the Rule 12 test is to be applied with " **particular strictness** " in cases involving federal civil rights claims. *See*, Cleveland v. Caplaw Enters., 448 F. 3d 518, 521 ( 2d Cir. 2006 ); Irish Lesbian & Gay Org. v. Giuliani, 143 F. 3d 638, 644 ( 2d Cir. 1998 ). In such cases, that court has characterized the pleading requirements as " **very lenient** ", even *de*

*minimis ". See*, <u>Deravin v. Kerik</u>, 355 F. 3d 195, 200 ( 2d Cir. 2003 ).

Defendant is mistaken in its assertion, that the Plaintiffs Complaint fails to state any claim upon which relief may be granted because the Complaint *allegedly* does not cite any legal basis or authority for a cause of action. Further, the defendants are incorrect for several reasons, to wit;

Plaintiff makes..... [a] short plain statement of the claim that the acts of the defendant [ previously set forth ] were " improper, discriminatory, unlawful, illegal, humiliating, and otherwise improper in violation of both State and Federal Laws and the plaintiffs constitutional rights as secured to her by both the United States and New York Constitution(s).

Nothing further is required to state a cause of action.

The core concept of the Federal Rule 8 is stating..... [a] short and plain statement.....not citing the legal basis or authority for the claim, as defendants suggest. The plaintiff has done so.

In <u>Conley v. Gibson</u>, *supra*, the United States Supreme Court made it plain and simple in stating:

> " The Federal Rules reject the approach that pleading
> is a game of skill in which one misstep by counsel
> may be so decisive to the outcome and accept the
> principle that the purpose of pleading is to facilitate
> a proper decision on the merits, *quoting*, <u>Grasselli
> Chemical Co.</u>, 303 U.S. 197....................................."

- 15 -

The plaintiff does not have to set out in detail the facts on which the claim for relief is based, but must _merely_ provide a statement sufficient to put the opposing party on notice of the claim. *Id.* Conley, 355 U.S. at 47; *See also,* Atchison, Topeka & Santa Fe Ry. v. Buell, 480 U.S. 557, 568 n. 15 (1987) ( under F.R.C.P. 8, claimant has " no duty to set out all of the relevant facts in his complaint"); Kittay v. Kornstein, 230 F. 3d 531, 541 ( 2d Cir. 2000) (sufficient information to permit defendant to have fair understanding of what plaintiff is complaining about and to know whether there is legal basis for recovery); Kelly v. Schmidger, 806 F. 2d 44, 46 (2d Cir. 1986); Stolow v. Greg Manning Auctions, Inc. 258 F. Supp. 2d 236, 242 (S.D.N.Y. 2003) ( need not set forth legal theories, facts or elements underlying the claim are sufficient.).

As stated, *supra* ,In fact, the complaint need not identify a particular legal theory at all., Williams v. Seniff. 342 F. 3d 774, 792 ( 7th. Cir. 2003).

With undoubted certainty the first cause of action incorporates the facts and circumstances previously set forth in the complaint  provides the defendants with a sufficient understanding of what the plaintiff is complaining about.

Here, *assuming arguendo,* the Plaintiffs' claims are premised under the wrong legal theory, which they are not, the Complaint evidences other tenable legal claims from the facts *averred* on the face of the complaint. A claim generally will not be dismissed, even though the asserted legal theories are not cognizable or the relief sought is unavailable, so long as other tenable legal claims are evident from the facts *averred* on the face of the complaint. *See,* Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102. ( " a complaint should not be dismissed for failure to

- 16 -

state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief " ).

Based upon the foregoing, it is _clearly_ evident that the Plaintiffs' complaint is not fatally flawed, therefore, the Defendants Rule 12(b)(6) motion _must_ be denied.

### V. THE DEFENDANT(S) ARE STATE ACTORS, AND HAVE ACTED " UNDER COLOR OF STATE LAW ", THEREFORE, LIABLE UNDER 42 *USC SECTION* 1983.

The Defendants reliance on Elmasri v. England, 111 F. Supp. 2d 212 and Levine v. Westchester, 828 F. Supp. 238 is misplaced. Law Guardians cannot be considered " state actors " and are not subject to suit under 42 *USC section* 1983 when all of their actions are attributable to their duties as a Law Guardian.

Here, it is significantly clear, that much of the Defendants conduct complained of is not attributable to their duties as a Law Guardian, therefore, the Defendants should be considered " state actors " for purposes of 42 *USC section* 1983 and are subject to suit.

## VI. THE AMENDED COMPLAINT *SUFFICIENTLY* STATES A CLAIM FOR LEGAL MALPRACTICE AGAINST DEFENDANTS GALVIN AND ALTMAN AND THE ACTION SHOULD BE CONSIDERED AS TIMELY.

Defendants challenge the sufficiency of the Complaint for legal malpractice in two fashions; (a) stating that the complaint does not allege any of the elements for a malpractice claim, and (b) most specifically, that the complaint fails to allege an attorney- client relationship. The Defendants assertions are incorrect on both counts.

To establish a claim for legal malpractice the plaintiff must prove that: (1) the attorney failed to exercise that degree of care, skill and diligence commonly possessed and exercised by a member of the legal community; (2) the attorney's *negligence* was a proximate cause of the claimed loss; and (3) the plaintiff incurred actual damages as a result of the attorneys actions. Plaintiff need prove nothing more.

Reading the Complaint liberally, as it must be, the Complaint *squarely* states all the above-referenced elements necessary to pursue a malpractice claim.

It seems, however, that the Defendants *primary* argument for dismissal is that plaintiff fails to allege an attorney-client relationship. This assertion too is incorrect, as an attorney can be liable to a third party.

An attorney can be liable to a third party, absent an attorney-client relationship, for intentional torts. An exception to the privity rule exists when the attorney actually knows that third parties will be relying on the actions of the attorney. Such as herein. *See,* C.K. Industries Corp. v. C.M. Industries Corp., 213 A.D. 2d 846, 623 N.Y.S. 2d 410 ( 3d Dep't 1995 ); Viscardi v. Lerner, 125

- 18 -

A.D. 2d 662, 510 N.Y.S. 2d 183 ( 2d Dep't 1986 ). The reliance by the third parties ( here plaintiff ) will create the duty required for negligence liability.

It is well established that an attorney is liable to third parties in *tort* where there are special circumstances such as malicious acts and collusion which is rampant in the instant case. *See,* C. K. Industries, *supra* n. 6 623 N.Y.S. 2d at 410, *also,* Kimel Funding Corp., 154 A.D. 2d 639, 546 N.Y.S. 2d 877 ( 2d Dep't 1989 ); Viscardi v. Lerner, *supra.*

### - The Statute of Limitations Defense is Not Applicable -

The Defendants defense that the plaintiffs' claim is time barred because the plaintiff's son was initially seized from her custody in 2005 is also incorrect. The Defendants malpractice is ongoing, as the family court action has not been adjudicated, thus, the statute of limitations tolled.

*See,* Caiati v. Kimel Funding Corp., 154 A.D. 2d 639, 546 N.Y.S. 2d 877 ( 2d Dep't 1989 ).

It has long been established, that where the proceedings are ongoing, as herein, ( *i.e.,* " the family court action " ) that a legal malpractice action may be tolled. *See,* Glamm v. Allen, 57 N.Y. 2d 87, 453 N.Y.S. 2d 674 (1982 ); Gray v. Wallman & Kramer, 224 A.D. 2d 275, 638 N.Y.S. 2d 18 ( 1st. Dep't 1996 ); Golub v. Baer, Marks & Upham, 172 A.D. 2d 489, 567 N.Y.S. 2d 843 ( 2d Dep't 1991); Stampfel v. Eckhardt, 143 A.D. 2d 179, 531 N.Y.S. 2d 814 ( 2d Dep't 1988 ); *cf.,* Little Princess Truck Rentals, Inc. v. Pergament Distributors, Inc., 143 A.D. 2d 179, 531 N.Y.S. 2d 812 ( 2d Dep't 1988 ); Pittelli v. Schulman, 128 A.D. 2d 600, 512 N.Y.S. 2d 860 ( 2d Dep't 1987 ).

- 19 -

## VII. PLAINTIFFS STANDING TO BRING SUIT

Defendants assert that the Plaintiff " lacks standing to bring suit " and they do so, *solely*, relying on the premise that Plaintiff is not in privity with Defendants. This too is incorrect.

Defendants further *solely* rely on <u>Bluntt v. O'Connor,</u> 291 A.D. 2d 106, 737 N.Y.S. 2d 471 ( 4th. Dep't 2002 ) in making the claim that Plaintiff is not in privity. However, <u>Bluntt v. O'Connor</u> is *distinguishable* in that; the <u>Bluntt</u> Court ruling *only* pertains to the mothers standing to bring suit in that action. The <u>Bluntt</u> Court does not address the issue of " standing to bring suit " against a law guardian and/or an " attorney " in general.

As stated, *supra* when an attorneys actions are malicious, or the attorney works in collusion with another party, as herein, the rule of privity is not applicable.

Therefore, under these circumstances, the rule of privity does not deprive the Plaintiff of standing to bring suit.

Plaintiff herein has standing to bring suit.

## VIII. DEFENDANTS ARE NOT ENTITLED TO QUASI-JUDICIAL IMMUNITY AND QUASI-JUDICIAL IMMUNITY DOES NOT EXTEND TO THE CONDUCT OF DEFENDANTS AS ALLEGED IN THE INSTANT CASE

The Defendants assertion that they are entitled to Quasi-Judicial Immunity is misplaced. Law Guardians only enjoy Quasi-Judicial immunity for conduct directly relating to the performance of their duties.

- 20 -

Immunity from civil liability for conduct directly relating to the performance of law guardian's

duties do not extend to plaintiffs claims against Defendant(s) Law Guardians for harassment,

criminal conduct, and for conduct constituting intentional torts, including, but not limited to

intentional infliction of emotional distress, negligence and defamation, among other things, and

as complained of herein. *See,* Brandt IV v. White, 740 N.Y.S. 2d 777, 190 Misc. 2d 526.

Simply put, the Defendants are not entitled to Quasi-Judicial for their conducted complained of

herein.

### IX. *SUA SPONTE* DISMISSAL - SOME DEFENDANTS ARE IN DEFAULT AND HAVE NOT ANSWERED, THEREFORE, THE CASE CANNOT BE DISMISSED IN ITS ENTIRETY AND PLAINTIFF SHOULD BE GIVEN THE OPPORTUNITY TO AMEND THE COMPLAINT

*Sua Sponte* dismissals are " strong medicine " and should be dispensed sparingly. *See,* Chute v.

Walker, 281 F. 3d 314, 319 ( 1st. Cir. 2002 ). Generally, fair procedure requires that the trial court

permit the Plaintiff to amend the complaint. *See,* Chute v. Walker, *supra, also,* Lee v. City of Los

Angeles, 250 F. 3d 668, 683 ( 9th. Cir. 2001 ).

The same holds true herein. Given one last opportunity to amend the complaint, it will become

decisively clear to the Court that the Plaintiff can state a claim for which relief can be granted.

- 21 -

## X.   PLAINTIFFS'S COMPLAINT STATES A CLAIM FOR DISCRIMINATION
## AND VIOLATION(S) OF 42 *USC section* 1981 AND THE STATE OF NEW
## YORK'S HUMAN RIGHTS LAWS.

In examining the pleadings in a light most favorable to plaintiff ( as the court must do ) and

drawing all favorable inferences towards plaintiff ( *See,* Schuer v. Rhodes, 416 U.S. 232, 237 (

1974 ); Zinerman v. Burch, 494 U.S. 113, 118 ( 1990 ) ), it is clear that the Complaint on its face

sets forth numerous forms of discrimination by defendants and against plaintiff, as well as,

violations of 42 *USC section* 1981 and New York States Human Rights Laws.

For this reason alone, dismissal would be improper.

## XI.   PLAINTIFFS COMPLAINT STATES A CAUSE OF ACTION FOR
## CONSPIRACY TO INTERFERE WITH [HER] CIVIL RIGHTS WHICH IS
## ADEQUATELY PLEAD AND SHOULD NOT BE DISMISSED.

Plaintiffs action arises under 42 *U.S.C. section* 1985(3) for conspiracy to deprive Plaintiff of

her civil rights.

Certainly, there may be a set of facts provable that in legal contemplation make the conspiracy

claim applicable. Therefore, discovery is required and it is to early in the litigation to dismiss the

claim on a Rule 12(b)(6) motion to dismiss.

Under Rule 12(b)(6), the court presumes all well pleaded allegations to be true, resolves all

doubts and inferences in the pleader's favor, and views the pleading in alight most favorable to

the non-moving party. *Id.* <u>Jackson v. Birmingham Bd. of Educ.,</u> 544 U.S. 167, 170-171, 125 S.Ct. 1497, 1502-03 (2005).

A claim will only be dismissed under Rule 12(b)(6) if it appears beyond doubt that the pleader can prove no set of facts in support of the claim that would entitle the pleader to relief. *Id.* <u>Conley v. Gibson,</u> 355 U.S. 41,45-46. 78 S.Ct. 99, 101-102. Here, there exists several sets of facts where the conspiracy claim would stand.

For the fore-going reasons, plaintiff requests that the Complaint not be dismissed.

## XII.    PLAINTIFF'S COMPLAINT ADEQUATELY SETS FORTH CLAIMS FOR RELIEF UNDER THE UNITED STATES CONSTITUTION.

Plaintiff's Complaint sets forth claims that the defendants acts and actions in discriminating against plaintiff violated [her] 1st., 4th., 5th., 6th., 8th.,and 14th. Amendment Rights as secured to her by the Constitution of the United States.

Defendants rely on blanket statements by some courts to the effect that there is no cause of action for violations of the plaintiffs constitutionally protected rights that can lie from the defendants acts and actions in discriminating against the plaintiff. This is simply untrue.

Again, in its liberality, Rule 12(b)(6) erects a powerful presumption against dismissing pleadings for failing to state a cognizable claim for relief. *Id.* <u>Moez v. Mountain States Tel & Tel., Inc.,</u> 54 F.3d 1488, 1496 (10th. Cir. 1995); <u>Strand v. Diversified Collection Service.,Inc.,</u> 380 F.3d 316 (8th. Cir. 2004);<u>Phonomerics Inc., v.Hospitality Franchise Sys., Inc.</u> 203 F.3d 790,

- 23 -

794 (Fed. Cir. 2000).

It is axiomatic that the First and Fourteenth Amendments, and Section(s) 1983, apply only to state actors. At the same time, though a private individual may be considered a state actor for purposes of a constitutional challenge., *See,* Rendell-Baker, 457 U.S. at 838 ( *quoting* Lugar v. Edmondson Oil Co.. 457 U.S. 922, 937 (1982). Therefore, the defendants are not shielded from constitutional scrutiny for their acts and actions.

Likewise, the defendants herein, are not shielded from constitutional scrutiny under the plaintiff's First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment challenges, among other challenges that are legally plausible.

A claim will only be dismissed under Rule 12 (b)(6) if it appears beyond a doubt that the pleader *can prove no set of facts* in support of the claim that would entitle the pleader to relief. *Id.* Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99; Hishon v. King & Splading, 467 U.S. 69, 73, 104 S.Ct.2229,2232 (1984).

The pleader's stated legal theory and specific requests for relief are not necessarily dispositive in ruling on a 12(b)(6) motion. *Id.* Williams v. Seniff, 342 F. 3d 774, 792 (7th. Cir. 2003); Barrett v. Tallon, 30 F.3d 1296, 1299 (10th. Cir. 1994).

In fact, the complaint might not need to identify a particular legal theory at all. *See,* Williams v. Seniff, 342 F. 3d 774,792 (7th. Cir. 2003).

Moreover, a claim generally will not be dismissed, even though the asserted legal theories are not cognizable or the relief sought is unavailable, so long as other tenable legal claims are evident from the facts averred on the face of the complaint. *Id.* Conley v. Gibson, 355 U.S. 41,

- 24 -

45-46, 78 S.Ct. 99, 101-102 ( 1957)(a complaint should not be dismissed for failure to state a

claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief) or the pleader is otherwise entitled to any type of relief

under another possible legal theory. *See,* Bowers v. Hardwick, 478 U.S. 186, 106 S.Ct. 2841

(1986); Figueroa v. Rivera, 147 F.3d 77 (1st. Cir. 1998).

In the interest of justice, plaintiff is entitled to discovery to properly evidence, expound

upon, and set forth all her legal theories depicting how the defendants acts and actions in

discriminating against her, among other things, violated her constitutionally protected rights.

### XIII. PLAINTIFF'S COMPLAINT ADEQUATELY STATES A CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER THE NEW YORK STATE CONSTITUTION.

* Plaintiff in her Complaint sets forth allegations that; Defendants engaged in unlawful

discriminatory practices and discriminated against the plaintiff because of her religious beliefs,

and/or age, race, color and gender, likewise, denied the plaintiff equal protections of the laws of

the State of New York in violation of Article 1 section 11, *et seq,* of the New York State

Constitution.

Article 1 section 11, *et seq.,* of the New York State Constitution provides in pertinent part:

> " No person shall be denied the equal protection of the laws of
> this state or any subdivision thereof. No person shall, because
> of race, color, creed, or religion, be subjected to any discrimin-
> ation in his or her civil rights by another person or by any firm,
> corporation, or institution ........................................................"

- 25 -

A cursory review of the statute's language implies that the " statute " is not confined only to state actors as the defendants suggest. Further, it is clear from the Complaint that it is not solely an Equal Protection Clause Claim as the defendants portray, it is as well a discrimination claim.

Article I - Bill of Rights section 11 contemplates protection to the citizens of the State of New York for *both* [Equal protection of the laws; discrimination in civil rights prohibited]. *See, McKinneys Consolidated Laws of New York - Article 1 section 11 at p. 9.*

This section providing *that no person shall be subjected to any discrimination in his civil rights by any another person* because of race, color, creed or religion *applies to actions by individuals* and groups. *See,* Holy Spirit Ass'n for Unification of World Christianity v. New York State Congress of Parents and Teachers, Inc., 1978, 408 N.Y.S. 2d 261.

Thus, it is sufficiently incontestable that the Article I section 11 as it relates to discrimination is not limited to state actors and is applicable to these defendants as private actors, contrary to their belief. *See,* Hernandez v. Robles, (2005), 794 N.Y.S. 2d 579., *also,* Holy Spirit Ass'n for Unification of World Christianity v. New York State Congress of Parents and Teachers, Inc., *supra, also,* People v. Kern, (1990), 75 N.Y. 2d 638, 555 N.Y.S. 2d 647.

Accordingly, plaintiff's claims for violation(s) of [her] rights under the New York State Constitution should not be dismissed.

---

\* Plaintiff has, as is permissible, pled alternative, or even inconsistent causes of action. F.R.C.P. 8(e)(2), 18(a).

- 26 -

In accordance with the F.R.C.P. Rule 8 the plaintiff has set forth in the complaint [a] plain short statement sufficient to place these defendants on notice of what she claims improper.

Nothing further is required. The plaintiff need not prove her entire case in the complaint as the defendants seem to suggest.

Next, defendant, seems to again infer that the plaintiff must prove her entire case against the individual defendants in the Complaint for this cause of action to lie. This is incorrect. The plaintiff is entitled to discovery in this regard. Thus, the Court should not determine this issue upon papers only, i.e., the bare conclusory allegations of the defendants under a Rule 12(b)(6) motion.

For all the fore-going reasons the plaintiffs complaint should not be dismissed.

### XIV.   THE PLAINTIFF'S COMPLAINT SETS FORTH A CAUSE OF ACTION WHICH IS ADEQUATELY PLED FOR DISCRIMINATION UNDER STATE LAW.

Plaintiff alleges that the defendants engaged in unlawful discriminatory practices in violation of New York Civil Rights Law section 40-c, by denying plaintiff equal protection of the laws, and by violating subdivision (2) of said law by subjecting the plaintiff to discrimination in her civil rights and harassment by discriminating against the plaintiff's because of her age, sex, color, marital status, national origin, race, gender, religion etc. and otherwise discriminating against the plaintiff. Notably, Rights that the plain language of the statute indicates it protects against.

- 27 -

New York State Civil Rights Law section 40-c provides in pertinent part that discrimination will be unlawful within this state and;

        (1) All persons within the jurisdiction of this state shall be entitled to equal protection of the laws of this state or any subdivision thereof;

        (2) No person shall, because of race, creed, color, national origin, sex, marital status, as such terms is described in section two-hundred ninety-two of the executive law, be subjected to any discrimination in his or her civil rights, or to any harassment, in the exercise thereof, by any other person or by any firm, corporation or institution.........................................................

The Rules for pleading do not require the plaintiff to expound upon her statements the plaintiff is entitled to discovery in order to do so.

        *See,* Federal Rule of Civil Procedure 8 to wit;

        " A pleading which sets forth a claim for relief, shall contain (1) a short and plain statement of the claim showing the pleader is entitled to relief."

Here, the plaintiff has done so. It is undeniably clear that the plaintiff is complaining that the defendants have discriminated against her in away that denied her civil rights. Nothing further is required.

Again, the Complaint need not identify a particular legal theory at all. *See,* Williams v. Seniff, 342 F. 3d 774, 792 (7th. Cir. 2003).

- 28 -

## - CONCLUSION -

The Court should take judicial notice that _only_ two of the Defendants have made motions to dismiss and the time for the remaining Defendants to Answer has expired. Therefore, under no circumstances should the Plaintiffs case be dismissed in its entirety.

For the reasons set forth herein and as addressed at argument, which is requested by the plaintiff, none of the causes of action and requests for relief as set forth in the complaint and as objected to by the defendant, should not be dismissed.

Plaintiff respectfully states that " the interest of justice " dictates that plaintiff be granted an opportunity to amend the Complaint as permitted by Federal Rule of Civil Procedure Rule 15, and that the Court stay consideration of the Defendants motions to dismiss until such time as the amended complaint is submitted.

Dated: ~~May~~ June 2 nd , 2010

Respectfully submitted,

by: _____

Sandra Morrison - Allen, _Pro Se_

- _Plaintiff_ -

371 First Place
Uniondale, New York 11553
(516) 833- 5340

- 29 -