UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
SANDRA MORRISON - ALLEN,

                                Plaintiff,              Civil Action No.:
                                                          10 CV 0667

          - against -                                      (SJF/ARL)

JOHN MATTINGLY, COMMISSIONER OF ACS, DEIDRE
REYNOLDS, DIRECTOR OF MERCY FIRST FOSTER
CARE, JEANIE CAMBRIA MERCY FIRST FOSTERCARE,
STUART ALTMAN LAW GUARDIAN FOR CHILD,
ERIN GALVIN, ESQ., RACHELLE SKUNKL ESQ. FOR
ADMINISTRATION OF CHILDREN SERVICES, ANGELLA
CAMPBELL CASEWORKER FOR ACS, DR. DEBRA
ERNERSIO-JENSSEN, ANDREA LOMAX CASEWORKER,
JOSEPH KASPER, ESQ., IRA ERAS, ESQ., JUDGE LINDA
TALLY, SISTERS OF MERCY MERCY FIRST
FOSTERCARE BOARDING HOMES, JOHN DOE.

                                Defendants.
-------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DEBRA ESERNIO-JENSSEN M.D.'S MOTION TO DISMISS

                                                   KAUFMAN BORGEEST & RYAN LLP
                                                   Attorneys for Defendants,
                                                   DEBRA ESERNIO-JENSSEN, M.D
                                                    120 Broadway, 14th Floor
                                                    New York, New York 10271
                                                     Telephone No.: (212) 980-9600
                                                     File No.  733.188

Of Counsel:

    Jonathan B. Bruno, Esq.
    Allison T. McCabe, Esq.

# TABLE OF CONTENTS

Pages

TABLE OF AUTHORITIES ...........................................................................................................ii-iv

PRELIMINARY STATEMENT ........................................................................................................1

PROCEDURAL HISTORY.................................................................................................................1

FACTUAL ALLEGATIONS ..........................................................................................................1-2

LEGAL STANDARD..........................................................................................................................2

POINT I          PLAINTIFF'S CLAIMS ARE TIME BARRED............................................3-4

POINT II         PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM
UNDER SECTION 1983 ...............................................................................4-6

POINT III        PLAINTIFF'S COMPLAINT FAILS TO STATE AN
ACTION UNDER SECTION 1985................................................................6-7

POINT IV       PLAINTIFF'S COMPLAINT FAILS TO STATE AN
ACTION UNDER SECTION 1986....................................................................7

POINT V         PLAINTIFF'S RICO CLAIMS FAIL ............................................................8-9

POINT VI       PLAINTIFF'S PURPORTED STATE LAW CLAIMS FAIL ....................9-10

                      A. Supplemental Jurisdiction.......................................................................9
                      B. Plaintiff's state law claims are time barred.........................................9-10
                      C. Malicious Prosecution and Intentional Infliction of
                          Emotional Distress................................................................................10

POINT VII      PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO
AMEND....................................................................................................10-11

CONCLUSION...................................................................................................................................11

# TABLE OF AUTHORITIES

Pages

Alfaro Motors, Inc. v. Ward,
814 F.2d 883, 886 (2d Cir. 1987)..................................................................................5

Allen v. Reynolds, et al.,
08-CV-02003 ..............................................................................................................1, 3

Atkins v. County of Orange,
251 F. Supp.2d 1225, 1230 (S.D.N.Y. 2003)...............................................................2

Bacon v. Suffolk Legislature,
2007 WL 2288044 (E.D.N.Y.)......................................................................................3

Bell Atlantic Corp. v. Twombly,
550 U.S. 544 (2007)....................................................................................................10

Branch v. Guilderland Central School District,
239 F. Supp.2d 242 (N.D.N.Y. 1993)...........................................................................3

Colon v. Coughlin,
58 F.3d 865, 869 (2d Cir. 1996)....................................................................................5

Dahlberg v. Becker,
748 F.2d 85 (2d Cir. 1984).......................................................................................5, 6

Davis v. County of Nassau,
355 F. Supp.2d 668, 673 (E.D.N.Y. 2005) ...................................................................2

De Asis v. New York City Police Dept.,
2008 WL 3876075 (E.D.N.Y. 2008).............................................................................4

DeFalco v. Bernas,
244 F.3d 286, 306 (2d Cir.2001)...................................................................................8

Elmasri v. England,
111 F. Supp.2d 212, 218 (E.D.N.Y. 2000) ..............................................................6, 7

First Nationwide Bank v. Gelt Funding Corp.,
27 F.3d 763, 769 (2d Cir. 1994)....................................................................................8

Flagg Brothers, Inc. v. Brooks,
436 U.S. 149, 98 S. Ct. 1729 (1978)............................................................................4

Griffin v. Breckenridge,
403 U.S. 88, 102-03 (1971) ..........................................................................................6

Harris v. County of Nassau,
581 F. Supp.2d 351, (E.D.N.Y. 2008) ...........................................................................7

Holmes v. Sec. Investor Prot. Corp.,
503 U.S. 258, 266-68 (1992) ........................................................................................8

Hughes v. Rowe,
449 U.S. 5, 9 (1980).......................................................................................................2

Huszar v. Zeleny,
269 F. Supp.2d 98, 104 (E.D.N.Y. 2003) .....................................................................5

Jaghory v. New York State Dep't of Ed.,
131 F.3d 326, 329 (2d Cir. 1997)...............................................................................2, 3

Kaiser v. Cahn,
510 F.2d 282 (2d Cir. 1974).........................................................................................3

Leemon v. Burns,
175 F. Supp.2d 551, 553-54 (S.D.N.Y. 2001) ..............................................................2

Leon v. Murphy,
988 F.2d 303, 311 (2d Cir. 1993)..................................................................................7

Lugar v. Edmondson Oil Co., Inc.,
457 U.S. 922, 102 S. Ct. 2744 (1982)...........................................................................4

Lutin v. New Jersey Steel Corp.,
122 F.3d 1056 (2d Cir. 1997)........................................................................................ 8

Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.,
7 F.3d 1085, 1088 (2d Cir. 1993)..................................................................................7

Moss v. Morgan Stanley,
719 F.2d 5, 17 (2d Cir. 1983)........................................................................................8

Paige v. Police Dept. of Schenectady,
264 F.3d 197 (2d Cir. 2001).........................................................................................3

Pearl v. City of Long Beach,
296 F.3d 76 (2d Cir. 2002)...........................................................................................3

Schmelzer v. Norfleet,
902 F. Supp. 632, 635 (S.D.N.Y. 2005).......................................................................5

Smith v. Local 819 I.B.T. Pension Plan,
291 F.3d 236, 240 (2d Cir. 2002)..................................................................................2

Smith v. Masterson,
2006 WL 2883009 (S.D.N.Y.)2006................................................................................3

Sniado v. Bank Austria AG,
174 F. Supp.2d 159, 162 (S.D.N.Y. 2001).....................................................................2

S.S. Silberblatt, Inc. v. East Harlem Pilot Block,
608 F.2d 28, 42 (2d Cir. 1979)......................................................................................10

Tho Dinh Tran v. Alphonse Hotel Corp.,
281 F. 3d 23, 35 (2d Cir. 2002)......................................................................................4

Tops Markets, Inc. v. Quality Markets, Inc.,
142 F.3d 90 (2d Cir. 1998).............................................................................................9

Traguth v. Zuck,
710 F.2d 90, 92 (2d Cir. 1983).......................................................................................2

United Mine Workers of America v. Gibbs,
383 U.S. 715, 726 (1996)...............................................................................................9

United States v. Persico,
832 F.2d 705, 714 (2d Cir. 1987)...................................................................................8

Wiltshire v. Dhanraj,
421 F. Supp.2d 544, 556 (E.D.N.Y. 2005) ....................................................................7

World Wrestling Entertainment, Inc. v. Jakks Pacific, Inc.,
530 F. Supp.2d 486, 495 (S.D.N.Y. 2007).....................................................................8

**Statutes**

18 U.S.C. § 1962..............................................................................................................8

28 U.S.C. §§ 1367(c)(3)...................................................................................................9

42 U.S.C. §1983 ..........................................................................................................3, 4

42 U.S.C. § 1985.....................................................................................................3, 6, 7

42 U.S.C. §1986..........................................................................................................4, 7

CPLR §214(5)...................................................................................................................3

CPLR § 215(3)............................................................................................................9, 10

## PRELIMINARY STATEMENT

Defendant Debra Esernio-Jenssen, M.D., sued incorrectly herein as "Dr. Debra Ernersio-Jenssen," (hereinafter "Dr. Jenssen") submits this memorandum of law in support of her motion pursuant to Federal Rules of Civil Procedure 12 (b)(6) to dismiss the Complaint.

## PROCEDURAL HISTORY

Plaintiff commenced suit on or about February 17, 2010. See Plaintiff's Amended Complaint (hereinafter "Comp.") annexed to the Affidavit of Jonathan B. Bruno (hereinafter "Bruno Aff.") as Exhibit A. In Plaintiff's prior action arising from the same circumstances as the instant action, Allen v. Reynolds, et al., 08-CV-02003 (SJF)(LB), Dr. Jenssen was named as a defendant. On June 19, 2008, by Memorandum and Order, Judge Sandra J. Feuerstein dismissed Plaintiff's individual claims against Dr. Jenssen. See June 19, 2008 Memorandum and Order annexed to Bruno Aff. as Exhibit B. Plaintiff then filed an Amended Complaint, in which Dr. Jenssen was not identified as a defendant. On November 3, 2008, Judge Feuerstein granted Plaintiff's request to withdraw the case without prejudice.

## FACTUAL ALLEGATIONS

This action arises from the arrest and alleged incarceration of Plaintiff Sandra Morrison Allen and the removal of her son, Stephen Allen, Jr. from the custody of his parents, Sandra Morrison Allen and Stephen Allen, Sr. See Comp. In 2001, the Administration for Children's Services ("ACS") started a neglect proceeding. See Comp. p. 5. Plaintiff alleges that Stephen Allen was placed in foster care on or about November 9, 2005, as a result of the injury he sustained at home. See Comp. p. 3. Dr. Jenssen was a pediatrician at Schneider Children's Hospital (hereinafter "Schneider"). Plaintiff alleges "[m]y family has been intruded upon by

1175908-1                                                        1

ACS since 2001, shortly after the birth of my son and an accident caused an injury which caused us to take him to a pediatrician." See Comp. p. 10.

The legal insufficiency of Plaintiff's allegations against the moving defendant is evidenced by the fact that Plaintiff's complaint references Dr. Jenssen only twice outside of the caption. Moreover, Plaintiff's reference to Dr. Jenssen is limited to her as a "party" to the suit and that Plaintiff brought her son to a pediatrician after an accident shortly after his birth. See Comp p. 8, 10. Plaintiff generally alleges "all parties named of consciously, actively, with knowledge and intent to conspire to deprive [her] of [her] Substantive Due Process Rights as well as of [her] Procedural Due Process Rights."

## LEGAL STANDARD

The dismissal of a complaint is warranted under Fed. R. Civ. P. 12(b)(6), where it is beyond doubt that the plaintiff cannot prove any set of facts which would entitle it to relief, even accepting as true all allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor. See Sniado v. Bank Austria AG, 174 F. Supp.2d 159, 162 (S.D.N.Y. 2001) (citing Jaghory v. New York State Dep't of Ed., 131 F.3d 326, 329 (2d Cir. 1997)); Leemon v. Burns, 175 F. Supp.2d 551, 553-54 (S.D.N.Y. 2001) (dismissing complaint for failure to state a cause of action). "'[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" Davis v. County of Nassau, 355 F. Supp.2d 668, 673 (E.D.N.Y. 2005) (quoting Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002)); Atkins v. County of Orange, 251 F. Supp.2d 1225, 1230 (S.D.N.Y. 2003). Although a *pro se* plaintiff's submissions are held to "less stringent standards" (see Hughes v. Rowe, 449 U.S. 5, 9 (1980)), a *pro se* plaintiff is not exempt from compliance with the rules of procedural and substantive law. See Traguth v. Zuck, 710 F.2d 90, 92 (2d Cir. 1983).

1175908-1                                    2

## POINT I

## PLAINTIFF'S CLAIMS ARE TIME BARRED

42 U.S.C. §§1983 and 1985 do not have statutes of limitations. As such, federal courts borrow the state statute of limitations that is applicable to the most similar state cause of action. See Kaiser v. Cahn, 510 F.2d 282 (2d Cir. 1974). The Second Circuit has held that the applicable statute of limitations in a federal civil rights case brought in New York is three years. Id.; see also Bacon v. Suffolk Legislature, 2007 WL 2288044 (E.D.N.Y.); CPLR §214(5). In New York, it is well-settled that the applicable statute of limitations for a claim under 42 U.S.C. §§ 1983 and 1985 is three years. See Pearl v. City of Long Beach, 296 F.3d 76 (2d Cir. 2002), cert. denied 538 U.S. 922 (2003); Paige v. Police Dept. of Schenectady, 264 F.3d 197 (2d Cir. 2001); Branch v. Guilderland Central School District, 239 F. Supp.2d 242 (N.D.N.Y. 1993). Causes of action pursuant to 42 U.S.C. §§1983 and 1985 accrue once the plaintiff knows of the injury that is the basis of his action. See Smith v. Masterson, 2006 WL 2883009 (S.D.N.Y. 2006); Jaghory v. New York State Dept. of Educ., 131 F.3d 326 (2d Cir. 1997).

Plaintiff's causes of action under §§1983 and 1985 are barred by the statute of limitations. To the extent Plaintiff sets forth any allegations regarding Dr. Jenssen, the event complained of was in 2001 when Plaintiff brought her son to "the pediatrician." Although Plaintiff's Amended Complaint may "relate back" to her 2008 action, Allen v. Reynolds, et al., 08-CV-02003 (SJF)(LB), the current claims are still time barred because they were time barred in the previous action. See Fed. R. Civ. P. 15(c).

Pursuant to the language in 42 U.S.C. §1986, a claim must be brought within one year of accrual. Section 1986 provides that "no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued." 42

U.S.C. §1986; see also De Asis v. New York City Police Dept., 2008 WL 3876075 (E.D.N.Y. 2008). Plaintiff filed her complaint well after the one year statute of limitations expired.

Finally, the statute of limitations for civil RICO claims is four (4) years. See Tho Dinh Tran v. Alphonse Hotel Corp., 281 F. 3d 23, 35 (2d Cir. 2002). Plaintiff filed her complaint well after the expiration of the statute of limitations.

Plaintiff's complaint was filed after the expiration of the applicable statutes of limitations and should be dismissed with prejudice.

## POINT II

## PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UNDER SECTION 1983

42 U.S.C. §1983 provides in part that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory...subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To state a cause of action under Section 1983, Plaintiff[1] must show that: a) she has been deprived of a right secured by the constitution and the laws of the United States and, b) by Dr. Jenssen acting under color of any state statute. See Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 102 S. Ct. 2744 (1982); Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 98 S. Ct. 1729 (1978). In order to establish that Dr. Jenssen was acting under the color of state law, Plaintiff must satisfy a two-pronged test. Specifically, Plaintiff must allege and ultimately prove that the allegedly wrongful action occurred as a result of the exercise of a state-created right or privilege, or by a state-imposed rule of conduct. Plaintiff must also show that the party charged with the deprivation is a person who is a state official or someone whose conduct is otherwise chargeable

---

[1] To the extent Plaintiff attempts to assert claims on behalf of her son, the claims fail. See Bruno Aff. Ex. B.

1175908-1                                4

to the State. In other words, to establish deprivation of a federally protected right there must be both state action and a state actor, a failure to allege either defeats plaintiff's cause of action. See Dahlberg v. Becker, 748 F.2d 85 (2d Cir. 1984), cert. denied 470 U.S. 1084 (1985).

Plaintiff makes no substantive allegations against Dr. Jenssen. Rather, Plaintiff merely identifies her as a party to the lawsuit and vaguely alleges that "my family has been intruded upon by ACS since 2001, shortly after the birth of my son and an accident caused an injury which caused us to take him to a pediatrician ... FOLLOWING CONSEQUENCES INVOLVING DR. DEBRA ERSENIO- JENSEN [SIC]..." See Comp. p. 8, 10 (emphasis in original).

The deficiency common to all of Plaintiff's alleged Constitutional violations is that she fails to allege any involvement of Dr. Jenssen; a deficiency which necessarily precludes Plaintiff's Section 1983 claim from succeeding. See Schmelzer v. Norfleet, 902 F. Supp. 632, 635 (S.D.N.Y. 2005) ("It is true that to succeed on a claim under section 1983, a plaintiff must allege personal involvement by each defendant in the alleged constitutional deprivation."); see also Huszar v. Zeleny, 269 F. Supp.2d 98, 104 (E.D.N.Y. 2003). Plaintiff's Complaint should be dismissed because she has failed to allege, nor can, that Dr. Jenssen was "directly and personally responsible" for the alleged unconstitutional actions. See Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (2d Cir. 1987) (citations omitted).

Under New York's collateral estoppel doctrine, a claim will be estopped if "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." Colon v. Coughlin, 58 F.3d 865, 869 (2d Cir. 1996). Here, the court has already

held that Dr. Jenssen is not a state actor for Section 1983 purposes. See Bruno Aff. Ex. B p. 7.[2] Plaintiff had a "full and fair opportunity" to litigate the issue in her 2008 action. See id.

Furthermore, Plaintiff's Complaint fails to demonstrate via any of the possible theories that Dr. Jenssen is a state actor. Plaintiff's Complaint neither demonstrates joint action by state actors and the private moving defendant, nor any undertaking by Dr. Jenssen to perform activities ordinarily exclusively engaged in by government. Lastly, Plaintiff does not allege any grant of benefits to the private defendant by the state. See Dahlberg v. Becker, 748 F.2d 85, 93 (2d Cir. 1984), cert. denied 470 U.S. 1084 (1985) (setting forth the possible ways in which a private individual could be considered a state actor for the purposes of a section 1983 claim). Accordingly, Plaintiff's claim for violation of Section 1983 against the moving defendant should be dismissed with prejudice.

## POINT III

## PLAINTIFF'S COMPLAINT FAILS TO STATE AN ACTION UNDER SECTION 1985

Private individuals may be liable for conspiracy to violate the civil rights laws under 42 U.S.C. § 1985. See Elmasri v. England, 111 F. Supp.2d 212, 218 (E.D.N.Y. 2000). However, the statute creates no substantive rights, rather, it provides a remedy for the deprivation of rights guaranteed by the U.S. Constitution. Id.

The elements of a claim under Section 1985 are: (1) a conspiracy; (2) motivated by racial or other discriminatory animus; (3) for the purpose of depriving any person or a class of persons of the equal protection of privileges and immunities under the law; (4) an overt act in furtherance of the conspiracy and (5) injury. Id. citing Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971).

---

[2] In reviewing a motion to dismiss for failure to state a claim, a court may consider allegations in the complaint, exhibits attached to the complaint or incorporated therein by reference, matters of which judicial notice may be taken, and documents of which Plaintiff has notice and on which it relied in bringing its claim or that are integral to its claim. See Gryl ex rel. Shire Pharmaceuticals Group PLC v. Shire Pharmaceuticals Group PLC, 298 F.3d 136, 140 (2d Cir. 2002) *citing* Chambers v. Time Warner, Inc., 282 F.3d 147, 152-154 (2d Cir. 2002).

In order to avoid dismissal, a claim of conspiracy must state more than conclusory allegations. Harris v. County of Nassau, 581 F. Supp.2d 351, (E.D.N.Y. 2008) citing Leon v. Murphy, 988 F.2d 303, 311 (2d Cir. 1993). More specifically, a Plaintiff must allege "with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the alleged conspiracy." Id. quoting Elmasri, 111 F. Supp.2d at 218.

Here, Plaintiff has not met her pleading burden by failing to address any of the elements against Dr. Jenssen. Plaintiff has not set forth any overt acts attributable to Dr. Jenssen. Therefore, Plaintiff's Section 1985 claim should be dismissed with prejudice and without leave to amend.

## POINT IV

## PLAINTIFF'S COMPLAINT FAILS TO STATE AN ACTION UNDER SECTION 1986

42 U.S.C. § 1986 provides for a cause of action for failure to prevent a Section 1985 conspiracy. Harris v. County of Nassau, 581 F. Supp.2d 351 (E.D.N.Y. 2008). "A § 1986 claim must be predicated on a valid § 1985 claim." Wiltshire v. Dhanraj, 421 F. Supp.2d 544, 556 (E.D.N.Y. 2005) quoting Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1088 (2d Cir. 1993).

First, due to Plaintiff's failure to allege a Section 1985 conspiracy, the claim pursuant to Section 1986 should be dismissed. Harris, 581 F. Supp.2d 351. Second, even assuming Plaintiff had adequately alleged a Section 1985 conspiracy, she has alleged no facts to suggest that Dr. Jenssen "failed to prevent a Section 1985 conspiracy." See id. Therefore, Plaintiff's purported Section 1986 claim should be dismissed.

## POINT V

## PLAINTIFF'S RICO CLAIMS FAIL

Because "[c]ivil RICO is an unusually potent weapon – the litigation equivalent of a thermonuclear device," meritless RICO suits should be weeded out early on. World Wrestling Entertainment, Inc. v. Jakks Pacific, Inc., 530 F. Supp.2d 486, 495 (S.D.N.Y. 2007) (internal quotations and citations omitted). Plaintiff must plead the requisite elements to sustain a claim under the substantive RICO statute, 18 U.S.C. § 1962, namely: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." See Moss v. Morgan Stanley, 719 F.2d 5, 17 (2d Cir. 1983). A Plaintiff must establish that each individual defendant "personally committed two or more predicate acts or agreed to commit two predicate acts." Lutin v. New Jersey Steel Corp., 122 F.3d 1056 (2d Cir. 1997). Further, in addition to the seven requisite RICO elements, a Plaintiff must also plead "causation," i.e., that he was "injured in his business or property by reason of a violation of section 1962." See Moss, 719 F.2d at 17. These "requirements ... must be established as to each individual defendant." See DeFalco v. Bernas, 244 F.3d 286, 306 (2d Cir.2001); see also United States v. Persico, 832 F.2d 705, 714 (2d Cir. 1987). To successfully maintain a claim under RICO, Plaintiff must allege injury to her business or property by reason of the RICO violations. See 18 U.S.C.A. 1961(5). In other words, Plaintiff must plead and prove a factual proximate causal nexus between the alleged injury and a predicate act. See Holmes v. Sec. Investor Prot. Corp., 503 U.S. 258, 266-68 (1992); First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 769 (2d Cir. 1994).

Here, Plaintiff's complaint is entirely vague as to Dr. Jenssen and does not delineate any specific acts Dr. Jenssen committed in furtherance of the purported racketeering scheme. Moreover, the complaint is devoid of any factually specific allegations as to how Dr. Jenssen's conduct proximately caused Plaintiff to suffer an injury. As such, Plaintiff's allegations are insufficient to support a RICO violation claim.

## POINT VI

## PLAINTIFF'S PURPORTED STATE LAW CLAIMS FAIL

### A. Supplemental Jurisdiction

28 U.S.C. §§ 1367(c)(3), allows a district court, in its discretion, to decline to exercise supplemental jurisdiction over state law claims if it has dismissed all federal claims. See also Tops Markets, Inc. v. Quality Markets, Inc., 142 F.3d 90 (2d Cir. 1998). In United Mine Workers of America v. Gibbs, the United States Supreme Court held that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." 383 U.S. 715, 726 (1996). The Gibbs court reasoned that a federal court's determination of state claims could conflict with principles of comity to the States and with the promotion of justice between the parties. Id.

Thus, if this Court dismisses Plaintiff's purported federal claims, it should decline to exercise supplemental jurisdiction over the state claims and dismiss them as well.

### B. Plaintiff's state law claims are time barred

To the extent Plaintiff alleges state law claims for malicious prosecution and the intentional infliction of emotional distress, the claims are time barred. A claim for malicious prosecution under New York common law must be commenced with one (1) year of the accrual of the claim. See CPLR § 215(3). Plaintiff vaguely mentions Dr. Jenssen in reference to the

1175908-1 9

year 2001 and the complaint was not filed until February 2010. Therefore, Plaintiff's malicious prosecution claim is time barred and must be dismissed.

Similarly, Plaintiff's purported cause of action for the intentional infliction of emotional distress is time barred. Plaintiff filed her complaint[3] well after the expiration of the one (1) year statute of limitations. See CPLR § 215(3). Therefore, this cause of action should be dismissed.

### C.     Malicious Prosecution and Intentional Infliction of Emotional Distress

Plaintiff's purported claims for malicious prosecution and the intentional infliction of emotional distress fail. See Comp. p. 13. Plaintiff does not set forth any factual allegations regarding these claims, but rather lists the causes of action under the heading "Causes of Action." See Comp. p. 12. This is violation of Fed. R. Civ. P. 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief" and is insufficient to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Therefore, Plaintiff's state law claims should be dismissed with prejudice and without leave to amend.

## POINT VII

## PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND

Although Fed. R. Civ. P. 15(a) provides that leave to amend should be given freely, where there is no merit in a proposed amendment, leave to amend should be denied. See e.g., S.S. Silberblatt, Inc. v. East Harlem Pilot Block, 608 F.2d 28, 42 (2d Cir. 1979). Here, it is clear from the face of Plaintiff's amended complaint that Dr. Jenssen is not a state actor, that Plaintiff's claims are time barred, and that Plaintiff has utterly failed to address any of the merits of her purported claims. No amendment would support Plaintiff's civil rights claim against Dr.

---

[3] See FN 1.

Jenssen. Therefore, Plaintiff's complaint should be dismissed for failure to state a cause of action and the court should deny Plaintiff leave to amend.

## CONCLUSION

WHEREFORE, it is respectfully requested that on the facts, the law and for all the reasons set forth herein, that this Court enter an Order, pursuant to Fed. R. Civ. P. 12(b)(6), dismissing Plaintiff's Complaint in its entirety against the moving defendant and for such other relief as this Court deems just and proper.

Dated: New York, New York
      April 20, 2010

                        KAUFMAN BORGEEST & RYAN LLP

                        By: /s/ Jonathan B. Bruno
                             Allison T. McCabe
                        Attorney for Defendant
                        DEBRA ESERNIO-JENSSEN, M.D.
                        120 Broadway 14th Floor
                        New York, New York 10271
                        Telephone No.: (212) 980-9600
                        KBR File No.: 733.188