UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
SANDRA MORRISON - ALLEN,

                                        Plaintiff,          Civil Action No.:
                                                         10 CV 0667
      - against -                                  (SJF/ARL)

JOHN MATTINGLY, COMMISSIONER OF ACS, DEIDRE
REYNOLDS, DIRECTOR OF MERCY FIRST FOSTER       **NOTICE TO**
CARE, JEANIE CAMBRIA MERCY FIRST FOSTERCARE,   **PRO SE LITIGANT**
STUART ALTMAN LAW GUARDIAN FOR CHILD,
ERIN GALVIN, ESQ., RACHELLE SKUOL ESQ. FOR       **Filed Electronically**
ADMINISTRATION OF CHILDREN SERVICES, ANGELLA
CAMPBELL CASEWORKER FOR ACS, DR. DEBRA
ERNERSIO-JENSSEN, ANDREA LOMAX CASEWORKER,
JOSEPH KASPER, ESQ., IRA ERAS, ESQ., JUDGE LINDA
TALLY, SISTERS OF MERCY MERCY FIRST
FOSTERCARE BOARDING HOMES, JOHN DOE.

                                        Defendants.
-------------------------------------------------------------------------X

        Defendant Debra Esernio-Jenssen, M.D., has moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and has submitted additional written materials. This means that the defendant has asked the Court to decide this case without a trial, based on these written materials. You are warned that the court may treat this motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. For this reason, THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION by filing sworn affidavits or other papers as required by Rule 56(e). An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial. The full text of rule 56 of the Federal Rules of Civil Procedure is attached.

In short, Rule 56 provides that you may NOT oppose the defendant's motion by relying upon the allegations in your complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial. Any witness statements must be in the form of affidavits. You may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to defendant's motion.

If you do not respond to the motion on time with affidavits or documentary evidence contradicting the facts asserted by the defendant, the Court may accept defendant's factual assertions as true. Judgment may then be entered in defendant's favor without t trial.

If you have any questions, you may direct them to the Pro Se Office.

Dated: New York, New York
April 20, 2010

KAUFMAN BORGEEST & RYAN LLP

By: /s/ Jonathan B. Bruno
       Allison T. McCabe
Attorney for Defendant
DEBRA ESERNIO-JENSSEN, M.D.
120 Broadway 14th Floor
New York, New York 10271
Telephone No.: (212) 980-9600
KBR File No.: 733.188

1185084-1                                   2

Westlaw.

Page 1

Federal Rules of Civil Procedure Rule 56

C
United States Code Annotated Currentness
 Federal Rules of Civil Procedure for the United States District Courts (Refs & Annos)
  Title VII. Judgment

→ **Rule 56. Summary Judgment**

**(a) By a Claiming Party.** A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.

**(b) By a Defending Party.** A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.

**(c) Time for a Motion, Response, and Reply; Proceedings.**

   **(1)** These times apply unless a different time is set by local rule or the court orders otherwise:

      **(A)** a party may move for summary judgment at any time until 30 days after the close of all discovery;

      **(B)** a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and

      **(C)** the movant may file a reply within 14 days after the response is served.

   **(2)** The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

**(d) Case Not Fully Adjudicated on the Motion.**

   **(1)** *Establishing Facts.* If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts--including items of damages or other relief--are not genuinely at issue. The facts so specified must be treated as established in the action.

   **(2)** *Establishing Liability.* An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.

**(e) Affidavits; Further Testimony.**

   **(1)** *In General.* A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Federal Rules of Civil Procedure Rule 56

(2) *Opposing Party's Obligation to Respond.* When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

**(f) When Affidavits Are Unavailable.** If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) deny the motion;

(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

(3) issue any other just order.

**(g) Affidavit Submitted in Bad Faith.** If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.