UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SANDRA MORRISON - ALLEN,

                         Plaintiff,          Civil Action No.:
                                                           10 CV 0667

       - against -                              (SJF/ARL)

JOHN MATTINGLY, COMMISSIONER OF ACS, DEIDRE
REYNOLDS, DIRECTOR OF MERCY FIRST FOSTER
CARE, JEANIE CAMBRIA MERCY FIRST FOSTERCARE,
STUART ALTMAN LAW GUARDIAN FOR CHILD,
ERIN GALVIN, ESQ., RACHELLE SKUNKL ESQ. FOR
ADMINISTRATION OF CHILDREN SERVICES, ANGELLA
CAMPBELL CASEWORKER FOR ACS, DR. DEBRA
ERNERSIO-JENSSEN, ANDREA LOMAX CASEWORKER,
JOSEPH KASPER, ESQ., IRA ERAS, ESQ., JUDGE LINDA
TALLY, SISTERS OF MERCY MERCY FIRST
FOSTERCARE BOARDING HOMES, JOHN DOE.

                                    Defendants.
------------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DEBRA
ESERNIO-JENSSEN M.D.'S MOTION TO DISMISS**

                                                        KAUFMAN BORGEEST & RYAN LLP
                                                        Attorneys for Defendants,
                                                        DEBRA ESERNIO-JENSSEN, M.D
                                                        120 Broadway, 14th Floor
                                                        New York, New York 10271
                                                        Telephone No.: (212) 980-9600
                                                       File No.  733.188

Of Counsel:

     Jonathan B. Bruno, Esq.
     Allison T. McCabe, Esq.

## PRELIMINARY STATEMENT

Defendant Debra Esernio-Jenssen, M.D., sued herein incorrectly as "Dr. Debra Ernersio-Jenssen," (hereinafter "Dr. Jenssen") submits this memorandum of law in further support of her motion pursuant to Federal Rules of Civil Procedure 12 (b)(6) to dismiss the Complaint.

It is unclear whether Plaintiff's Opposition to Defendants' Motions to Dismiss is submitted in opposition to Dr. Jenssen's Motion to Dismiss. Plaintiff bizarrely (and more importantly, incorrectly) claims that only two defendants have filed motions to dismiss. Regardless, to the extent Plaintiff has failed to oppose arguments made by Dr. Jenssen in her moving papers, Plaintiff has waived her right to do so. Whether or not Plaintiff's Opposition is submitted in Dr. Jenssen's motion, all of her allegations are conclusory and lack any degree of specificity with respect to Dr. Jenssen.

## STANDARD OF REVIEW

In opposition, Plaintiff repeatedly misstates the standard of review on a Motion to Dismiss. The United States Supreme Court has held that, "[a] Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level…" Id.; accord ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). "[W]here the facts alleged in the challenged pleading are ambiguous as to whether the conduct alleged is sufficient to warrant a finding of culpability, the determination as to whether a pleading articulates facts sufficient to state a claim upon which relief may be granted includes an assessment as to whether sufficient facts are alleged to make the Plaintiff's allegations of

1219486-1

1

wrongdoing 'plausible.'" Tierney v. Omnicom Group Inc., No. 06 Civ. 14302 (LTS)(THK), 2007 WL 2012412, at *3 (S.D.N.Y. July 11, 2007) (citing Bell Atlantic Co., 550 U.S. 544, and Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007). Moreover, although a *pro se* plaintiff's submissions are held to "less stringent standards" (see Hughes v. Rowe, 449 U.S. 5, 9 (1980)), a *pro se* plaintiff is not exempt from compliance with the rules of procedural and substantive law. See Traguth v. Zuck, 710 F.2d 90, 92 (2d Cir. 1983).

For the following reasons the Complaint must be dismissed with prejudice.

## POINT I

## PLAINTIFF'S CLAIMS ARE TIME BARRED

Plaintiff's complaint was filed after the expiration of the applicable statutes of limitations and should be dismissed with prejudice. To the extent Plaintiff sets forth any allegations regarding Dr. Jenssen as to her purported causes of action under §§1983 and 1985, the event complained of was in 2001 when Plaintiff brought her son to "the pediatrician." Although Plaintiff's Amended Complaint may "relate back" to her 2008 action, Allen v. Reynolds, et al., 08-CV-02003 (SJF)(LB), the current claims are still time barred because they were time barred in the previous action. See Fed. R. Civ. P. 15(c).

Similarly, Plaintiff filed her complaint well after the one year statute of limitations on her purported Section 1986 claim expired. Finally, Plaintiff filed her complaint well after the expiration of the statute of limitations for civil RICO claims. See Tho Dinh Tran v. Alphonse Hotel Corp., 281 F. 3d 23, 35 (2d Cir. 2002). Based on the foregoing, Plaintiff's Complaint should be dismissed.

## POINT II

## PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UNDER SECTION 1983

Plaintiff's purported Section 1983 claim fails because she makes no substantive allegations against Dr. Jenssen. See Schmelzer v. Norfleet, 902 F. Supp. 632, 635 (S.D.N.Y. 2005). Plaintiff does not mention Dr. Jenssen in her opposition. The Complaint should be dismissed because Plaintiff has failed to allege, nor can, that Dr. Jenssen was "directly and personally responsible" for the alleged unconstitutional actions. See Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (2d Cir. 1987) (citations omitted). Furthermore, Plaintiff's Complaint fails to demonstrate via any of the possible theories that Dr. Jenssen is a state actor. Finally, Plaintiff's conclusory statements do not enable her to meet her pleading burden. Therefore, Plaintiff's claim for violation of Section 1983 against the moving defendant should be dismissed with prejudice.

## POINT III

## PLAINTIFF'S COMPLAINT FAILS TO STATE AN ACTION UNDER SECTION 1985

Plaintiff has not met her pleading burden by failing to address any of the elements against Dr. Jenssen. See Elmasri v. England, 111 F. Supp.2d 212, 218 (E.D.N.Y. 2000). Plaintiff has not set forth any overt acts attributable to Dr. Jenssen. Therefore, Plaintiff's Section 1985 claim should be dismissed with prejudice and without leave to amend.

## POINT IV

## PLAINTIFF'S COMPLAINT FAILS TO STATE AN ACTION UNDER SECTION 1986

Plaintiff has failed to allege a Section 1985 conspiracy, which precludes a claim pursuant to Section 1986. Harris v. County of Nassau, 581 F. Supp.2d 351 (E.D.N.Y. 2008). Moreover, even assuming Plaintiff had adequately alleged a Section 1985 conspiracy, she has alleged no

facts to suggest that Dr. Jenssen "failed to prevent a Section 1985 conspiracy." See id. Accordingly, Plaintiff's purported Section 1986 claim should be dismissed.

## POINT V

## PLAINTIFF'S RICO CLAIMS FAIL

Fed. R. Civ. P. 8(a) "requires . . . 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp v. Twombly, 550 U.S. 544 quoting Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face" and "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Plaintiff inappropriately relies on incorrect standards to argue that her claims should withstand Defendant's motion to dismiss.

Plaintiff's complaint and opposition are entirely vague as to Dr. Jenssen and Plaintiff does not delineate any specific acts Dr. Jenssen committed in furtherance of the purported racketeering scheme. Therefore, Plaintiff's allegations are insufficient to support a RICO violation claim. See Lutin v. New Jersey Steel Corp., 122 F.3d 1056 (2d Cir. 1997).

## POINT VI

## PLAINTIFF'S PURPORTED STATE LAW CLAIMS FAIL

A.  **Supplemental Jurisdiction**

28 U.S.C. §§ 1367(c)(3) allows a district court, in its discretion, to decline to exercise supplemental jurisdiction over state law claims if it has dismissed all federal claims. See Tops Markets, Inc. v. Quality Markets, Inc., 142 F.3d 90 (2d Cir. 1998). If this Court dismisses

Plaintiff's purported federal claims, it should decline to exercise supplemental jurisdiction over the state claims and dismiss them as well.

    **B.**    **Plaintiff's state law claims are time barred and/or fail**

In opposition, Plaintiff vaguely addresses her purported state law claims, without mentioning Dr. Jenssen. Plaintiff's purported causes of action for malicious prosecution and the intentional infliction of emotional distress are time barred. See CPLR § 215(3). Moreover, even if her claims were not time barred, they fail because Plaintiff does not set forth any factual allegations regarding these claims, but rather in her Complaint lists the causes of action under the heading "Causes of Action." This is in violation of Fed. R. Civ. P. 8(a), which insists on a "short and plain statement of the claim showing that the pleader is entitled to relief" and is insufficient to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).[1] Accordingly, to the extent Plaintiff alleges state law claims, they should be dismissed.

## POINT VII

## PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND

Where there is no merit in a proposed amendment, leave to amend should be denied. See e.g., S.S. Silberblatt, Inc. v. East Harlem Pilot Block, 608 F.2d 28, 42 (2d Cir. 1979). Here, no amendment would support Plaintiff's time barred and meritless civil rights claims against Dr. Jenssen. Therefore, Plaintiff should not be granted leave to amend.

---

[1] Plaintiff's reliance on Conley v. Gibson, 355 U.S. 41 (1957) is improper, as Bell Atlantic Corp. was decided forty (40) years after Conley.

## CONCLUSION

WHEREFORE, it is respectfully requested that on the facts, the law and for all the reasons set forth herein, that this Court enter an Order, pursuant to Fed. R. Civ. P. 12(b)(6), dismissing Plaintiff's Complaint in its entirety against the moving defendant and for such other relief as this Court deems just and proper.

Dated: New York, New York
      June 21, 2010

                            KAUFMAN BORGEEST & RYAN LLP

                            By: _____
                                Jonathan B. Bruno
                                Allison T. McCabe
Attorney for Defendant
DEBRA ESERNIO-JENSSEN, M.D.
120 Broadway 14th Floor
New York, New York 10271
Telephone No.: (212) 980-9600
KBR File No.: 733.188

## CERTIFICATE OF SERVICE

This is to certify that true and correct copies of the foregoing: REPLY MEMORANDUM OF LAW, NOTICE OF MOTION TO DISMISS, AFFIDAVIT OF JONATHAN BRUNO, MEMORANDUM OF LAW AND NOTICE TO PRO SE LITIGANT were served via regular mail on the 21st day of June, 2010 upon:

Sandra Morrison Allen
371 1st Place
Uniondale, NY 11553

Steven Douglas Weber, Esq.
New York City Corp. Counsel
100 Church St
New York, NY 10038

Louis E. Valvo, Esq
Callan Koster Brady & Brennan LLP
One Whitehall St, 10th Floor
New York, NY 10004

William Goldman Scher, Esq.
Garbarini & Scher PC
432 Park Avenue South
9th Floor
New York, NY 10016

Joseph Kasper, Esq
94-09 101st Avenue
Ozone Park, NY 11416

Derrick Jeffrey Robinson
New York State Office of the Attorney General
200 Old Country Road
Suite 460
Mineola, NY 11501

Lisa L. Shrewsberry, Esq
Traub, Lieberman, Straus & Shrewsberry LLP
Mid-Westchester Executive
Seven Skyline Drive
Hawthorne, NY 10532

_____
JONATHAN B. BRUNO