UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X          10 CIV 0667 (SJF) (ARL)

SANDRA MORRISON-ALLEN,

                              Plaintiff,

              -against-

JOHN MATTINGLY, COMMISSIONER OF ACS,
DEIDRE REYNOLDS, DIRECTOR OF MERCY FIRST
FOSTER CARE, JEANIE CAMBRIA MERCY FIRST
FOSTER CARE, STEWART ALTMAN, ESQ., LAW
GUARDIAN FOR CHILD, ERIN GALVIN, ESQ.,
RACHELLE SKUOL, ESQ. FOR ADMINISTRATION
FOR CHILDREN SERVICES, ANGELA CAMPBELL
CASEWORKER FOR ACS, DR. DEBRA ERNERSIO-
JENSSEN, ANDREA LOMAX CASEWORKER,
JOSEPH KASPER, ESQ., IRA ERAS, ESQ., JUDGE
LINDA TALLY, SISTERS OF MERCY MERCY FIRST
FOSTERCARE BOARDING HOMES, and JOHN DOE,

                              Defendants.

-------------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS DEIDRE REYNOLDS,
JEANIE CAMBRIA,  ANDREA LOMAX,  SISTERS OF MERCY MERCY FIRST
FOSTERCARE, and IRA ERAS' MOTION TO DISMISS THE AMENDED COMPLAINT
PURSUANT TO FRCP §12(b)(6)**


Callan, Koster, Brady & Brennan, L.L.P.
Attorneys for Defendants
DEIDRE REYNOLDS, JEANIE CAMBRIA, ANDREA LOMAX,
SISTERS OF MERCY MERCY FIRST FOSTERCARE, and
IRA ERAS
One Whitehall Street, 10th Floor
New York, New York 10004
(212) 248-8800
File Nos.: 910.154030; 400.146040

CALLAN, KOSTER,
BRADY & BRENNAN, LLP
COUNSELORS AND
ATTORNEYS AT LAW
One Whitehall Street
New York, New York 10004
212-248-8800

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

POINT I

THE MERCY FIRST DEFENDANTS ARE NOT STATE ACTORS AND HAD NO
PERSONAL INVOLVEMENT IN THE ALLEGED DEPRIVATION OF
PLAINTIFF'S RIGHTS;  MOREOVER, PLAINTIFF'S CLAIMS UNDER 42 U.S.C.
§ 1983 ARE BARRED BY THE STATUTE OF LIMITATIONS . . . . . . . . . . . . . 3

POINT II

PLAINTIFF'S CLAIM FOR CONSPIRACY TO DEPRIVE CIVIL RIGHTS MUST
BE DISMISSED AS THE COMPLAINT DOES NOT ALLEGE CLASS-BASED
ANIMUS BY THE MERCY FIRST DEFENDANTS, AND CONTAINS ONLY
CONCLUSORY AND VAGUE ALLEGATIONS OF CONSPIRACY . . . . . . . . . 7

POINT III

PLAINTIFF'S RICO CLAIMS MUST BE DISMISSED AS AGAINST THE MERCY
FIRST DEFENDANTS BECAUSE THE CLAIMS DO NOT ALLEGE ANY
INVESTMENT OF ILLGOTTEN FUNDS, AND DO NOT ALLEGE THE MERCY
FIRST DEFENDANTS ENGAGED IN A PATTERN OF RACKETEERING
ACTIVITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

POINT IV

PLAINTIFF'S TORT CLAIMS FOR MALICIOUS PROSECUTION AND
INTENTIONAL INFLICTION OF EMOTION DISTRESS MUST BE DISMISSED
AS THEY ARE NOT PLED WITH THE REQUISITE PARTICULARLY, AND
BECAUSE THIS COURT SHOULD NOT EXERCISE SUPPLEMENTAL
JURISDICTION WHERE THE FEDERAL CLAIMS GRANTING ORIGINAL
JURISDICTION HAVE BEEN DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . 11

POINT V

    PLAINTIFF SHOULD NOT BE GIVEN LEAVE TO AMEND HER COMPLAINT
    AS ANY SUCH AMENDMENT WOULD BE FUTILE . . . . . . . . . . . . . . . . . . 12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## TABLE OF AUTHORITIES

<u>Cases</u>                                                                    <u>Page</u>

Alfaro Motors, Inc. v. Ward,
814 F.2d 883 (2d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Allen v. New World Coffee, Inc.,
00 Civ. 2610 (AGS), 2002 U.S. Dist. LEXIS 4624 (S.D.N.Y. March 19, 2002) . . . . . . 10

Amadasu v. Ngati,
2006 U.S. Dist. LEXIS 19654, No. 05 Civ. 2585, 2006 WL 842456 (E.D.N.Y. Mar. 27,
2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Am. Mfrs. Mut. Ins. Co. v. Sullivan,,
526 U.S. 40, 143 L. Ed. 2d 130, 119 S. Ct. 977 (1999) . . . . . . . . . . . . . . . . . . . . . . . 4

Annis v. County of Westchester,
136 F.3d 239 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Ashcroft v. Iqbal,
129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Back v. Hastings on Hudson Union Free Sch. Dist.,
365 F.3d 107 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Bell Atlantic Corp. v. Twombly,
550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) . . . . . . . . . . . . . . . . . . . . . 3

Black v. United States,
534 F.2d 524 (2d Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

Blum v. Yaretsky,
457 U.S. 991, 73 L. Ed. 2d 534, 102 S. Ct. 2777 (1982) . . . . . . . . . . . . . . . . . . . . 4, 5

Board of Regents v. Tomanio,
446 U.S. 478, 64 L. Ed. 2d 440, 100 S. Ct. 1790 (1980) . . . . . . . . . . . . . . . . . . . . . . . 6

Discon, Inc. v. NYNEX Corp.,
Docket No. 95-7673, 1996 U.S. App. LEXIS 28747 (2d Cir. August 26, 1996) . . . . . 10

Falise v. American Tobacco Co.,
94 F. Supp. 2d 316 (E.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Fine v. City of New York,
529 F.2d 70 (2d Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

GICC Capital Corp. v. Technology Fin. Group, Inc.,
67 F.3d 463 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Gleason v. McBride,
869 F.2d 688 (2d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Gregory v. Daly,
243 F.3d 687 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 12

Hanig v. Yorktown Cent. Sch. Dist.,
384 F. Supp. 2d 710 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Health-Chem Corp. v. Baker,
915 F.2d 805 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Huszar v. Zeleny,
269 F. Supp. 2d 98 (E.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Jackson v. Metropolitan Edison Co.,
419 U.S. 345, 42 L. Ed. 2d 477, 95 S. Ct. 449 (1974) . . . . . . . . . . . . . . . . . . . . . . . . 5

Keating v. Carey,
706 F.2d 377 (2d Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Koch v. Yunich,
533 F.2d 80 (2d Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

McKinnon v. v. Patterson,
568 F.2d 930 (2d Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Mendlow v. Pennsylvania,
No. 99-7043, 1999 U.S. App. LEXIS 21374 (2d Cir. September 2, 1999) . . . . . . . . . 10

Ostrer v. Aronwald,
567 F.2d 551 (2d Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Ouaknine v. MacFarlane,
897 F.2d 75 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Pauk v. Board of Trustees of the City of New York,
654 F.2d 856 (2d Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Polk County v. Dodson,
454 U.S. 312, 70 L. Ed 2d. 509, 102 S. Ct. 445 (1981) . . . . . . . . . . . . . . . . . . . . . . .  4

Sheppard v. Beerman,
18 F.3d 147 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

Toms v. Pizzo,
4 F.Supp. 2d 178 (W.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

United States v. Reich,
479 F.3d 179 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

West v. Atkins,
487 U.S. 42, 101 L. Ed 2d. 40, 108 S. Ct. 2250 (1988) . . . . . . . . . . . . . . . . . . . . . . .  4

**Statutes and Regulations**

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  *passim*

Fed. R. Civ. P. 8(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7, 12

Fed. R. Civ. P. 15(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

N.Y. Civ. Prac. Law § 214(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

28 U.S.C § 1367(c)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

28 U.S.C. § 1915 (e)(2)(B)(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  *passim*

42 U.S.C. § 1985 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 7, 8

18 U.S.C. § 1512 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

18 U.S.C. § 1513 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

18 U.S.C. § 1961 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 9

18 U.S.C. § 1962 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9, 10, 11

## PRELIMINARY STATEMENT

Defendants DEIDRE REYNOLDS ("Reynolds"), JEANIE CAMBRIA ("Cambria"), ANDREA LOMAX ("Lomax"), SISTERS OF MERCY MERCY FIRST FOSTERCARE ("Mercy First"), and IRA ERAS, ESQ. ("Eras")(collectively "the Mercy First defendants"), submit this memorandum of law in support of their motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the amended complaint of Sandra Morrison-Allen ("plaintiff") and this action. In her amended complaint, the plaintiff *pro se* asserts the following causes of action: deprivation of constitutional rights pursuant to 42 U.S.C. § 1983; conspiracy to deprive civil rights pursuant to 42 U.S.C. § 1985; violations of the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), specifically 18 U.S.C. § 1961; malicious prosecution; and intentional infliction of emotional distress. Plaintiff seeks declaratory, injunctive and monetary relief. (Amended Complaint of Plaintiff is attached to Affirmation in Support as Exhibit "A"). As discussed in detail *infra*, each of these claims must be dismissed as a matter of law for failure to state a claim upon which relief may be granted.

## STATEMENT OF FACTS

In 2001, the New York City Administration for Children's Services ("ACS") commenced neglect proceedings against plaintiff when her son, Stephen Allen, suffered a fractured skull as an infant. (Exhibit "A" at 5, 10). Those proceedings were not resolved until 2005. On or about November 9, 2005, plaintiff's son was placed into foster care by the State of New York, following a finding of neglect. (Exhibit "A" at 3). Apparently, plaintiff was arrested on that day while present for a court proceeding. (Exhibit "A" at 3). Mercy

1

First is the foster care agency who assumed care over plaintiff's son at that time. Ms. Deidre Reynolds is the Director of Mercy First, while Mr. Ira Eras serves as counsel for Mercy First in various matters. Ms. Cambria and Ms. Lomax are or were employees of Mercy First.

Plaintiff's amended complaint alleges generally that "Mercy First...interfered with [her] rights" including her "rights to free speech, equal protection under the law, discrimination, access to the means for legal protection, [and] privacy." (Exhibit "A" at 1-2). Plaintiff also contends that the manner in which her visitation with her son is scheduled amounts to the infliction of cruel and unusual punishment by Mercy First. (Exhibit "A" at 12). Plaintiff further alleges that her son has been physically injured while under the care of Mercy First. (Exhibit "A" at 10-11). The allegations regarding Stephen Allen's injuries are currently the subject of a pending state court action in New York Supreme Court, Queens County, Index No. 1496/08.

With respect to Mr. Eras, plaintiff suggests that he attempted to deny her a fair trial when he objected to plaintiff firing her court appointed attorney during Family Court proceedings. (Exhibit "A" at 13). Plaintiff's other allegations against Mr. Eras simply complain of his in-court advocacy requesting plaintiff undergo mental health treatment as a prerequisite for regaining custody over her son. (Exhibit "A" at 5, 10). Notably, plaintiff makes no specific allegations against Ms. Reynolds, Ms. Lomax, or Ms. Cambria; rather, they are simply noted in the caption and listed as parties in the body of the amended complaint. (Exhibit "A" at 8).

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss

2

a pleading for "failure to state a claim upon which relief can be granted." When considering a motion under Fed. R. Civ. P. 12(b)(6), the "court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). However, in accordance with the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the courts apply a "plausibility standard" to determine whether dismissal pursuant to Rule 12(b)(6) is appropriate. Id. at 560. That standard is guided by "[t]wo working principles." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). While the court must accept as true all factual allegations contained in a complaint, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to guard a claim against dismissal. Id. Second, a complaint must "state[] a *plausible* claim for relief." Id. at 1950 (emphasis added). "Determining whether a complaint [does so] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As detailed below, even accepting plaintiff's factual allegations *arguendo*, the amended complaint still fails to state a cause of action upon which relief may be granted as against the Mercy First defendants. Therefore, the complaint should be dismissed in its entirety as a matter of law.

## POINT I

## THE MERCY FIRST DEFENDANTS ARE NOT STATE ACTORS AND HAD NO PERSONAL INVOLVEMENT IN THE ALLEGED DEPRIVATION OF PLAINTIFF'S RIGHTS;  MOREOVER, PLAINTIFF'S CLAIMS UNDER 42 U.S.C. § 1983 ARE BARRED BY THE STATUTE OF LIMITATIONS

Plaintiff's amended complaint alleges that all defendants, including the Mercy

3

First defendants, violated plaintiff's civil rights; plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Section 1983 provides in pertinent part that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law..."

"To state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49, 143 L. Ed. 2d 130, 119 S. Ct. 977 (1999); See also, West v. Atkins, 487 U.S. 42, 49, 101 L. Ed 2d. 40, 108 S. Ct. 2250 (1988); Polk County v. Dodson, 454 U.S. 312, 317-18, 70 L. Ed 2d. 509, 102 S. Ct. 445 (1981); Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 122 (2d Cir. 2004). Accordingly, Section 1983 "excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" Am. Mfrs. Mut. Ins. Co., 526 U.S. at 49 (quoting Blum v. Yaretsky, 457 U.S. 991, 1002, 73 L. Ed. 2d 534, 102 S. Ct. 2777 (1982)).

It is well settled law that "in order to state a claim under Section 1983, a plaintiff must allege that [ ] the conduct complained of is fairly attributable to a state actor..." Huszar v. Zeleny, 269 F. Supp. 2d 98, 104 (E.D.N.Y. 2003) (citing Annis v. County of Westchester, 136 F.3d 239, 246 (2d Cir. 1998)); See also, Blum, 457 U.S. at 1002. This Court's opinion in Huszar is particularly instructive because that case saw the dismissal of a pro se plaintiff's amended complaint for failure to allege that defendants were state actors. Huszar, 269 F.Supp.2d at 104-05. Similarly, in the instant action,

4

plaintiff makes no assertions in her amended complaint that any of the Mercy First defendants are state actors.

Moreover, as a point of fact, the Mercy First defendants are not state actors. Mercy First is a not-for-profit human service agency. It is in no way controlled or operated by the State. Ms. Reynolds, Ms. Lomax, Ms. Cambria and Mr. Eras are private individuals who, in different capacities, work for that not-for-profit organization. Even accepting all of plaintiff's factual allegations *arguendo*, it remains clear that none of the Mercy First defendants are state actors. A "complaining party must show that 'there is a sufficiently close nexus between the State and the challenged action...so that the action of the [actor] may be fairly treated as that of the State itself." Blum, 457 U.S. at 1004 (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 350, 42 L. Ed. 2d 477, 95 S. Ct. 449 (1974)). In the instant case, there is no nexus between the Mercy First defendants and the State. While Mercy First, as the agency entrusted to provide foster care for plaintiff's son, has an interest in the proceedings brought by ACS against plaintiff, Mercy First was not responsible for the initiation of those proceedings and has no authority as to how those proceedings are conducted. In fact, the arrest and incarceration of which plaintiff chiefly complains in her amended complaint occurred prior to Mercy First ever taking custody of plaintiff's son. Accordingly, plaintiff's cause of action under 42 U.S.C. § 1983 must be dismissed as against the Mercy First defendants because they are not state actors.

Additionally, the cause of action must also fail because the Mercy First defendants had no personal involvement in the alleged deprivation of plaintiff's rights. A complaint is "fatally defective" on its face where plaintiff fails to allege that defendants

5

were "directly and personally responsible for the purported unlawful conduct." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (2d Cir. 1987) (citing Black v. United States, 534 F.2d 524, 527-28 (2d Cir. 1976)). "[P]ersonal involvement of defendants in alleged constitutional deprivations is a pre-requisite to an award of damages under § 1983." Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986) (quoting McKinnon v. v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977)).

In the instant case, plaintiff makes no substantive allegations of any kind against defendants Reynolds, Lomax or Cambria. Plaintiff's allegations against defendant Eras relate only to his courtroom advocacy on behalf of Mercy First, with no statement as to how that advocacy in any way affected her constitutional rights. It then follows that, as Mercy First is a not-for-profit corporation and plaintiff has not pointed to any infringing acts of its representatives, it is impossible for plaintiff to show that Mercy First was "directly and personally responsible" for any deprivation of her rights. Accordingly, because the Mercy First defendants are not state actors, and, in any event, were not personally involved in any deprivation of plaintiff's rights, each and every cause of action brought pursuant to 42 U.S.C. § 1983 must be summarily dismissed with prejudice for failure to state a claim upon which relief may be granted.

Finally, having addressed the merits of plaintiff's claim, it must be noted that plaintiff's cause of action under 42 U.S.C. § 1983 is also barred by the statute of limitations. It is well established law that the timeliness of a Section 1983 action is determined by the most appropriate state statute of limitations. Board of Regents v. Tomanio, 446 U.S. 478, 483-85, 64 L. Ed. 2d 440, 100 S. Ct. 1790 (1980). The Second Circuit has determined that for claims arising in New York under Section 1983, "[t]he

6

most appropriate New York statute is Civ. Prac. Law § 214(2), which provides a three

year limitation period for actions to recover upon a liability created by statute." Keating

v. Carey, 706 F.2d 377, 381-82 (2d Cir. 1983) (citing Pauk v. Board of Trustees of the

City of New York, 654 F.2d 856, 866 (2d Cir. 1981)).  On the face of plaintiff's

complaint, it is clear that the alleged deprivations of plaintiff's rights occurred principally

in relation to Family Court proceedings held in 2001, on November 9, 2005, and on

January 19, 2006. (Exhibit "A" at 4, 5).  The complaint in the instant action was not filed

until February 16, 2010, well after the expiration of the three year statute of limitations

thereby providing an independent basis for dismissal.

## POINT II

### PLAINTIFF'S CLAIM FOR CONSPIRACY TO DEPRIVE CIVIL RIGHTS MUST BE DISMISSED AS THE COMPLAINT DOES NOT ALLEGE CLASS-BASED ANIMUS BY THE MERCY FIRST DEFENDANTS, AND CONTAINS ONLY CONCLUSORY AND VAGUE ALLEGATIONS OF CONSPIRACY

Inasmuch as plaintiff attempts to state a claim for "conspiracy to deprive civil rights,"

presumably under 42 U.S.C. § 1985, that cause of action must also be dismissed for failure

to state a claim upon which relief may be granted.

> In order for [plaintiff's] complaint to state a cognizable claim
> under the pertinent provisions of section 1985, it had to allege
> that [she] was a member of a protected class, that the
> defendants conspired to deprive [her] of [her] constitutional
> rights, that the *defendants acted with class-based, invidiously
> discriminatory animus*, and that [she] suffered damages as a
> result of the defendants' actions.

Gleason v. McBride, 869 F.2d 688, 694-95 (2d Cir. 1989) (emphasis added).  Plaintiff's

complaint does not, and cannot, satisfy these requirements.  Principally, plaintiff's claim

"fails because [she does] not allege any facts that would permit the Court to conclude or

7

infer that the named defendants were conspiring or that [she] was targeted on account of [her] race.  Plaintiff suggests no facts from which the Court or anyone else would be able to infer discriminatory intent on the part of any defendant." Amadasu v. Ngati, 2006 U.S. Dist. LEXIS 19654, No. 05 Civ. 2585, 2006 WL 842456, at *19-*20 (E.D.N.Y. Mar. 27, 2006).  This Court's decision in Amadasu is particularly instructive.  In that case, the Court granted defendants' 12(b)(6) motion and dismissed *pro se* plaintiff's Section 1985 claims for failure to state a cause of action upon which relief may be granted, citing Judicial Procedure Law 28 U.S.C. § 1915 (e)(2)(B)(ii) in support of the holding. See, Id.  This Court should follow Amadasu in the instant matter because plaintiff's complaint is analogously defective.

Additional analysis of plaintiff's Section 1985 claim is difficult given the threadbare factual allegations contained in the amended complaint.  However, this lack of specificity is itself a sufficient basis to warrant dismissal for failure to state a claim upon which relief may be granted.  "[A] complaint consisting [only of] naked assertions, and setting forth no facts upon which a court could find a violation...fails to state a claim under Rule 12(b)(6)." Gregory v. Daly, 243 F.3d 687, 692 (2d Cir. 2001) (internal citations omitted); See also, Fed. R. Civ. P. 8(a).  In the instant case, plaintiff has made no allegations of any kind as against defendants Reynolds, Cambria or Lomax, and the cursory allegations directed at Mercy First and defendant Eras do not involve elements of conspiracy or class-based animus as required to state a cause of action under 42 U.S.C. § 1985.  Moreover, the Second Circuit has repeatedly held that "complaints containing only 'conclusory,' 'vague,' or 'general allegations' of a conspiracy to deprive a person of constitutional rights will be dismissed." Ostrer v. Aronwald, 567 F.2d 551, 553 (2d Cir. 1977) (citing Black v. United

8

States, 534 F.2d 524 (2d Cir. 1976); Koch v. Yunich, 533 F.2d 80 (2d Cir. 1976); Fine v. City of New York, 529 F.2d 70 (2d Cir. 1975)). Accordingly, plaintiff's cause of action termed "conspiracy to deprive civil rights" must be dismissed for failure to state a claim upon which relief may be granted.

## POINT III

### PLAINTIFF'S RICO CLAIMS MUST BE DISMISSED AS AGAINST THE MERCY FIRST DEFENDANTS BECAUSE THE CLAIMS DO NOT ALLEGE ANY INVESTMENT OF ILLGOTTEN FUNDS, AND DO NOT ALLEGE THE MERCY FIRST DEFENDANTS ENGAGED IN A PATTERN OF RACKETEERING ACTIVITY

Plaintiff's amended complaint alleges violations of the RICO Act under 18 U.S.C. § 1961. (Exhibit "A" at 1). In this context, plaintiff also cites 18 U.S.C. §§ 1512, 1513, which deal with obstruction of justice. (Exhibit "A" at 12). As a threshold matter, it is necessary to note that any civil cause of action purportedly rooted in 18 U.S.C. §§ 1512, 1513 must be dismissed as said provisions are strictly criminal statutes and do not give rise to civil actions. See generally, United States v. Reich, 479 F.3d 179 (2d Cir. 2007). Accordingly, one must assume that these criminal statutes are cited to serve as predicate acts for plaintiff's RICO cause of action under 18 U.S.C. § 1961. However, Section 1961 is simply the "Definitions" portion of the RICO Act. Therefore, plaintiff has failed to point to any statute under which she may recover in a civil action.

Should this Court choose to read plaintiff's amended complaint as attempting to assert RICO violations under 18 U.S.C. § 1962, the complaint nevertheless fails to state a cause of action upon which relief may be granted. The Second Circuit has held that "the essence of a violation of § 1962(a) is not commission of predicate acts but

9

investment of racketeering income." Discon, Inc. v. NYNEX Corp., Docket No. 95-7673, 1996 U.S. App. LEXIS 28747, at *22 (2d Cir. August 26, 1996)(quoting Ouaknine v. MacFarlane, 897 F.2d 75, 82-83 (2d Cir. 1990)). Therefore, plaintiffs are required to "allege a 'use or investment injury' that is distinct from the injuries resulting from predicate acts." Id. at *23.

In the instant matter, it is clear from the face of the amended complaint that plaintiff alleges only predicate acts, and even those are made without specificity. (Exhibit "A" at 12). Under 18 U.S.C. § 1962, "[t]he mere fact that defendants may have injured plaintiffs is wholly irrelevant unless the plaintiffs' injury stems from the defendants' use of the racketeering income." Falise v. American Tobacco Co., 94 F. Supp. 2d 316, 348 (E.D.N.Y. 2000)). Accordingly, any claim asserted by plaintiff under 18 U.S.C. § 1962 must fail because "it only alleges injury stemming from the predicate racketeering activity...and not from [defendant's] investment of the allegedly ill-gotten gains." Allen v. New World Coffee, Inc., 00 Civ. 2610 (AGS), 2002 U.S. Dist. LEXIS 4624, at *10 (S.D.N.Y. March 19, 2002). While the Mercy First defendants categorically deny the commission of any predicate acts, these allegations need not even be addressed because plaintiff has not, and cannot, demonstrate the existence of ill-gotten gains, let alone the investment of such funds.

That said, it is still worth noting that plaintiff's amended complaint fails to demonstrate that the Mercy First defendants engaged in a pattern of racketeering activity. "To prove a pattern, a 'plaintiff must plead at least two predicate acts and must show that the predicate acts are related and that they amount to, or pose a threat of, continuing criminal activity.'" Mendlow v. Pennsylvania, No. 99-7043, 1999 U.S. App.

10

LEXIS 21374, at *5 (2d Cir. September 2, 1999) (quoting GICC Capital Corp. v. Technology Fin. Group, Inc., 67 F.3d 463, 465 (2d Cir. 1995)). An "attempt to satisfy the RICO pleading requirements simply by reiterating a laundry list of predicate acts found in the statute or case law will not suffice." Toms v. Pizzo, 4 F.Supp. 2d 178, 183 (W.D.N.Y. 1998).  In the instant case, plaintiff merely lists statutes related to obstruction of justice and insinuates unlawful behavior on the part of all defendants.  However, there are no allegations of any continued criminal activity sufficient to establish a pattern under 18 U.S.C. § 1962.  Accordingly, plaintiff's RICO claims must be dismissed with prejudice as a matter of law.

### POINT IV

**PLAINTIFF'S TORT CLAIMS FOR MALICIOUS PROSECUTION AND INTENTIONAL INFLICTION OF EMOTION DISTRESS MUST BE DISMISSED AS THEY ARE NOT PLED WITH THE REQUISITE PARTICULARLY, AND BECAUSE THIS COURT SHOULD NOT EXERCISE SUPPLEMENTAL JURISDICTION WHERE THE FEDERAL CLAIMS GRANTING ORIGINAL JURISDICTION HAVE BEEN DISMISSED**

"A district court may decline to exercise supplemental jurisdiction over a claim if it 'has dismissed all claims over which it has original jurisdiction.'" Hanig v. Yorktown Cent. Sch. Dist., 384 F. Supp. 2d 710, 725 (S.D.N.Y. 2005) (quoting 28 U.S.C. § 1367(c)(3)).  Plaintiff concedes that there is no diversity of citizenship in the instant matter.  (Exhibit "A" at 6).  Accordingly, as all of plaintiff's federal claims must be dismissed for failure to state a claim upon which relief may be granted, discussed *supra*, the basis for this Court's original jurisdiction has been obviated.  Therefore, this Court should decline to allow plaintiff's state causes of action to go forward.

However, if this Court chooses to consider plaintiff's state causes of action on

11

the merits, they must also be dismissed as a matter of law.  Plaintiff does not plead her state causes of action with any particularity and alleges no facts upon which those causes of action are premised.  Rather, plaintiff simply lists the torts of malicious prosecution and intentional infliction of emotional distress as part of a litany of allegations under the heading "CAUSES OF ACTION."  (Exhibit "A" at 13).  Accordingly, these causes of action must be dismissed under Fed. R. Civ. P. 12(b)(6).

> The level of specificity necessary to state a claim for Rule 12(b)(6) purposes is governed by the Federal Rules of Civil Procedure's notice pleading principles that call for no more than 'a short and plain statement' of a plaintiff's claim. Nonetheless, 'bald assertions and conclusions of law' are not adequate, and 'a complaint consisting [only of] naked assertions, and setting forth no facts upon which a court could find a violation...fails to state a claim under Rule 12(b)(6).'

Gregory, 243 F.3d at 692 (internal citations omitted); See also, Fed. R. Civ. P. 8(a).  In the instant case, plaintiff does no more than name the torts of malicious prosecution and intentional infliction of emotional distress, with absolutely no supporting factual allegations.  Therefore, these causes of action must be dismissed for failure to state a claim upon which relief may be granted.

## POINT V

## PLAINTIFF SHOULD NOT BE GIVEN LEAVE TO AMEND HER COMPLAINT AS ANY SUCH AMENDMENT WOULD BE FUTILE

Fed. R. Civ. P. 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires."  However, where there is no merit to a proposed amendment, the court should deny the request to amend as futile.  Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d Cir. 1990).  In the instant matter, it is clear from the

12

face of plaintiff's amended complaint that the Mercy First defendants are not state actors, did not take any actions against plaintiff rooted in class-based animus, and never invested ill-gotten gains.  No possible amendments to plaintiff's complaint can alter these facts in order to bring the Mercy First defendants under the umbrella of plaintiff's civil rights and RICO claims.  Accordingly, the entirety of plaintiff's complaint should be dismissed for failure to state a cause of action upon which relief may be granted, and no further proposed amendments to the complaint should countenanced.

## CONCLUSION

**WHEREFORE**, for all the foregoing reasons, defendants Deidre Reynolds, Jeanie Cambria,  Andrea Lomax, Sisters of Mercy Mercy First Fostercare, and Ira Eras, Esq. respectfully request that the Court grant the instant motion in its entirety, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
  April 2, 2010

       Respectfully submitted,

       CALLAN, KOSTER, BRADY & BRENNAN
       L.L.P.

       By:
         Warren S. Koster, Esq. (WSK-6753)
         Attorneys for Defendants
         DEIDRE REYNOLDS, JEANIE
         CAMBRIA,  ANDREA LOMAX,
         SISTERS OF MERCY MERCY FIRST
         FOSTERCARE, and IRA ERAS, ESQ.
         One Whitehall Street, 10th Floor
         New York, New York 10004
         (212) 248-8800

13

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                        ss.:
COUNTY OF NEW YORK )

EILEEN GAMBINO, being duly sworn, deposes and says that:

I am not a party to the action, am over 18 years of age and am employed at One Whitehall Street, New York, New York.

On April 2, 2010, I served a true copy of the annexed **MEMORANDUM OF LAW,** by mailing same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address(es) of the party(s) listed below:

SANDRA MORRISON-ALLEN
Plaintiff *Pro Se*
371 First Place
Uniondale, New York 11553

CORPORATION COUNSEL
Attorneys for Defendants
*John Mattingly, Commissioner of ACS;*
*Rachelle Skuol, Esq. for Administration*
*Child Services; Angela Campbell,*
*Caseworker for ACS*
100 Church Street
New York, New York 10007

TRAUB LIEBERMAN STRAUS & SHREWSBURY LLP
Attorneys for Defendant
*Stewart Altman, Esq.*
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532

GARBARINI AND SCHER, P.C.
Attorneys for Defendant
*Erin Galvin, Esq.*
432 Park Avenue South
New York, New York 10016-8013

NEW YORK STATE OFFICE OF ATTORNEY GENERAL
Attorneys for Defendant
*Judge Linda Tally*
200 Old Country Road, Suite 460
Mineola, New York 11501

14

KAUFMAN BORGEEST & RYAN LLP
Attorneys for Defendant
*Dr. Debra Esernio-Jenssen*
120 Broadway, 14th Floor
New York, New York 10271

JOSEPH KASPER, ESQ.
Defendant
94-09 101st Avenue
Ozone Park, New York 11416

_____
EILEEN GAMBINO

Sworn to before me this
2nd day of April, 2010.

_____
Notary Public

Arlene Savarese
NOTARY PUBLIC, State of New York
No. 01SA6146568
Qualified in Richmond County
Term Expires: May 22, 20____

15