UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   10 CIV 0667 (SJF) (ARL)
SANDRA MORRISON-ALLEN,

                Plaintiff,

   -against-

JOHN MATTINGLY, COMMISSIONER OF ACS,
DEIDRE REYNOLDS, DIRECTOR OF MERCY FIRST
FOSTER CARE, JEANIE CAMBRIA MERCY FIRST
FOSTER CARE, STEWART ALTMAN, ESQ., LAW
GUARDIAN FOR CHILD, ERIN GALVIN, ESQ.,
RACHELLE SKUOL, ESQ. FOR ADMINISTRATION
FOR CHILDREN SERVICES, ANGELA CAMPBELL
CASEWORKER FOR ACS, DR. DEBRA ERNERSIO-
JENSSEN, ANDREA LOMAX CASEWORKER,
JOSEPH KASPER, ESQ., IRA ERAS, ESQ., JUDGE
LINDA TALLY, SISTERS OF MERCY MERCY FIRST
FOSTERCARE BOARDING HOMES, and JOHN DOE,

                Defendants.
------------------------------------------------------------------------X

## MEMORANDUM OF LAW OF DEFENDANTS DEIDRE REYNOLDS, JEANIE CAMBRIA, ANDREA LOMAX, SISTERS OF MERCY MERCY FIRST FOSTERCARE, and IRA ERAS IN REPLY TO OPPOSITION FILED BY PLAINTIFF SANDRA MORRISON-ALLEN

Callan, Koster, Brady & Brennan, L.L.P.
Attorneys for Defendants
DEIDRE REYNOLDS, JEANIE CAMBRIA, ANDREA LOMAX,
SISTERS OF MERCY MERCY FIRST FOSTERCARE, and
IRA ERAS
One Whitehall Street, 10th Floor
New York, New York 10004
(212) 248-8800
File Nos.: 910.154030; 400.146040

## INTRODUCTION

This memorandum is submitted by defendants DEIDRE REYNOLDS ("Reynolds"), JEANIE CAMBRIA ("Cambria"), ANDREA LOMAX ("Lomax"), SISTERS OF MERCY MERCY FIRST FOSTERCARE ("Mercy First"), and IRA ERAS, ESQ. ("Eras")(collectively "the Mercy First defendants"), in further support of their motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff's amended complaint, and in reply to the Opposition papers filed by plaintiff Sandra Morrison-Allen ("plaintiff").

As a threshold matter, it is necessary to note that plaintiff has not filed any opposition addressed to the Mercy First defendants. Rather, the only opposition filed by plaintiff specifically indicates that her opposition is filed in response to the motion(s) filed on behalf of defendants Erin Galvin, Esq., Tasha Timol, and Stewart Altman, Esq. However, as plaintiff's time to file opposition in response to the Mercy First defendants' motion to dismiss has long since passed, and because the aforementioned opposition papers contain portions addressing the merits of plaintiff's claims generally, the Mercy First defendants shall address these opposition papers as if filed in response to the Mercy First defendants' motion to dismiss. However, the Mercy First defendants maintain the position that plaintiff has failed to file any opposition to their motion to dismiss, and the Court should grant said motion in its entirety as unopposed. Should the Court choose to read plaintiff's opposition to the motion(s) of defendants Galvin, Timol, and Altman as also filed in opposition to the motion of the Mercy First defendants, plaintiff's arguments are nonetheless unavailing for the reasons discussed herein.

## POINT I

### PLAINTIFF MAY NOT USE HER OPPOSITION PAPERS TO AMEND HER COMPLAINT

It is necessary to note that plaintiff improperly attempts to use her opposition papers as a forum to amend, and expand upon, the causes of action alleged in her complaint. Nowhere in plaintiff's Amended Complaint does plaintiff plead any causes of action arising under the New York State Constitution, or New York Civil Rights Law 40(c). (See, Plaintiff's Amended Complaint, annexed to the Affidavit in Support of Warren S. Koster, dated April 2, 2010, as Exhibit "A"). However, in plaintiff's Memorandum of Law in support of plaintiff's opposition, she alleges such violations, for the first time, on pages 25 through 28.

It is well established that "[i]n considering a motion to dismiss for failure to state a claim, a district court must limit itself to the facts stated in the complaint..." Hayden v. County of Nassau, 180 F.3d 42, 54 (2d Cir. 1999). Here, plaintiff has substantively, and improperly, changed the allegations of her complaint. Plaintiff cannot assert new causes of action in opposition to a motion to dismiss in a veiled attempt to rescue her frivolous action from dismissal. In her amended complaint, the plaintiff *pro se* asserted the following causes of action: deprivation of constitutional rights pursuant to 42 U.S.C. § 1983; conspiracy to deprive civil rights pursuant to 42 U.S.C. § 1985; violations of the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), specifically 18 U.S.C. § 1961; malicious prosecution; and intentional infliction of emotional distress. These, and only these, causes of action are at issue in the Mercy First defendants' motion to dismiss, and plaintiff's attempt to raise new causes of action at this late hour should not be

countenanced.

## POINT II

**PLAINTIFF'S OPPOSITION WHOLLY IGNORES THE OBVIOUS AND DISPOSITIVE FACT THAT THE MERCY FIRST DEFENDANTS ARE NOT STATE ACTORS AND HAD NO PERSONAL INVOLVEMENT IN THE ALLEGED DEPRIVATION OF PLAINTIFF'S RIGHTS**

The only portion of plaintiff's opposition that addresses the requirement that defendants be state actors to support a claim under 42 U.S.C. § 1983 pertains only to defendants who are Law Gaurdians, and otherwise baldly states that "[t]he defendants are state actors, and have acted 'under color of state law.'" (See, Plaintiff's Memorandum of Law in Support of Plaintiff's Affidavit in Opposition, at pg. 17).

It is hornbook law that "[t]o state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49, 143 L. Ed. 2d 130, 119 S. Ct. 977 (1999); See also, West v. Atkins, 487 U.S. 42, 49, 101 L. Ed 2d. 40, 108 S. Ct. 2250 (1988); Polk County v. Dodson, 454 U.S. 312, 317-18, 70 L. Ed 2d. 509, 102 S. Ct. 445 (1981); Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 122 (2d Cir. 2004). Accordingly, Section 1983 "excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" Am. Mfrs. Mut. Ins. Co., 526 U.S. at 49 (quoting Blum v. Yaretsky, 457 U.S. 991, 1002, 73 L. Ed. 2d 534, 102 S. Ct. 2777 (1982)).

Moreover, it is well settled law that "in order to state a claim under Section 1983,

3

a plaintiff must allege that [ ] the conduct complained of is fairly attributable to a state actor..." Huszar v. Zeleny, 269 F. Supp. 2d 98, 104 (E.D.N.Y. 2003) (citing Annis v. County of Westchester, 136 F.3d 239, 246 (2d Cir. 1998)); See also, Blum, 457 U.S. at 1002. This Court's opinion in Huszar is particularly instructive because that case saw the dismissal of a *pro se* plaintiff's amended complaint for failure to allege that defendants were state actors. Huszar, 269 F.Supp.2d at 104-05. Similarly, in the instant case, plaintiff makes no assertions in her amended complaint or in her opposition papers that any of the Mercy First defendants are state actors.

Mercy First is a not-for-profit human service agency. It is in no way controlled or operated by the State. Ms. Reynolds, Ms. Lomax, Ms. Cambria and Mr. Eras are private individuals who, in different capacities, work for that not-for-profit organization. Accordingly, plaintiff's cause of action under 42 U.S.C. § 1983 must be dismissed as against the Mercy First defendants because they are not state actors.

Additionally, the cause of action must also fail because the Mercy First defendants had no personal involvement in the alleged deprivation of plaintiff's rights. A complaint is "fatally defective" on its face where plaintiff fails to allege that defendants were "directly and personally responsible for the purported unlawful conduct." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (2d Cir. 1987) (citing Black v. United States, 534 F.2d 524, 527-28 (2d Cir. 1976)). "[P]ersonal involvement of defendants in alleged constitutional deprivations is a pre-requisite to an award of damages under § 1983." Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986) (quoting McKinnon v. v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977)). Plaintiff's opposition is entirely silent on this crucial issue.

Moreover, plaintiff's opposition is silent as to the fact that her claims are also time barred. It is well established law that the timeliness of a Section 1983 action is determined by the most appropriate state statute of limitations. <u>Board of Regents v. Tomanio</u>, 446 U.S. 478, 483-85, 64 L. Ed. 2d 440, 100 S. Ct. 1790 (1980). The Second Circuit has determined that for claims arising in New York under Section 1983, "[t]he most appropriate New York statute is CPLR § 214(2), which provides a three year limitation period for actions to recover upon a liability created by statute." <u>Keating v. Carey</u>, 706 F.2d 377, 381-82 (2d Cir. 1983) (citing <u>Pauk v. Board of Trustees of the City of New York</u>, 654 F.2d 856, 866 (2d Cir. 1981)). On the face of plaintiff's complaint, it is clear that the alleged deprivations of plaintiff's rights occurred principally in relation to Family Court proceedings held in 2001, on November 9, 2005, and on January 19, 2006. (See, Amended Complaint at 4, 5). The complaint in the instant action was not filed until February 16, 2010, well after the expiration of the three year statute of limitations thereby providing an independent basis for dismissal.

### POINT III

**PLAINTIFF'S OPPOSITION WHOLLY IGNORES THE FACT THAT THE COMPLAINT DOES NOT ALLEGE CLASS-BASED ANIMUS BY THE MERCY FIRST DEFENDANTS, AND CONTAINS ONLY CONCLUSORY AND VAGUE ALLEGATIONS OF CONSPIRACY**

The only portion of plaintiff's opposition that addresses her claims under 42 U.S.C. § 1985, baldly states that "there may be a set a facts provable that in legal contemplation make the conspiracy claim applicable.'" (See, Plaintiff's Memorandum of Law in Support of Plaintiff's Affidavit in Opposition, at pg. 22). However, plaintiff's claim for conspiracy clearly "fails because [she does] not allege any facts that would permit the Court to

5

conclude or infer that the named defendants were conspiring or that [she] was targeted on account of [her] race. Plaintiff suggests no facts from which the Court or anyone else would be able to infer discriminatory intent on the part of any defendant." Amadasu v. Ngati, 2006 U.S. Dist. LEXIS 19654, No. 05 Civ. 2585, 2006 WL 842456, at *19-*20 (E.D.N.Y. Mar. 27, 2006).

Plaintiff's opposition fails to so much as elaborate on the threadbare allegations of conspiracy raised in her complaint. Accordingly, plaintiff certainly has offered nothing to establish how, under any set of facts, her claim of conspiracy may state a claim upon which relief may be granted. "[A] complaint consisting [only of] naked assertions, and setting forth no facts upon which a court could find a violation...fails to state a claim under Rule 12(b)(6)." Gregory v. Daly, 243 F.3d 687, 692 (2d Cir. 2001) (internal citations omitted). Moreover, the Second Circuit has repeatedly held that "complaints containing only 'conclusory,' 'vague,' or 'general allegations' of a conspiracy to deprive a person of constitutional rights will be dismissed." Ostrer v. Aronwald, 567 F.2d 551, 553 (2d Cir. 1977) (citing Black v. United States, 534 F.2d 524 (2d Cir. 1976); Koch v. Yunich, 533 F.2d 80 (2d Cir. 1976); Fine v. City of New York, 529 F.2d 70 (2d Cir. 1975)).

### POINT IV

### PLAINTIFF'S OPPOSITION FAILS TO ADDRESS, IN ANY WAY, THE RICO CLAIMS RAISED IN THE AMENDED COMPLAINT

Nowhere in plaintiff's opposition does she address her claims for relief under the Federal RICO Act. As plaintiff has offered nothing to contest the Mercy First defendants' arguments as to this cause of action, the Court should deem the point conceded and dismiss this cause of action outright. The Court is referred to Point III of

the Memoradum of Law in Support of Defendants Deidre Reynolds, Jeanie Cambria, Andrea Lomax, Sisters of Mercy Mercy First Fostercare, and Ira Eras' Motion to Dismiss Pursuant to FRCP 12(b)(6), for the relevant substantive arguments mandating dismissal of this cause of action.

## POINT V

### PLAINTIFF SHOULD NOT BE GIVEN LEAVE TO AMEND HER COMPLAINT AS ANY SUCH AMENDMENT WOULD BE FUTILE

Fed. R. Civ. P. 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." However, where there is no merit to a proposed amendment, the court should deny the request to amend as futile. Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d Cir. 1990). In the instant matter, it is clear from the face of plaintiff's amended complaint that the Mercy First defendants are not state actors, did not take any actions against plaintiff rooted in class-based animus, and never committed any acts that fall under the umbrella of the Federal RICO statute. No possible amendments to plaintiff's complaint can alter these facts in order to bring the Mercy First defendants within the purview of plaintiff's civil rights and RICO claims. Moreover, plaintiff has already amended her complaint on one occasion, and further futile amendments would only frustrate the efficient use of this Court's resources. Accordingly, the entirety of plaintiff's complaint should be dismissed for failure to state a cause of action upon which relief may be granted, and no further proposed amendments to the complaint should countenanced.

## CONCLUSION

Factual allegations must be enough to raise a right to relief above the speculative level and plaintiff must provide the grounds of his entitlement to relief with more than labels and conclusions. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007). The plaintiff has not done so here, he has failed to state any claim upon which relief may be granted and the Court should grant defendant Kevin P. Barry's Motion to Dismiss the Amended Complaint in all respects.

Dated: New York, New York
      June 21, 2010

                      Respectfully submitted,

                      CALLAN, KOSTER, BRADY & BRENNAN L.L.P.

                      By: _____
                      Warren S. Koster, Esq. (WSK-6753)
                      Attorneys for Defendants
                      DEIDRE REYNOLDS, JEANIE CAMBRIA, ANDREA LOMAX, SISTERS OF MERCY MERCY FIRST FOSTERCARE, and IRA ERAS, ESQ.
                      One Whitehall Street, 10th Floor
                      New York, New York 10004
                      (212) 248-8800

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ss.:
COUNTY OF NEW YORK )

ARLENE SAVARESE, being duly sworn, deposes and says that:

I am not a party to the action, am over 18 years of age and am employed at One Whitehall Street, New York, New York.

On June 21, 2010, I served a true copy of the annexed **MEMORANDUM OF LAW,** by mailing same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address(es) of the party(s) listed below:

SANDRA MORRISON-ALLEN
Plaintiff *Pro Se*
371 First Place
Uniondale, New York 11553

CORPORATION COUNSEL
Attorneys for Defendants
*John Mattingly, Commissioner of ACS;
Rachelle Skuol, Esq. for Administration
Child Services; Angela Campbell,
Caseworker for ACS*
100 Church Street
New York, New York 10007

TRAUB LIEBERMAN STRAUS & SHREWSBURY LLP
Attorneys for Defendant
*Stewart Altman, Esq.*
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532

GARBARINI AND SCHER, P.C.
Attorneys for Defendant
*Erin Galvin, Esq.*
432 Park Avenue South
New York, New York 10016-8013

NEW YORK STATE OFFICE OF ATTORNEY GENERAL
Attorneys for Defendant
*Judge Linda Tally*
200 Old Country Road, Suite 460
Mineola, New York 11501

KAUFMAN BORGEEST & RYAN LLP
Attorneys for Defendant
*Dr. Debra Esernio-Jenssen*
120 Broadway, 14th Floor
New York, New York 10271

Continued on next page

9


JOSEPH KASPER, ESQ.
Defendant
94-09 101st Avenue
Ozone Park, New York 11416

_____
ARLENE SAVARESE

Sworn to before me this
21st day of June, 2010.

_____
Notary Public

MARIA COLAMARINO
Notary Public, State of New York
No. 01CO6008711
Qualified in Queens County
Commission Expires June 15, 20 14