

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

THADDEUS HACKWORTH
Phone: (212) 788-1165
Fax: (212) 788-0940
Email: thackwor@law.nyc.gov

February 16, 2011

**BY ECF**
Magistrate Judge Arlene R. Lindsay
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722-4451

    Re:  Morrison-Allen v. Mattingly, et al.
          No. 10-CV-0667 (SJF) (ARL)

Dear Judge Lindsay:

    I am the Assistant Corporation Counsel now assigned to represent John Mattingly, Rachelle Sukol, and Angela Campbell (collectively, "City Defendants"), who filed a motion to dismiss this action in June 2010 that is currently pending before Judge Feuerstein. I write in opposition to plaintiff's "Motion for Removal, Stay and Injunctive Relief." In that motion, plaintiff seeks the removal of a pending family court proceeding in which plaintiff claims that her constitutional rights are being violated, a stay of that proceeding, and the award of child visitation for herself and her daughter. Plaintiff's motion should be denied on several grounds.

    First, plaintiff has not followed, nor could she follow, the procedure for removal pursuant to 28 U.S.C. § 1446, which, *inter alia*, requires the defendant in a state court proceeding to remove the civil action within 30 days of receiving the initial pleading. The underlying proceeding has been pending for several years, and even if plaintiff could establish grounds for its removal, that time has long passed. Moreover, plaintiff has not filed a notice of removal in the family court proceeding, which, upon information and belief, plaintiff is continuing to actively litigate.

    Second, the family court proceeding is not a removable action pursuant to 28 U.S.C. § 1441, because the federal court would be required to abstain from deciding the claims raised by plaintiff under, *inter alia*, the domestic relations doctrine and the *Younger* abstention doctrine, as set forth below.

    The domestic relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703

(1992). Here, plaintiff's request is "'aimed at changing the results of [an] order[] of child custody,' which the court is required to dismiss under the domestic relations doctrine." *Lomtevas v. Cardozo*, 2006 U.S. Dist. LEXIS 5820, 8-9 (E.D.N.Y. Jan. 31, 2006) (quoting *Rabinowitz v. New York*, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004)). Abstention is particularly urged for cases concerning visitation rights. *See, e.g.*, *Melnick v. Adelson-Melnick*, 346 F. Supp. 2d 499, 506 (S.D.N.Y. 2004); *Neustein v. Orbach*, 732 F. Supp. 333, 339 (E.D.N.Y. 1990), because interfering in such cases would "embroil the federal courts in matters over which the state courts have continuing supervision." *Melnick*, 346 F. Supp. 2d at 506. Because the relief sought here by plaintiff related directly to visitation, and both the New York Supreme Court and appellate courts are available to plaintiff concerning this matter, abstention would be warranted. *See Lomtevas v. Cardozo*, 2006 U.S. Dist. LEXIS 5820, 8-9 (E.D.N.Y. Jan. 31, 2006)

Further, abstention is proper under the *Younger* abstention doctrine. Under the *Younger* abstention doctrine, federal courts generally must abstain from adjudicating federal claims that "involve or call into question ongoing state proceedings." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). *Younger* abstention is proper when: "(1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Diamond "D" Constr. Corp.*, 282 F.3d at 198. Each of these conditions is met with respect to plaintiff's application: (1) there is an ongoing family court proceeding in New York state court; (2) the state has a clear interest in adjudicating custody and visitation matters, *see, e.g.*, *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."); and (3) plaintiff will have a full opportunity to seek review of the family court determination in the New York appellate courts. Therefore, *Younger* abstention would be appropriate. As this Court would have two independent grounds for abstention from deciding the claims plaintiff now seeks to raise, plaintiff's request for the removal of the family court proceeding should be denied.

Third, plaintiff's request for a stay of the family court proceedings should be denied because the Anti-Injunction Act prohibits federal courts from staying proceedings in state court, except as expressly authorized by Congress, or where it is necessary in aid of its jurisdiction, or to protect or effectuate its judgments. 28 U.S.C. § 2283. As none of the exceptions applies in this situation, and the Court is fully capable of deciding the instant action without a stay of the family court proceedings, the Court should deny plaintiff's application for such a stay.

For these reasons, the City Defendants respectfully request that the Court deny plaintiff's "Motion for Removal, Stay and Injunctive Relief," together with such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Thaddeus Hackworth
Assistant Corporation Counsel

cc: Hon. Sandra J. Feuerstein
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, NY 11722-4438
(by mail)

Sandra Morrison Allen
371 First Place
Uniondale, NY 11553
(by mail)

Louis E. Valvo
(by ECF)

Lisa L. Shrewsberry
(by ECF)

William G. Scher
(by ECF)

Jonathan B. Bruno
(by ECF)

Allison T. McCabe
(by ECF)

Derrick J. Robinson
(by ECF)