

11-1613
Allen v. Mattingly

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of June, two thousand twelve.

PRESENT:
        GUIDO CALABRESI,
        GERARD E. LYNCH,
        RAYMOND J. LOHIER, JR.,
           *Circuit Judges.*
_____

SANDRA MORRISON ALLEN,

        *Plaintiff-Appellant,*

    v.                                                  11-1613-cv

JOHN MATTINGLY, Commissioner of ACS, DEIDRE REYNOLDS, Director Mercy First Foster Care, JEANIE CAMBRIA, Mercy First Foster Care, STEWART ALTMAN, Law Guardian for Child, RACHELLE SUKOL, ESQ. for Administration for Children Services, ANGELA CAMPBELL, Caseworker for ACS, DR. DEBRA ERNERSIO-JENSSEN, ANDREA LOMAX, Caseworker, JOSEPH KASPER, Esq., SISTERS OF MERCY MERCY FIRST FOSTERCARE BOARDING HOMES, JOHN DOE, IRA ERAS, ESQ., JUDGE LINDA

MANDATE

MANDATE ISSUED ON 11/21/2012

**TALLY, ERIN GALVIN, ESQ.,**

   *Defendants-Appellees.*[*]

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Sandra Morrison Allen, *pro se*, Uniondale, NY. |
| **FOR DEFENDANT-APPELLEE STEWART ALTMAN:** | Lisa L. Shrewsberry, Traub, Liberman, Straus & Shrewsberry, LLP, Hawthorne, NY. |
| **FOR DEFENDANT-APPELLEES DEIDRE REYNOLDS, JEANIE CAMBRIA, ANDREA LOMAX, SISTERS OF MERCY MERCYFIRST FOSTER CARE BOARDING HOME PROGRAM, and IRA ERAS:** | Michael P. Kandler, Steven M. Kaye, Jr., *of Counsel*, Callan, Koster, Brady, & Brennan, LLP, New York, NY. |
| **FOR DEFENDANT-APPELLEE DEBRA ESERNIO-JENSSEN:** | Jonathan B. Bruno, Alex N. Niederman, Kaufman, Borgeest & Ryan, LLP, New York, NY. |
| **FOR DEFENDANT-APPELLEE JUDGE LINDA TALLY:** | Laura R. Johnson, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY. |
| **FOR DEFENDANTS-APPELLEES JOHN MATTINGLY, RACHELLE SUKOL, and ANGELA CAMPBELL:** | Karen M. Griffin (Francis F. Caputo, *on the brief*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY. |
| **FOR DEFENDANT-APPELLEE ERIN GALVIN:** | William D. Buckley, Garbarini & Scher, P.C., New York, NY. |

_____

[*] The Clerk of Court is respectfully requested to amend the caption as set forth above.

Appeal from the judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Sandra Morrison Allen, proceeding *pro se*, appeals from the district court's March 29, 2011, Opinion and Order dismissing her complaint on the defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review dismissal of a cause of action under Fed. R. Civ. P. 12(b)(1) or 12(b)(6) *de novo*."  *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997).  Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

On appeal, Allen fails to explain why the specific rulings made by the district court were in error, and instead largely

repeats the allegations made in her complaint and makes various broad arguments that her rights were violated by the defendants. We have conducted a *de novo* review of the record and now affirm for substantially the same reasons set forth in the district court's thorough and well-reasoned Opinion and Order.

We reject Allen's argument that the district court erred when it dismissed her action without first permitting her to remove an ongoing proceeding in the Queens County Family Court relating to the custody of her child. Documents attached to Allen's February 2011 notice of removal demonstrate that the proceedings in the Family Court were ongoing since at least November 2010. Allen's removal attempt was thus improper because it was not made within 30 days after she received "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

We have considered all of Allen's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



1

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit